UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO,<br><br>                             Plaintiff,<br><br>          v.<br><br>CENLAR FSB, *et al.*,<br><br>                             Defendants. | No. C13-0602RSL<br><br>ORDER REGARDING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on "Defendants Cenlar FSB and Bayview Loan Servicing, LLC's Joint Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim Upon which Relief Can Be Granted" (Dkt. # 9) and "Plaintiff's Motion to Extend Deadlines" (Dkt. # 28). In her initial complaint, plaintiff asserted various claims arising out of defendants' efforts to foreclose on real property and/or otherwise collect a debt. Defendant Cenlar FSB, the loan servicer, and Bayview Loan Services, LLC, moved to dismiss all of plaintiff's claims. Plaintiff provided some argument in response, but agreed that many of her claims were defective and requested that she be given leave to amend. Dkt. # 12.[1]

---

[1] Plaintiff did, in fact, file an amended complaint on May 22, 2013. Dkt. # 13. The document was filed more than 21 days after service of a motion under Rule 12(b), however, and could not be filed as a matter of course under Fed. R. Civ. P. 15(a)(1). The Court has considered the document as part of plaintiff's response to the motion to dismiss and in support of her request for leave to file an amended complaint.

GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND

Having reviewed the memoranda and exhibits submitted by the parties as well as plaintiff's proposed amended complaint, the Court finds as follows:

### A.  Deed of Trust Act, RCW 61.24.005 *et seq*.

In her initial complaint, plaintiff alleges that neither defendant held the original promissory note when the notice of default was issued by Northwest Trustee Services, Inc. ("NWTS"), on August 27, 2012.  The record evidence, while insufficient to prove this contention, is certainly not enough to disprove the theory that Cenlar, as the loan servicer, did not have actual physical possession of the note at all relevant times.  The Court finds the allegations plausible.  Plaintiff has also alleged that the appointment of NWTS and the beneficiary declaration required by RCW 61.24.030(7) were defective.  Plaintiff asserts that defendants' acts, including these statutory violations, made it difficult for her to determine which entity had the power to modify her loan, causing her expense and additional damage.

Because it may be possible to pursue damages under the DTA even in the absence of a foreclosure sale (see Walker v. Quality Loan Serv. Corp., 308 P.3d 716 (Wn. App. 2013)), leave is hereby granted to amend the complaint to assert a DTA claim.

### B.  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Plaintiff seeks to amend the allegations that support her FDCPA claim.  Because the revised allegations remedy at least some of the deficiencies identified by defendant, leave to amend will be granted.

### C.  Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007).  Section 1681s-2 imposes two responsibilities on "furnishers" of credit information to credit reporting agencies ("CRAs") such as Equifax, TransUnion, and Experian.  A furnisher must not only provide accurate information to the CRA in the first

instance (15 U.S.C. § 1681s-2(a)), it must also investigate and/or correct inaccurate information (15 U.S.C. § 1681s-2(b)).  The duty to investigate and correct arises only after the furnisher receives notice of a dispute from the CRA.  A complaint received directly from the consumer does not trigger the duty to investigate.  Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002) ("A private litigant can bring a lawsuit to enforce § 1681s-2(b), but only after reporting the dispute to the CRA, which in turn reports it to the furnisher.").

Plaintiff's FCRA claim – as stated in both her original complaint and her proposed amended complaint – fails as a matter of law.  To the extent plaintiff is alleging that defendants provided inaccurate and incomplete information to the CRAs, only federal and state agencies can enforce the duties imposed under § 1681s-2(a).  15 U.S.C. § 1681s-2(d).  Plaintiff has not alleged that she lodged a dispute related to defendants' reporting with the CRAs, that the CRAs notified defendants of the dispute, or that any of the obligations set forth in 15 U.S.C. § 1681s-2(b)(1) were triggered.  Plaintiff's FCRA claim – both existing and proposed – fails as a matter of law.  Leave to amend is DENIED.

**D. Washington Consumer Protection Act ("CPA"), RCW 19.86** *et seq.*

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020.  A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  In the proposed amended compliant, plaintiff alleges that Cenlar and the proposed defendants "participated in" identifying Mortgage Electronic Recording Services, Inc., as the beneficiary in the deed of trust even though it did not have actual possession of the note.  Dkt. # 13 at ¶ 56.  None of the identified defendants had a role in the creation of the allegedly

GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND                  -3-

deceptive deed of trust, however. Plaintiff may not hold these defendants liable under the CPA for a non-party's unfair or deceptive act.

Plaintiff has also alleged that Cenlar and NWTS generated, notarized, and/or recorded documents that were either untimely or lacked the proper authorization in order to present the false appearance that they possessed the statutory authority to foreclose on plaintiff's property. She also alleges that Cenlar and NWTS have a practice of initiating foreclosures without proper authority, only generating the necessary paperwork if the homeowner raises questions or a recording becomes necessary. Because plaintiff may be able to show public interest and resulting injury, leave to amend the CPA claim is granted.

**E. Negligent Training and Supervision, Negligence, and Bad Faith**

Plaintiff has abandoned her breach of duty claims and will not be permitted to reassert them in the amended complaint.

**F. Extension of Case Management Deadlines**

Plaintiff requested permission to amend the complaint in May 2013. Because many of the case management deadlines have passed while this motion was pending, a revised case management will be issued.

**G. Leave to Amend**

As discussed above, plaintiff may amend the allegations in support of her DTA, FDCPA, and CPA claims. The proposed FCRA claim would be futile, however, and may not be included in the amended complaint. Leave is also granted to add defendants and claims as set forth in the proposed amended complaint filed on May 22, 2013.

Dated this 4th day of October, 2013.

Robert S. Lasnik
United States District Judge

GRANTING MOTION TO DISMISS AND
GRANTING LEAVE TO AMEND                         -4-