UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO,<br><br>          Plaintiff,<br>vs.<br><br>CENLAR FSB and BAYVIEW LOAN SERVICING, LLC, et al.,<br><br>          Defendants. | NO. 2:13-cv-00602<br><br>MOTION FOR LEAVE TO AMEND PLAINTIFF'S AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR: FRIDAY, MAY 30, 2014 |

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff, by and through the undersigned counsel hereby moves this court for leave to amend Plaintiff's Amended Complaint. In the alternative, Plaintiff prays the Court to allow her to file Supplemental Pleadings pursuant to Rule 15(d), setting out the transaction, occurrence, or event that happened after the date of filing of her First Amended Complaint of October 30, 2013.

**STATEMENT OF FACTS**

1. On April 3, 2013, the Plaintiff filed a complaint with the U.S. District Court for the Western District of Washington.

2. On April 29, 2013, Defendants moved to Dismiss Plaintiffs' Complaint.

MOTION FOR LEAVE TO AMEND - 1

BARRAZA LAW, PLLC
14245-F Ambaum Blvd. SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

3. On October 4, 2013, this Court granted in part and denied in part the Defendants' Motion to Dismiss.

4. On October 30, 2013, the Plaintiff amended her complaint pursuant to the Court's October 4, 2013 Order.

5. Defendants Northwest Trustee Services, Inc., and RCO Legal, PS, answered the amended complaint on January 28, 2014.

6. Defendant Cenlar, FSB answered the amended complaint on February 11, 2014.

7. Defendant Bayview Loan Servicing, LLC answered the amended complaint on February 24, 2014.

8. Defendant Mortgage Electronic Registration Systems, Inc. answered the amended complaint on March 11, 2014.

9. None of the Defendants has sought discovery from the Plaintiff.

10. Soon after the First Amended Complaint was filed, Cenlar began a campaign of sending Plaintiff letters and monthly statements imposing attorney's fees and costs on Plaintiff's loan account. Cenlar declares in its correspondence that it imposed the attorney fees and costs pursuant to "Washington Law." The correspondence continues to present day and reflects Cenlar's clear intent to place Plaintiff's account in a delinquent status, then default, and at imminent risk of foreclosure.

11. Plaintiff sent a Qualified Written Request to Cenlar, FSB in December 2013, which was acknowledged by Cenlar by letter dated January 7, 2014.

12. Cenlar's counsel also responded to the Qualified Written Request on February 10, 2014 and February 28, 2014.

13. Plaintiff's counsel at Barraza Law, PLLC also sent a Request for Information and Notice of Error challenging the posting of attorney fees to Plaintiff's

MOTION FOR LEAVE TO AMEND - 2                         BARRAZA LAW, PLLC
                                                                                14245-F Ambaum Blvd. SW
                                                                                Burien, WA 98166
                                                                                206-933-7861 Fax 206-933-7863

account on March 27, 2014.  No response has been made by Cenlar to these inquiries.

14. To date, Cenlar, FSB continues to charge attorney fees to Plaintiff's account while providing no explanation whatsoever for its practice of billing the Plaintiff for the defendants' fees in this on-going litigation. It remains unclear if Cenlar posted only its attorney fees to Plaintiff's account or the attorney fees incurred and charged by the other Defendants.

15. On January 14, 2014, the new Regulations X and Z came into effect. The new Rules obligate lenders and loan servicers to respond to borrowers inquiries concerning their mortgage loan accounts. Defendant Cenlar violated the new rules by virtue of its continuing effort to place Plaintiff's account in delinquent and default status.

## **LEGAL AUTHORITIES & ARGUMENT**

This Court has held previously that "Courts 'should freely give leave [to amend] when justice so requires.' Fed. R. Civ. P. 15(a)(2). There is a 'strong policy in favor of allowing amendment' after 'considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment.' *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The underlying purpose of Rule 15 is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.' *Lopez v. Smith*, 203 F.3d 1122, 1127." *McDonald v. OneWest Bank*, FSB, 2012 U.S. Dist. LEXIS 21449.

The present motion to amend is being filed six months after the First Amended Complaint was filed. This case is still in the pleading stage, no discovery has been conducted by any of the defendants, and the facts constituting the new violations have been continuing since the filing of the First Amended Complaint. Thus, Plaintiff has not acted in bad faith or dilatory and no resulting prejudice can be discerned from the proposed amendments. *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381 (5th Cir. 1985) (When plaintiff sought to amend the complaint just six months after it filed an action and

had diligently sought discovery in both state court and in federal court proceedings and had asked for the amendment promptly upon discovering the basis for the new allegations, defendants could not claim prejudice due to the untimeliness of the motion or any delay it might cause); *Breakdown Services, Ltd. v. Now Casting, Inc.,* 550 F. Supp. 2d 1123 (C.D. Cal. 2007) (Amendment to add allegations of copyright misuse to an affirmative defense premised on the doctrine of unclean hands, as asserted in the answer, would not be prejudicial to the opposing party, even though the request for leave to amend at a late stage, after 11 months of discovery and only 3 months before trial, showed a lack of due diligence); *Wagner v. Magellan Health Services, Inc.,* 121 F. Supp. 2d 673 (N.D. Ill. 2000) (Leave to amend the complaint to add a claim under the Racketeer Influenced and Corrupt Organization Act was warranted, even though leave was sought in a reply brief opposing a motion for judgment on the pleadings and defendants protested plaintiff's inopportune timing, given defendants' failure to show that they would be prejudiced by the amendment); *Weinberg v. Grand Circle Travel, LCC,* 891 F.Supp.2d 228 (D.Mass., 2012) (Where the plaintiffs filed the second motion to amend three months after oral argument on the defendants' motion to dismiss, eight months after the original complaint, and before the court entered judgment on the defendants' motion to dismiss, amendment was properly granted).

In addition to the issues of timeliness and prejudice, the fact that the party seeking leave to amend could file a new action based on the matters sought to be amended may justify granting leave to amend based on the desirability of resolving all the disputes between the parties in a single action. *Callahan v. Cheramie Boats, Inc.,* 383 F. Supp. 1217 (E.D. La. 1974); *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 14 Fed. R. Serv. 2d 961 (S.D. N.Y. 1970); *Jenn-Air Products Co. v. Penn Ventilator, Inc.*, 283 F. Supp. 591, 12 Fed. R. Serv. 2d 198 (E.D. Pa. 1968); *Studiengesellschaft Kohle mbH v.*

*Novamont Corp.,* 485 F. Supp. 471 (S.D. N.Y. 1980).

Clearly, the violations being alleged in Plaintiff's proposed Second Amended Complaint did not occur until after Plaintiff's First Amended Complaint was filed with the Court. These violations are not only new, but continuing violations of law which are arguably motivated by the Plaintiff's filing her lawsuit. Furthermore, Plaintiff made timely inquiries regarding the new violations for which Defendant Cenlar failed to address. Even though the new violations can be sued upon independently, judicial economy will be served by amendments of the original pleadings. *Advanced Cardiovascular Systems, Inc. v. SciMed Life Systems, Inc*., 989 F. Supp. 1237 (N.D. Cal. 1997) (Amendment of the answer in a patent-infringement suit to assert an inequitable conduct defense was allowed when defendant sought to amend to raise the new theory based on a new set of facts only recently confirmed by it; because the legal theory implicated the rule requiring pleading of fraud with particularity, defendant was entitled to confirm factual allegations before amending to include the inequitable conduct defense); *British Airways Bd. v. National Mediation Bd*., 533 F. Supp. 150 (E.D. N.Y. 1982) (The delay by the employer of more than six months in filing its amended complaint in an action to review the certification of the union by the National Mediation Board was not such as to preclude the amendment when the delay was not undue since the allegations were principally based upon facts revealed in papers filed by the Board in support of its motion for summary judgment and not previously known to the employer); *Gammons v. Domestic Loans of Winston-Salem, Inc.,* 423 F. Supp. 819 (M.D. N.C. 1976) (When the borrower's complaint alleging the violation of the Truth in Lending Act contained the borrower's copy of the loan-disclosure statement furnished by the lender during the course of the transaction, but the lender's brief contained the lender's copy of the loan-disclosure statement, which copy differed from the borrower's copy, and the

borrower first became aware of the discrepancy upon receipt of the lender's brief, the borrower's motion to amend the complaint to allege the discrepancy between the lender's copy of the loan-disclosure statement and the borrower's copy would be granted).

As a practical matter, if the new violations are not addressed, Plaintiff would not be able to continue the litigation as she must pay attorney's fees as incurred by one or more of the defendants. This will result in denial of access to court as well as a virtual certainty of default and foreclosure of Plaintiff's home.

### **CONCLUSION**

For all of the foregoing factual reasons and legal citations, Plaintiff prays the Court to allow her to amend her complaint as set forth in the the attached Second Amended Complaint to this Motion.

DATED this 13th day of May, 2014.

/s/ *Vicente Omar Barraza*
Vicente Omar Barraza, WSBA # 43589
Attorney for Plaintiff Leticia Lucero
BARRAZA LAW, PLLC

/s/ *John R. Laris*
John R. Laris, WSBA # 44406
Attorney for Plaintiff Leticia Lucero
BARRAZA LAW, PLLC

/s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 21793
Attorney for Plaintiff Leticia Lucero
GRAND CENTRAL LAW, PLLC
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
youremylawyer@gmail.com