UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE COURTHOUSE

| | |
|---|---|
| LETICIA LUCERO,<br><br>Plaintiff,<br><br>vs.<br><br>CENLAR FSB and BAYVIEW LOAN SERVICING, LLC, et al.<br><br>Defendants. | CASE NO.: 2:13-cv-00602-RSL<br><br>Assigned to: Hon. Robert S. Lasnik<br><br>DEFENDANTS CENLAR, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., JENNIFER DOBRON, and NANCY K. MORRIS'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>Note on Motion Calendar: August 22, 2014 |

Defendants Cenlar, FSB, Mortgage Electronic Registration Systems, Inc., Jennifer Dobron, and Nancy K. Morris ("Defendants") hereby submit their reply to plaintiff Leticia Lucero's ("Plaintiff") Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"):

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Plaintiff's Arguments Concerning the Alleged Violation of DTA by Defendants Fail.**

1. <u>Plaintiff's Opposition Disregards the Effect of Her Own Acknowledgment of Cenlar's Authority to Act as the Deed of Trust Beneficiary.</u>

In her Opposition, Plaintiff argues that Defendants violated RCW §§ 61.24.005(2) and 61.24.010(2) because Cenlar did not meet the statutory definitions of the "note holder" and/or the

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 1 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

"beneficiary." This argument fails to acknowledge that Plaintiff's actions equitably estop her from challenging Cenlar's authority to act as the beneficiary.

Equitable estoppel applies where the plaintiff acts in a manner that is inconsistent with the claim he/she subsequently asserted, the defendant acted or changed its position in reliance on such action, and such action by the plaintiff results in injustice to the defendant. *Syrovy v. Alpine Res., Inc.*, 80 Wash.App. 50, 52-53, 906 P.2d 377, 378 (1995). These elements are met here. Plaintiff readily acknowledges that she gladly accepted a permanent loan modification from Cenlar <u>and performed thereunder</u> by submitting her modified monthly payments <u>to Cenlar</u> in 2013 and 2014. (Opp., p.p. 4-5, ln. 27-5.) Thus, if Plaintiff believed that Cenlar had the authority to modify the terms of her loan, she must necessarily have acknowledged Cenlar's authority to enforce other provisions of the same contract. *See, Thurman v. Wells Fargo Home Mortg.*, 2013 WL 3977622 at **3-4 (W.D. Wash. 2013). Moreover, because by accepting Cenlar's authority to modify her loan, Plaintiff caused Cenlar to bring her account current, terminate the pending foreclosure process, and actually modify the terms of her loan, she is now equitably precluded from challenging Cenlar's authority. *Syrovy* at 52-53, 378; *Bond v. Wiegardt*, 36 Wash.2d 41, 53, 216 P.2d 196, 202 (1950).

2. <u>In Addition, Plaintiff Misconstrues the Provisions of the DTA</u>.

Without citing to any legal authority, Plaintiff seems to argue that only the <u>actual owner</u> of the underlying debt can act as the "beneficiary" or the "note holder." This argument is incorrect. RCW § 61.24.005(2) defines "beneficiary" as "the holder of the instrument or document evidencing the obligations secured by the deed of trust."[1] Nothing in this statutory definition limits "beneficiaries" to the holders of instruments <u>for their own benefit</u>, i.e., actual owners. In fact, the Washington Supreme Court acknowledged that it is proper for <u>agents</u> to represent the rights of the loans' actual owners. *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wash.2d 83, 106-107, 285 P.3d 34, 45 (2012); *see also, Trujillo v. Nw. Tr. Servs., Inc.*, 326 P.3d 768, 775 (Wash. Ct. App. 2014); *Stafford v. SunTrust Mortgage Inc.*,

---

[1] Interpreting this provision, courts have concluded that "beneficiary" under the DTA means the "actual holder of the promissory note." *Bain v. Metro. Mortgage Grp., Inc.*, 175 Wash.2d 83, 101, 285 P.3d 34, 43 (2012).

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 2 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

2014 WL 3767479 at *3 (W.D. Wash. July 31, 2014).[2] Thus, because Plaintiffs did not allege any facts to demonstrate that Cenlar's actions were unauthorized, her argument fails.

Similarly, Plaintiff's factually unsupported argument that Defendants misrepresented MERS's authority to act as beneficiary under the Deed of Trust ("DOT") (as nominee of the original lender and lender's successors and assigns) and to execute the Assignment of DOT ("Assignment") to Cenlar is incorrect, as it misconstrues case law interpreting MERS's authority to act in Washington as an agent for the beneficiary. While it is true that the Washington Supreme Court found that MERS does not meet the RCW § 61.24.005(2) definition of "beneficiary" when it is not the note-holder, the Court did not invalidate the deed of trust as a result of MERS's designation and did not suggest that designation of MERS as beneficiary in a nominee capacity was somehow improper. *Bain,* at 98-99, 114 and 34, 41-42; *see also, Walker v. Quality Loan Serv. Corp.*, 176 Wash.App. 294, 322, 308 P.3d 716, 728 (2013). Indeed, the Court <u>acknowledged</u> that MERS can act as the beneficiary's agent and to execute assignments in such capacity.[3] And although on the limited record before the Washington Supreme Court it did not appear that MERS had a principal for whom it was acting, which the Court held, if true, could be deceptive, on a complete record on remand, the trial court found that MERS was a valid agent. *See Bain v. Metro. Mortg. Grp. Inc.*, 2013 WL 6193887 at *5 (Wash. Super. 2013) ("While Deutsche Bank owned the note, it gave IndyMac the authority to modify and foreclose on the loan and use MERS as an agent. That's what it looks like from the documents I see.") This finding is consistent with the long standing Washington law. *See, Carr v. Cohn*, 44 Wash. 586, 588 (1906); *Andrews v. Kelleher*, 124 Wash. 517, 534-36 (1923); *see also, Estribor v. Mountain States Mortgage*, 2013 WL 6499535 at *3 (W.D. Wash. Dec. 11, 2013) ("On this issue, the Court is not convinced that MERS's assignment…

---

[2] This interpretation is supported by the pertinent provisions of the Uniform Commercial Code ("UCC,") on which the *Bain* court relied when rendering its decision. *Bain*, at 104, 44. These provisions unequivocally establish that persons other than the owner of the negotiable instrument (such as promissory note) have the right to enforce it. *See,* RCW § 62A.3-301 (and comments to § 3-301); § 62.A-3-203 and comments thereto ("The right to enforce an instrument and ownership of the instrument are two different concepts. A thief who steals a check payable to bearer becomes the holder of the check and a person entitled to enforce it, but does not become the owner of the check.") *See also, Trujillo*, at 779.

[3] *Bain*, at 106, 45 ("MERS argues that lenders and their assigns are entitled to name it as their agent… That is likely true and nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note. Washington law, and the deed of trust act itself, approves of the use of agent.")

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 3 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

was unfair, deceptive, or in violation of public interest."); *Zhong v. Quality Loan Serv. Corp. of Washington*, 2013 WL 5530583 at * 3 (W.D. Wash. Oct. 7, 2013).

It is thus evident that Plaintiff's challenge to MERS's designation on the DOT constitutes a red herring. Not only MERS's designation does not, as a matter of law, invalidate the DOT, MERS was properly disclosed to Plaintiff as a nominee for a disclosed principal on the DOT. There is simply nothing unfair or deceptive about that. *Estribor,* at *3. Moreover, Plaintiff's challenge to MERS's execution of the Assignment fails because she did not allege any facts indicating that MERS was unauthorized to execute it as an agent. Even if Plaintiff could allege such facts, however, her contentions would still fail because (1) she lacks standing to challenge the recording of the Assignment[4] and (2) her allegations do not effectively challenge Cenlar's authority to act as the DOT beneficiary.

Washington does require the recording of assignments of deed of trust. *See, Petheram v. Wells Fargo Bank*, 2013 WL 4761049 at *4 (W.D. Wash. Sept. 3, 2013). This is because assignments are recorded for constructive notice purposes only, to "put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property." *Corales v. Flagstar Bank, FSB*, 822 F.Supp.2d 1102, 1109 (W.D. Wash. 2011); *In re United Home Loans*, 71 B.R. 885, 891 (W.D.Wash.1987). Instead, as explained in *McDonald v. OneWest Bank, FSB*, 929 F.Supp.2d 1079, 1088 (W.D. Wash. 2013), the "authority to issue the statutory notice of default and/or to appoint a successor trustee hinges on its actual physical possession of the original signed promissory note." As such, because the act of recording of the Assignment was not necessary to proceed with foreclosure, even if Plaintiff could allege facts indicating that MERS was unauthorized to record the Assignment and the Assignment itself would have to be voided, Plaintiff would still have to allege facts indicating that Cenlar did not qualify as the beneficiary under § 61.24.005(2), which she did not do.

---

[4] "[B]orrowers, as third parties to the assignment of their mortgage ... cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands." *Borowski v. BNC Mortg. Inc.*, 2013 WL 4522253, *5 (W.D.Wash. Aug.27, 2013); *see also, JPMorgan Chase Bank, N.A. v. Steherenberger*, 2014 WL 17111765, *4 (Wn. Ct. App. 2014); *Ukpoma v. U.S. Bank, N.A.*, 2013 WL 1934172, *4 (E.D. Wash. 2013). And Washington law provides that absent direct notice of the assignment to the borrower, that borrower is never at risk of paying twice based on an assignment because the "recording of an assignment of a mortgage is not in itself notice to the mortgagor, his or her heirs, assigns or personal representatives, to invalidate a payment made by any of them to a prior holder of the mortgage." RCW § 65.08.120.

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 4 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

Finally, Plaintiff's reliance on *Knecht v. Fidelity Natl. Title Ins. Co.*, 2014 WL 4057148 (W.D. Wash. Aug. 14, 2014) is misplaced. Initially, it should be noted the *Knecht* court was focused on surplus language in the assignment – never given to nor seen by the borrower – suggesting that MERS was transferring the note with the deed of trust, even though MERS never held the note. *Id.* at *3.[5] By contrast, the Assignment here has no such language about the note, making *Knecht* inapposite. Further, the *Knecht* court ruled in the context of motions for summary judgment, where the defendants were required to prove that Deutsche Bank was the beneficiary. *See, Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Unlike in *Knecht*, Defendants here do not have to prove MERS's authority to execute the Assignment; rather, they are only required to point out that Plaintiff failed to allege sufficient facts to demonstrate that MERS was unauthorized to do so. Lastly, to the extent that the *Knecht* appears to have required the defendant to prove its status as the deed of trust beneficiary, that decision would improperly shift the burden of proof to the defendants, effectively transferring a lawsuit brought by a defaulted borrower to challenge the non-judicial foreclosure process into a judicial foreclosure proceeding. *Knecht*, at **4-5.[6] While imposition of such a requirement might be proper on summary judgment, there is absolutely no authority for such burden shifting at trial, let alone in a FRCP 12(b)(6) motion to dismiss.

3. <u>Plaintiff Misunderstands the Effect of Recording of the Appointment of Successor Trustee and of the Assignment.</u>

In her Opposition, Plaintiff also purports to argue that it was improper for NWTS to record the Appointment of Successor Trustee ("Appointment") and Assignment because, according to Plaintiff, these documents were prepared and recorded "in preparation for foreclosure" (Opp., p. 5, ln. 21-23) and "affected Plaintiff's title." (Opp., p. 6, ln. 18-19.) This argument fails for at least two reasons.

---

[5] *Compare In re Lopez*, 446 B.R. 12, 19 n.34 (D. Mass. Bankr. 2011) ("Although the Assignment contains language purporting to assign both the Note and Mortgage, MERS lacked an assignable interest in the Note. While this surplusage evidences poor drafting, it does not affect the validity of MERS's assignment of the Mortgage.")

[6] The *Knecht* court observed that: "it is the beneficiary, not the borrower, who can be expected to possess evidence that it is the holder or owner of a promissory note. The court finds it unlikely that a Washington court would burden the borrower alone with providing that evidence..." *Id.* at *5, fn. 3 (citing to *Bain*, at 111, 47-48).

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 5 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

First, Plaintiff's belief that the Assignment and the Appointment were prepared in connection with foreclosure is, as a matter of law, unsubstantiated. Foreclosure is effectuated by issuing the Notice of Default and the recording of the Notice of Trustee's Sale, not the documents of which she complains. *See,* RCW §§ 61.24.030, 61.24.031, 61.24.040.[7]

Second, neither the Appointment nor the Assignment affect Plaintiff's title to the Property. Washington follows the "lien theory" of mortgages. *See,* Weaver & Stoebuck, 18 Wash. Prac., Real Estate § 17.2 (2d ed.); *Kezner v. Landover Corp.*, 87 Wash.App. 458, 463, 942 P.2d 1003, 1006 (1997); *Bain,* at 92-93, 38. As a result, by executing the promissory note and the DOT, Plaintiff granted Defendants a lien on the Property, while retaining title thereto. *Id.* Accordingly, the recording of the Assignment did not affect Plaintiff's title, but merely provided constructive notice to prospective purchasers of the transfer of the lien to Cenlar. *Corales,* at 1109; *In re United Home Loans,* at 891. Similarly, the purpose of the Appointment was to merely substitute the original trustee under the Deed of Trust. RCW § 61.24.010(2). <u>None of these two documents had any effect on Plaintiff's title</u>.

Based on the foregoing, Plaintiff's next argument concerning "<u>dual-tracking</u>," which is also predicated on the execution of the Assignment and the Appointment also fails. "Dual-tracking" is defined as proceeding with the foreclosure process while, at the same time, negotiating a loan modification. *Singh v. Fed. Nat. Mortgage Ass'n,* 2014 WL 504820 at *5 (W.D. Wash. Feb. 7, 2014). Thus, because the recording of these docuemnts did not constitute a foreclosure proceeding, Plaintiff's argument is, as a matter of law, incorrect. Furthermore, contrary to Plaintiff's argument (Opposition, p.p. 14-15, ln. 17-3), the Assignment and the Appointment were not recorded after Plaintiff's loan had been reset – they were both recorded <u>before</u> Plaintiff's loan was modified. (See, Exhibits 7, 8, and 24 to Motion for Leave.)[8]

Lastly, Plaintiff's arguments in support of her contentions of "robo-signing" (Opp. p.14, ln. 17-21) are improper. Initially, as explained in the underlying Motion, Plaintiff lacks standing to challenge

---

[7] Indeed, Judge Coughenour in *Bain* (before it was submitted to the Washington Supreme Court) referred to these as "ministerial acts." *See Bain v. Metro. Mortg. Grp. Inc.*, 2010 WL 891585, *4 n.5 (W.D. Wash. 2010) (assignments and appointment of trustee "mere ministerial acts" not involving discretion).
[8] Similarly, since Plaintiff cannot state a viable claim for dual-tracking, her arguments in support of to her claim for outrage (Opp., p. 19, ln. 4-7), which are predicated on the allegations of dual tracking, fail as well.

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 6 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

the purported "robo-signing." Moreover, Plaintiff's reliance on *Klem v. Washington Mutual Bank*, 176 Wn.2d 771, 295 P.3d 1179 (2013) is misplaced, as the *Klem* court did not address the issue of "robo-signing." Instead, the Court concluded that "the act of <u>false dating</u> by a notary employee of the trustee in a nonjudicial foreclosure is an unfair or deceptive act or practice and satisfies the first three elements under the Washington CPA." *Id.* at 794-95, 1191 (emphasis added). No such allegation is made here.[9]

4. <u>Finally, Plaintiff's Arguments Lack Merit Because Plaintiff Cannot Demonstrate That She Was in any Way Injured by the Purported Violations.</u>

Plaintiff's challenge to the foreclosure process fails because Plaintiff did not and cannot allege that she was in any way damaged by Defendants' actions. Plaintiff did not and cannot dispute that she failed to make her regular monthly payments on the loan, thus defaulting on her contractual obligations. Accordingly, she cannot complain about the commencement of the foreclosure process.

Moreover, even if the Court were to assume, for purposes of this argument only, that Plaintiff's contentions were correct and that Defendants misrepresented their authority to act, Plaintiff's claims would still fail because she did not and cannot demonstrate that she was damaged.

One of the purposes of the DTA is to prevent the trustees from wrongfully foreclosing on defaulted loans. *Bain*, at 94, 39. This purpose is made evident in RCW § 61.24.163(c), which demonstrates the Legislature's preference for informal work out agreements between lenders and borrowers.[10] Here, Plaintiff readily admits that this purpose of the Act had been satisfied –the foreclosure process had been terminated and her loan had been successfully modified. As such, Plaintiff cannot demonstrate that she was in any way damaged by the purported violations of the DTA.

To the extent that Plaintiff argues that she should be entitled to recover monetary damages for the sums she claims to have been forced to expend as a result of Defendants' alleged misconduct, her argument fails because she is precluded from claiming such damages in this action. As explained in *McDonald supra*, at 1089, "a claim for damages arising from violations of the procedures set forth in

---

[9] Furthermore, in *Klem*, the plaintiff provided proof of damages at trial. *Id.*
[10] "If an affordable loan modification is not offered in the mediation or a written agreement was not reached and the mediator's certification shows that the net present value of the modified loan exceeds the anticipated net recovery at foreclosure, that showing in the certification constitutes a basis for the borrower to enjoin the foreclosure." RCW § 61.24.163(c)

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 7 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

the DTA does not arise unless and until a foreclosure sale occurs. Until that time, a borrower's only remedy under the DTA is to seek to enjoin the sale." *See also,* RCW § 61.24.130. While Plaintiff argues that case law in Washington suggests that currently there is dispute as to whether or not she is entitled to bring a claim for monetary damages for wrongful foreclosure under the DTA (*see, e.g., Walker, supra,* at 307, 721), this argument does not help Plaintiff for at least three reasons. First, as recognized in *Frias v. Asset Foreclosures Servs., Inc.*, 2013 WL 6440205 at **1-2 (W.D. Wash. Sept. 25, 2013), the Supreme Court of Washington has not yet addressed this issue and, therefore, the case law cited by Plaintiff is not binding on this Court.

Second, the decision initially issued in *Walker* (and subsequently relied upon on in *Bavand v. OneWest Bank, F.S.B.*, 176 Wash. App. 475, 497, 309 P.3d 636, 647 (2013)), misinterprets the provisions of RCW § 61.24.127. In *Walker*, the court, found that "[n]othing in the 2009 amendment [i.e., § 61.24.127] requires that the violation resulted in the wrongful sale of the property...." *Walker*, at 307, 721. This finding completely misconstrues the provisions of § 61.24.127, which clearly limits claims for monetary relief to situations where the trustee's sale had already occurred:

- "[t]he claim must be asserted or brought within two years from the date of the foreclosure sale..." RCW § 61.24.127(2)(a).
- "[t]he claim may not affect in any way the validity or finality of the foreclosure sale..." RCW § 61.24.127(2)(c).
- "...related to the real property foreclosed upon..." RCW § 61.24.127(2)(d).
- "[t]e claim may not operate in any way to encumber or cloud the title to the property that was subject to the foreclosure sale..." RCW § 61.24.127(2)(e).

In addition, the *Walker* decision seems to offer the defaulted borrower an option to proceed with a claim for monetary damages along with his or her effort to enjoin the pending foreclosure sale, which result is prohibited by the statutory language. *See*, RCW §§ 61.24.127(2)(b) and 61.24.130.

Third, Plaintiff's argument fails because, even if Plaintiff were authorized to proceed with her claims for damages, she is still required to plead (and subsequently prove) facts demonstrating that she suffered actual damages resulting from the alleged violations of the DTA. RCW § 61.24.127(2)(f). Here, as explained in the underlying Motion and above, she did not and cannot allege such facts.

///

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page **8** of **12**

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

**B. Plaintiff's Arguments Supporting Her CPA Claim Demonstrate That Plaintiff Cannot Allege That She Suffered Damages as a Result of Plaintiff's Conduct.**

To state a CPA, Plaintiff was required to allege facts demonstrating that Defendants' conduct caused her injury. In her Opposition, Plaintiff contends that "the misrepresentation of Cenlar's status as beneficiary of her Deed of Trust is part and parcel of the chain of events that contributed to her delinquency status and jeopardize her home once again where her damages range from wrongful inflation of the amounts she is legally asked to pay within the loan, to time loss, resources spent, mental anguish and fear...." (Opp., p. 22, ln. 19-23). In support of this contention, Plaintiff cited to paragraphs 58, 63, 64, 70, 75, 77-82, and 102 of her SAC. (Opp., p. 22, ln. 23-24.) A review of these paragraphs demonstrates the fallacy of Plaintiffs' argument and proves that Plaintiff cannot allege that she suffered any injury under the CPA as a result of Defendants' purported misconduct.[11] Consequently, because Plaintiff cannot allege that she was damaged by (1) the commencement of the foreclosure process, (2) Cenlar's representation as beneficiary, (3) MERS's designation in the DOT and/or execution of the Assignment, and (4) execution of the Appointment, Plaintiff's claims for DTA and CPA violations fail.[12]

///

---

[11] In ¶ 58, Plaintiff claims that her damages included diminution of the value of subject property and Plaintiff's credit rating, which was caused by the defendants' marking "Plaintiff's homestead as subject to foreclosure." However, these damages, if any, were caused by Plaintiff's undisputed failure to make her regular monthly payments on the loan and not by Cenlar's post-default designation in the Notice of Default and/or by the recording of the Assignment and/or Appointment. *See, e.g., Sholiay v. Fed. Nat. Mortgage Ass'n*, 2013 WL 5569988 at *7 (E.D. Cal. Oct. 9, 2013). In addition, any claim Plaintiff may have with respect to the credit reporting is preempted by FCRA. *See, Dvorak v. AMC Mortgage Servs., Inc.*, 2007 WL 4207220 at **4-5 (E.D. Wash. Nov. 26, 2007). ¶¶ 63 and 64 relate to Plaintiffs' QWR claims and not to Cenlar's alleged misrepresentation of status as the beneficiary. ¶ 70 deals with the alleged negative credit reporting <u>after</u> the execution of the permanent loan modification agreement on April 2, 2013. ¶ 75 constitutes a mere assertion that Defendants are liable to Plaintiff for the alleged FDCPA violations. ¶¶ 77-82 do not refer to any alleged damages Plaintiff claims to have suffered. ¶ 102 deals with alleged distress caused by including attorneys' fees into Plaintiff's monthly statements <u>after</u> Plaintiff commenced this lawsuit.

[12] In addition, to the extent that Plaintiff seeks to add a claim for violation of RCW § 61.24.135(2) by contending that Defendants made a misrepresentation in the declaration contained in the Notice of Default (Opp., p. 3, ln. 7-19), <u>which contention was not contained in the body of the SAC</u>, her claim fails. § 61.24.135(2) provides that "[i]t is an unfair or deceptive act... and an unfair method of competition in violation of the consumer protection act... for any person or entity to: ... fail to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031." However, Plaintiff does not assert that Defendants failed satisfy the initial contact requirement; instead, she argues that she requested to have a meeting with the beneficiary. Accordingly, her claim fails. (Also, given that her loan was modified, she again cannot demonstrate any damages.)

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 9 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

### C. Plaintiff's Argument Demonstrates That She Cannot Allege a FDCPA Violation by Defendants.

As explained in the underlying Motion, Western District of Washington permits claims for FDCPA violations against foreclosure trustees, deed of trust beneficiaries, and/or loan servicers only under 15 U.S.C. § 1692f(6). *See, Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1229, fn. 8 (W.D. Wash. 2013); *McDonald, supra,* at 1096; *Walker, supra,* at 316, 725. As further explained in the underlying Motion (assuming that Plaintiff can assert that Defendants are "debt collectors,") Plaintiff did not allege any facts a violation of § 1692f(6) by Defendants. In her Opposition, Plaintiff did conceded that she does not intend to allege a violation of § 1692f(6). (*See,* Opp., p.p. 2 and 3- clarifying that Plaintiff claims a violation of § 1692e(2).) As such, the claim fails as a matter of law.

In addition, Plaintiff's argument demonstrates that she cannot allege a violation of § 1692e(2). § 1692e(2)(A) prohibits false representation of the "character, amount, or legal status" of debt. <u>In her Opposition</u>, Plaintiff asserts that Defendants violated these provisions by issuing a Notice of Default. However, Plaintiff did not explain why she believes that these provisions were misrepresented. This defect is fatal because Defendants <u>did not</u> misrepresent the "character, amount, or legal status" of her debt; rather, they accurately represented the <u>amount of her arrearage, including fees and costs</u>.

Moreover, Plaintiff did not explain in her Opposition why she believes that inclusion of trustee's fees in the Notice of Default constitutes a violation of § 1692e(2)(B). This failure is also significant given that RCW § 61.24.090(1) permits recovery of reasonable trustee's fees.

### D. Plaintiff Did Not Demonstrate That Cenlar Failed to Respond to Plaintiff's Requests for Information.

After Defendants pointed out in their Motion that Cenlar properly responded to Plaintiff's QWR, in her Opposition, Plaintiff asserted that Defendants failed to respond to the QWR in a "complete manner" (Opp., p. 4, ln. 26) because they "ha[ve] not once provided a breakdown of the [attorneys'] fees incurred." (Opp., p. 9, ln. 18.) However, a review of Plaintiff's QWR demonstrates that Plaintiff <u>did not request a breakdown of attorneys' fees from Cenlar</u>. (*See,* Plaintiff's Ex. 10 to Motion for Leave.) (It should be further noted that Cenlar provided a response to Plaintiff's demand for explanation on June 18, 2014; however, because this letter was not attached as an exhibit to the SAC, Defendants' counsel did not feel that it was proper to address it in Defendants' Motion.)

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 10 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

Further, as explained in the underlying Motion, because Plaintiff's Notice of Error and Request for Information (Exs. 19 and 20 to Motion for Leave) were substantially similar to her QWR, no response by Cenlar was necessary. *See,* 12 C.F.R. §§ 1024.35(g) and 1024.36(f). Plaintiff did not address this argument, claiming that the argument is not worthy of an answer. (*See*, Opp., p. 16, fn. 5.)

E.   **Plaintiff's Argument Regarding Imposition of Attorneys' Fees Disregards the Language of the DOT and of the Loan Modification Agreement.**

As explained in the underlying Motion, the covenant of good faith and fair dealing does not preclude the parties from exercising their rights under the actual contract. As also explained in the Motion, the loan modification agreement reaffirmed the loan documents, including the DOT, which permitted the recovery of attorneys' fees by Defendants. (Ex. 24 to Motion for Leave, §4, ¶E.) While in her Opposition, Plaintiff challenges the applicability of ¶26 of the DOT to the inclusion of the attorneys' fees on monthly statements by Cenlar, which paragraph was quoted in the Motion, Defendants' counsel inadvertently failed to cite to ¶9 of the DOT in the moving papers. This paragraph unequivocally permits Cenlar's actions.[13] Accordingly, Plaintiff's argument fails.

F.   **Plaintiff's Attempt to Ask for Rule 11 Sanctions Is Improper.**

Considering the lack of merit to Plaintiff's claims, Plaintiff's references FRCP 11 in her Opposition are not well taken. These arguments are improper, meritless, and have no place in the Opposition.

Notwithstanding Plaintiff's failure to satisfy the safe harbor provision,[14] the request should also be denied because the arguments offered by Plaintiff lack legal merit. Plaintiff initially contends that Defendant's counsel violated its ethical obligations to disclose case law recognizing a cause of action for monetary damages for wrongful foreclosure under the DTA. (Opposition, p.p. 11-12.) This argument should be rejected for at least two reasons. First, although attorneys have obligations to

---

[13] (FAC, Ex. 15, p. 8 of 17, ¶9 – If... (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument... then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and/or rights under this Security Instrument... including] (c) paying reasonable attorneys' fees... Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.")
[14] *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 11 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

inform that court of directly adverse, <u>controlling</u> authority, no such authority was omitted by Defendants. In fact, as explained above, none of the cases which Plaintiff claims have been wrongfully omitted were issued by the Washington Supreme Court; therefore, they do not constitute the requisite <u>controlling</u> authority for this Court. *See also, Frias, supra,* at \*\*1-2. Second, as explained above, the underlying *Walker* decision was incorrectly decided. Hence, Defendants' argument is in no way frivolous and/or sanctionable under FRCP 11.

Finally, Plaintiff's argument that Defendants' counsel violated Rule 11 by asserting the statute of limitations argument to Plaintiff's CPA claim is absurd. Paragraph 78 of the SAC demonstrates that Plaintiff's CPA contentions against Defendants are premised, at least in part, on the designation of MERS in the DOT. Accordingly, since the DOT was executed in or about August, 2006, Defendants' assertion of the statute of limitations defense is entirely proper.

## G. Conclusion.

For all of the reasons set forth above and for the reasons set forth in the underlying Motion, Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety and dismiss Plaintiff's Second Amended Complaint, with prejudice.

DATED this 21st day of August, 2014

WRIGHT FINLAY & ZAK, LLP

 /s/ Renee M. Parker, Esq.
Renee M. Parker, Esq., WSBA # 36995
Lukasz I. Wozniak, Esq., WSBA # 47290
Attorneys for Defendants, CENLAR, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., JENNIFER DOBRON, and NANCY K. MORRIS

REPLY TO OPPOSITION TO MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
Case No. 2:13-cv-00602-RSL

Page 12 of 12

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

# PROOF OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On August 21, 2014, I served the within **DEFENDANTS CENLAR, FSB, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., JENNIFER DOBRON, and NANCY K. MORRIS'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on all interested parties in this action as follows:

[ ]   by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

## SEE ATTACHED SERVICE LIST

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I

| | |
|---|---|
| 1 | caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service. |
| 2 | |
| 3 | [ ] (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for. |

[ ] (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X] (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 21, 2014, at Newport Beach, California.

*/s/ Steven E. Bennett*
Steven E. Bennett

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Vicente Omar Barraza |
| 3 | Barraza Law, PLLC |
|   | 14249-F Ambaum Blvd, SW |
| 4 | Burien, WA 98166 |
| 5 | (206) 933-7861 |
|   | Attorney for Leticia Lucero, Plaintiff |
| 6 | |
|   | Heidi Buck Morrison |
| 7 | RCO LEGAL, P.S. |
|   | 13555 SE 36th Street, Ste. 300 |
| 8 | Bellevue, WA 98006 |
| 9 | |
|   | Fred B. Burnside |
| 10 | DAVIS WRIGHT TREMAIN (SEA) |
| 11 | 1201 Third Avenue, Ste. 2200 |
|   | Seattle, WA 98101-3045 |
| 12 | |
| 13 | Lauren Davidson Humphreys |
|   | HOUSER & ALLISON APC |
| 14 | 1601 5th Avenue, Ste. 850 |
| 15 | Seattle, WA 98101 |
| 16 | |
|   | Charles Elliot Katz |
| 17 | NORTHWEST TRUSTEE SERVICES INC. |
| 18 | 13555 SE 36th Street, Suite 100 |
|   | Bellevue, WA 98059 |
| 19 | |
| 20 | John Anthony McIntosh |
|   | RCO LEGAL, INC. |
| 21 | 13555 SE 36th Street, Ste. 300 |
| 22 | Bellevue, WA 98006 |
| 23 | Joseph W. McIntosh |
| 24 | MCCARTHY & HOLTHUS |
|   | 108 1st Avenue South, Ste. 300 |
| 25 | Seattle, WA 98104 |
| 26 | |
| 27 | |
| 28 | |