UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LETICIA LUCERO,

                Plaintiff,

      v.

CENLAR, FSB, *et al.*,

                Defendants.

No. C13-0602RSL

ORDER GRANTING IN PART
BAYVIEW'S MOTION TO DISMISS

This matter comes before the Court on the "Motion to Dismiss of Defendant Bayview Loan Servicing, LLC." Dkt. # 90. Plaintiff alleges that Bayview's primary business is servicing mortgage loans, and that it acted as a debt collector in this case. Plaintiff accuses Bayview of violating the Real Estate Settlement Procedure Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Washington Consumer Protection Act ("CPA").[1] Bayview seeks dismissal of all of plaintiff's claims.

Where, as here, a motion under Fed. R. Civ. P. 12(c) is used to raise the defense of failure to state a claim, the Court's review is the same as it would have been had the motion been filed under Fed. R. Civ. P. 12(b)(6). McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810

---

[1] The Second Amended Complaint ("SAC") cannot fairly be read to assert a Deed of Trust Act claim against Bayview.

ORDER GRANTING IN PART
BAYVIEW'S MOTION TO DISMISS

(9th Cir. 1988). Although the complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court will assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor (Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)), but the allegations must give rise to something more than mere speculation that plaintiff has a right to relief (Twombly, 550 U.S. at 555). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Twombly, 550 U.S. at 570. It is with that question in mind that the Court has reviewed the SAC and the memoranda submitted by the parties.

## BACKGROUND

In August 2006, plaintiff and her then-husband borrowed $391,000 from Taylor, Bean & Whitaker. Plaintiff fell behind on the payments in 2010, and a Notice of Default was issued by defendant Northwest Trustee Services, Inc. ("NWTS") on behalf of defendant Cenlar FSB. Dkt. # 34-1 at 4. The notice identified Freddie Mac as the owner of the loan and Cenlar as the loan servicer. Although it is not clear when or how defendant Bayview Loan Servicing, LLC, got involved, plaintiff sent requests for information to both Cenlar and Bayview. There was no response from Bayview, and plaintiff was unsatisfied with Cenlar's response. SAC at ¶ 61. Plaintiff alleges that defendant Bayview's primary business is servicing mortgage loans and that it is a debt collector. SAC at ¶ 7.

Plaintiff and Cenlar participated in mediation under Washington's Foreclosure Mediation Program. RCW 61.24.163. At the time, Cenlar was represented by the law firm of RCO Legal and plaintiff was represented by Barraza Law, PLLC. SAC at ¶¶ 19-20. Plaintiff was able to negotiate a modification of the loan in September 2012 and successfully navigated her trial period. She entered into a permanent loan modification in January 2013, effectively bringing the loan current and clearing the default. Nevertheless, Bayview continued its efforts

to collect on the mortgage through at least February 7, 2013, contacting plaintiff directly even though she was represented by counsel. SAC at ¶¶ 67-68. Bayview also continued reporting plaintiff's loan as delinquent after the default had been cleared. Plaintiff's counsel sent Bayview a notice on February 13, 2013, advising Bayview that plaintiff was represented and requesting that it cease and desist from contacting the client directly. Dkt. # 60-1 at 84.

## DISCUSSION

### A. Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.

Plaintiff alleges that Bayview violated § 2605(e)(2) of RESPA when it failed to respond to her August 2012 written request for information. Plaintiff has not, however, alleged that Bayview was a "servicer" as that term is defined in RESPA or alleged any facts giving rise to a plausible inference that Bayview was actually "servicing" her loan. Bayview's conduct, as alleged, was that of a debt collector, not a servicer. Plaintiff has not, therefore, raised a plausible inference that Bayview could be liable for a failure to respond under RESPA.

### B. Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Plaintiff alleges that Bayview (1) repeatedly contacted or attempted to contact plaintiff directly despite knowing that she was represented by counsel and (2) continues to report to the credit reporting agencies that her mortgage is in default and subject to foreclosure despite the fact that she is current on her loan payments. SAC at ¶¶ 70-72. Bayview addresses only the first allegation, arguing that it is not a "debt collector" for purposes of the FDCPA and that, even if it were, there are no facts from which one could infer that Bayview knew plaintiff was represented by counsel until after it received the February 7, 2013, cease and desist letter. Dkt. # 90 at 5-6.

A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. § 1692a(6). The facts

alleged in the SAC give rise to the plausible inference that Bayview was acting as a debt collector when it contacted plaintiff: the debt was owed to another, the contacts occurred long after the loan was in default, and Bayview's communications identify it as a debt collector. See Dkt. # 60-1 at 80. Bayview's current assertion that it was simply "reaching out to [p]laintiff to explore home retention options" is simply implausible. Dkt. # 90 at 5-6.

Plaintiff has not, however, alleged facts giving rise to an inference that Bayview violated 15 U.S.C. § 1692c(a), which precludes a debt collector from communicating directly with a consumer in connection with the collection of the debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ." Plaintiff focuses on the fact that the same law firm, RCO, represented both Cenlar and Bayview, but ignores the timing of the representations. There are no allegations or facts suggesting that RCO, which knew plaintiff was represented by counsel, was representing Bayview when the offending communications took place. Based on the existing record, there is no reason to believe that RCO represented Bayview at any time prior to April 2013 when this litigation was filed and therefore no basis on which to impute RCO's knowledge to Bayview during the relevant time period.[2]

**C. Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq.***

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780

---

[2] In its reply memorandum, Bayview asserts that "[i]t is undisputed that Bayview's role with respect to [p]laintiff's loan was to assist her with a loan modification." Dkt. # 100 at 2. To the extent plaintiff may be able to allege facts showing that Bayview was involved in the loan modification process and knew that she was represented by counsel, she may amend her FDCPA claim.

ORDER GRANTING IN PART
BAYVIEW'S MOTION TO DISMISS
-4-

(1986). Plaintiff alleges that all of the named defendants violated the CPA when they falsely represented that MERS was the beneficiary of the Deed of Trust with the power to transfer a beneficial interest to Cenlar. There are no facts from which one could conclude that Bayview had any role in the representation, however, and plaintiff has not identified any other unfair or deceptive acts or practices on the part of Bayview.

## CONCLUSION

For all of the foregoing reasons, Bayview's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's RESPA and CPA claims are DISMISSED. Plaintiff's FDCPA claim regarding communications with a represented consumer are DISMISSED with leave to amend. Plaintiff's FDCPA claim regarding false reporting to the credit reporting agencies was not addressed and may, therefore, proceed.

Dated this 3rd day of October, 2014.

Robert S. Lasnik
United States District Judge