Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO,<br><br>     Plaintiff,<br><br>vs.<br><br>CENLAR FSB and BAYVIEW LOAN SERVICING, LLC, et al.,<br><br>     Defendants. | NO. 2:13-cv-00602 RSL<br><br>MOTION TO ACCEPT THIRD AMENDED COMPLAINT AS FILED OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT IN ITS ENTIRETY<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**FRIDAY, NOVEMBER 14, 2014** |

Plaintiff LETICIA LUCERO, by and through the undersigned counsel, respectfully moves the Court for an Order Accepting the Attached Third Amended Complaint, or in the alternative, for leave to amend her Second Amended Complaint in its entirety pursuant to *FRCP 15(a)*.

## I.  PROCEDURAL FACTS

1.     Plaintiff moved to amend her Complaint on May 13, 2014 (Dkt. #60), The Court granted Plaintiff leave to amend via order (Dkt. 77). Plaintiff filed her Second Amended

MOTION FOR LEAVE TO AMEND - 1

Complaint on the same day (Dkt. # 78).

2. Defendants Cenlar, MERS, Dobron and Morris filed Motion to Dismiss on July 10, 2014 (Cenlar's Motion to Dismiss) (Dkt. #82).

3. On October 3, 2014, this Court issued Amended Order Granting in part and Denying in part Cenlar's Motion to Dismiss. The Court's Order authorized Plaintiff to amend her claims under RESPA and TILA (Dkt. #107 ).

4. Defendant Bayview filed its Motion to Dismiss on July 31, 2014 (Dkt. #90).

5. On October 3, 2014, this Court issued Order Granting in part, and Denying in part Bayview's Motion to Dismiss. The Court's Order authorized Plaintiff to amend her FDCPA claims (Dkt. #119).

6. Plaintiff seeks to amend the Second Amended Complaint, in addition to those claims permitted by the Court, to add or modify claims to reflect changes in the law based on Washington Supreme Court's issuance of *Frias v. Asset Foreclosure Services, Inc.*, 2014 Wash. LEXIS 763 (2014).

## II.   LEGAL AUTHORITIES & ARGUMENT

This Court has held previously in *McDonald v. OneWest Bank*, FSB, 2012 U.S. Dist. LEXIS 21449 (W.D. Wash. 2012) that "Courts 'should freely give leave [to amend] when justice so requires.' Fed. R. Civ. P. 15(a)(2). There is a 'strong policy in favor of allowing amendment' after 'considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment.' *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The underlying purpose of Rule 15 is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.' *Lopez v. Smith*, 203 F.3d 1122, 1127." *McDonald, supra*. HN3Go to the description of this Headnote.Rule 15(a) expresses a strong presumption in favor of liberal pleading:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962).

On September 18, 2014, the Washington Supreme Court issued *Frias v. Asset Foreclosure Services, Inc.*, 2014 Wash. LEXIS 763 (2014), holding that the DTA does not create an independent cause of action for monetary damages based alleged violations of its provisions if no foreclosure sale has been completed. The decision impacts all of Plaintiff's DTA claims against the Defendants. Based on *Frias*, the proposed amendment, then, simply offers a new legal theory, and amendments that merely propose alternative legal theories for recovery on the same underlying facts should generally be permitted. See M*ayeaux v. Louisiana Health Service & Indemnity Co*., 376 F.3d 420, 427 (5th Cir. 2004); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 246 n.2 (5th Cir. 1997); In re Integrated Resources, Inc., 157 B.R. 66, 71 (S.D.N.Y. 1993).

This Court has already granted Plaintiff leave to amend. The only additional relief requested is Plaintiff's ability to plead an alternative theory of liability in place of liability arising out of the DTA. Justice will be served by the Court's grant of leave to amend.

### III.   CONCLUSION

For all of the foregoing factual reasons and legal citations, Plaintiff prays the Court to accept her Third Amended Complaint as attached or, in the alternative, allow her to amend her claims as set forth in the attached Third Amended Complaint to this Motion.

MOTION FOR LEAVE TO AMEND - 3

BARRAZA LAW, PLLC
14245-F Ambaum Blvd. SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

DATED this 21st day of October, 2014.

       /s/ *Vicente Omar Barraza*
Vicente Omar Barraza, WSBA # 43589
Attorney for Plaintiff Leticia Lucero
BARRAZA LAW, PLLC

       /s/ *John R. Laris*
John R. Laris, WSBA # 44406
Attorney for Plaintiff Leticia Lucero
BARRAZA LAW, PLLC

       /s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 21793
Attorney for Plaintiff Leticia Lucero
GRAND CENTRAL LAW, PLLC
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
youremylawyer@gmail.com

MOTION FOR LEAVE TO AMEND - 4

BARRAZA LAW, PLLC
14245-F Ambaum Blvd. SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863