1

Honorable Robert S. Lasnik

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8   LETICIA LUCERO,

No. 2:13-CV-00602-RSL

9                    Plaintiff,

10        v.

**DEFENDANT MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.'S MOTION TO
DISMISS PLAINTIFF LETICIA
LUCERO'S THIRD AMENDED
COMPLAINT**

11   CENLAR FSB and BAYVIEW LOAN
     SERVICING, et. al.,

12

13                    Defendants.

14

**NOTE ON MOTION CALENDAR:
January 9, 2015**

15

16

17

18

19

20

21

22

23

24

25

26

27

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
(Case No. 2:13-cv-00602-RSL)**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I.  INTRODUCTION AND SUMMARY OF ARGUMENT.....................................................1

II.  STATEMENT OF RELEVANT FACTS...................................................................1

III.  STANDARD FOR MOTIONS TO DISMISS .................................................................2

IV.  THE COURT SHOULD STRIKE THE NEW ALLEGATIONS AGAINST MERS .........3

V.  THE COURT ALREADY DISMISSED ALL CLAIMS AGAINST MERS ......................3

    A.  The Court Already Dismissed Plaintiff's CPA Claims Against MERS Premised on MERS's Authority to Execute the Assignment....................................................................4

    B.  Plaintiff Did Not and Cannot Allege That MERS Misrepresented Cenlar's Status as the Note Holder. ..................................................................................................................4

VI.  PLAINTIFF'S NEW MERS ARGUMENTS FAIL AS A MATTER OF LAW ..................5

    A.  Plaintiff's CPA Claim as to MERS Fails on the Merits. ...........................................5

        1.  Plaintiff alleges no unfair or deceptive act by MERS. .......................................5

        2.  Plaintiff pleads no facts showing injury or causation. .......................................9

        3.  Plaintiff cannot show MERS's actions occurred in trade or commerce. .........11

VII.  CONCLUSION ............................................................................................................12

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | i**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re Allen*,

5
    472 B.R. 559 (B.A.P. 9th Cir. 2012) ...................................................................................7

6
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................................3

7
*Bell Atl. Corp. v. Twombly*,

8
    550 U.S. 544 (2007) ...........................................................................................................2

9
*Borowski v. BNC Mortg. Inc.*,

10
    2013 WL 4522253 (W.D. Wash. 2013) ..............................................................................9

11
*Brodie v. Nw. Tr. Servs., Inc.*
    --- Fed. Appx. ---, 2014 WL 2750123  (9th Cir. 2014) ............................................... 8-9

12
*Browne v. Avvo Inc.*,

13
    525 F.Supp.2d 1249 (W.D. Wash. 2007)  ........................................................................12

14
*Cagle v. Abacus Mortg. Inc.*,

15
    2014 WL 4402136 (W.D. Wash. 2014) ..............................................................................9

16
*Corales v. Flagstar Bank, FSB*,
    822 F.Supp.2d 1102 (W.D. Wash. 2011) ...........................................................................7

17
*Estribor v. Mtn. States Mortg.*,

18
    2013 WL 6499535 (W.D. Wash. 2013) ..............................................................................6

19
*Good v. Fifth Third Bank*,
    2014 WL 2863022 (W.D. Wash. 2014) ..............................................................................9

20
*Johnson v. Riverside Healthcare Sys., LP*,

21
    534 F.3d 1116 (9th Cir. 2008)..............................................................................................3

22
*McPherson v. Homeward Residential*,

23
    2014 WL 442378 (W.D. Wash. 2014) ................................................................................7

24
*Robertson v. GMAC Mortg. LLC*,
    982 F. Supp. 2d 1202 (W.D. Wash. 2013) ..........................................................................9

25

26
*Smith v. Nw. Tr. Serv., Inc.*,
    2014 WL 2439791 (E.D. Wash. 2014)................................................................................7

27

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | ii**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.2001) ..................................................................................................3

*Ukpoma v. U.S. Bank, N.A.*,
   2013 WL 1934172 (E.D. Wash. 2013) ...................................................................................9

*In re United Home Loans*,
   71 B.R. 885 (W.D. Wash. 1987) ...........................................................................................11

*Wilson v. Bank of Am.*,
   2013 WL 275018 (W.D. Wash. 2013) .....................................................................................6

**State Cases**

*Bond v. Wiegardt*,
   36 Wn.2d 41, 216 P.2d 196 (1950) ......................................................................................11

*Dwyer v. J.I. Kislak Mortg. Corp.*,
   103 Wn. App. 542, 13 P.3d 240 (2000) ..................................................................................8

*Espeland v. OneWest Bank, FSB*,
   323 P.3d 2 (Alaska 2014) ........................................................................................................7

*Fid. Mortg. Corp. v. Seattle Times Co.*,
   131 Wn.App. 462 (2006)................................................................................................. 11-12

*Holiday Resort Cmty. Ass'n v. Echo Lake Assoc., LLC*,
   134 Wn. App. 210, 135 P.3d 499 (2006) ............................................................................3, 6

*JPMorgan Chase Bank, N.A. v. Stehrenberger*,
   2014 WL 1711765 (Wn. App. 2014) .......................................................................................8

*Keene Guar. Sav. Bank v. Lawrence*,
   32 Wash. 572 (1903) ............................................................................................................11

*Old Nat'l Bank v. Arneson*,
   54 Wn. App. 717, *rev. den'd*, 113 Wn.2d 1019 (1989).............................................................6

*Oriental Realty Co. v. Taylor*,
   69 Wash. 115 (1912) ..............................................................................................................6

*Perry v. Island Sav. & Loan Ass'n*,
   101 Wn.2d 795, 684 P.2d 1281 (1984) ...................................................................................8

*State v. Schwab*,
   103 Wn.2d 542, 693 P.2d 108 (1985) .....................................................................................3

*Syrovy v. Alpine Res., Inc.*,
   80 Wn. App. 50, 906 P.2d 377 (1995) ..............................................................................10, 11

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | iii**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Walker v. Quality Loan Serv. Corp.*,
   176 Wn. App. 294, 308 P.3d 716 (2013) ...................................................................................3, 6

**Statutes**

RCW 19.86.010(2) ...................................................................................................................11

RCW 23B.15.010(2)(g) .............................................................................................................11

RCW 62A.9A-607(b) ...................................................................................................................8

**Rules**

Fed. R. Civ. P. 8(a) ......................................................................................................................3

Fed. R. Civ. P. Rule 12(b)(6) ......................................................................................................3

**Secondary Sources:**

Nelson & Whitman, 1 Real Estate Finance Law § 5.28 (5th ed. 2010) .........................................8

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | iv**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

2       Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") asks the Court to

3   again dismiss Plaintiff Leticia Lucero's Third Amended Complaint ("TAC") as to MERS.  The

4   Court's Amended Order (Dkt. 118) dismissed Plaintiff's claims against MERS, but allowed her to

5   amend her Second Amended Complaint to allege federal statutory claims as to *other* Defendants.

6   The TAC nevertheless continues to bring claims against MERS and amends her pleading in ways

7   beyond what the Court allowed.  The Court should now dismiss MERS from this lawsuit because

8   (a) the Court already dismissed Plaintiff's claims against MERS and (b) even under her new

9   allegations, Plaintiff's TAC fails to allege facts showing essential elements of her Consumer

10   Protection Act ("CPA") claim.

11

## II.      STATEMENT OF RELEVANT FACTS

12       On June 17, 2014, the Court permitted Plaintiff to file her Second Amended Complaint

13   ("SAC").  Dkt. 60, 77, and 78.  Plaintiff's SAC brought two claims against MERS: violation of

14   Washington Deed of Trust Act ("DTA") and CPA.  Plaintiff's CPA claim was based on two

15   theories: (a) "Defendants" falsely represented MERS as beneficiary of the Deed of Trust; and (b)

16   "Defendants" falsely represented that Cenlar, FSB ("Cenlar**"**) had actual possession of the Note

17   and/or was the beneficiary of the Deed of Trust.  *See* Amended Order (Dkt. 118), at 8.

18       **The Court Rejects Plaintiff's First CPA Theory.**  MERS, together with defendants

19   Cenlar, Jennifer Dobron, and Nancy K. Morris moved to dismiss Plaintiff's SAC.  On October 3,

20   2014, the Court granted-in-part and denied-in-part Defendants' Motion, dismissing Plaintiff's

21   DTA claim but also expressly rejecting Plaintiff's first CPA theory as to MERS:

22       Plaintiff alleges that the moving defendants violated the CPA when they (1) falsely
        represented that MERS was the beneficiary of the Deed of Trust with the power to
23       transfer a beneficial interest to Cenlar and (2) falsely represented that Cenlar had
        actual possession of the note and/or was the beneficiary of the Deed of Trust. ***The
24       first claim fails as a matter of law because plaintiff has failed to plausibly allege
        that the representations regarding MERS' role caused her harm***. She has not
25       alleged that she relied in any way on the original representations in the Deed of
        Trust, either at the time they were made or during the nonjudicial foreclosure
26       process. ***In addition, MERS' actions are essentially irrelevant to the DTA
        analysis or the propriety of the attempted foreclosure***…  Cenlar's status as the
        beneficiary for purposes of the DTA comes not from MERS' purported
27       assignment—defective or not—but rather from its physical possession of plaintiff's

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 1**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1
2

original note. ***Any injuries caused by Cenlar's claim to be the beneficiary and holder of the promissory note did not arise from MERS' identification as the beneficiary***.

*Id.* at 8:21-9:13 (emphasis added).

3

4

**The Court Limits Plaintiff's Second CPA Theory to Other Defendants.**  As to Plaintiff's second CPA theory, the Court permitted Plaintiff to proceed against those defendants

5

6

"to the extent they created documents and made representations that gave the false impression that Cenlar had actual possession of the promissory note and was therefore authorized to initiate a

7

8

nonjudicial foreclosure." *Id.* at 15-18. (emphasis added).   But neither Plaintiff's SAC nor any exhibit referenced or attached thereto suggested that MERS has ever created any document or

9

10

made any representation to Plaintiff (or anyone else) that Cenlar held the Note.  Thus, as to MERS, the Court's Order limited her second CPA claim and impliedly rejected it as to MERS.

11

12

On October 22, 2014, Plaintiff filed her Motion to Accept Third Amended Complaint as Filed, or, In the Alternative, for Leave to Amend Second Amended Complaint in its Entirety

13

14

("Motion for Leave"). *See* Dkt. 134.  She attached the proposed Third Amended Complaint as an exhibit. Dkt. 134-1. On November 24, 2014, the Court ***denied*** the Motion for Leave, allowing

15

16

Plaintiff to "amend her RESPA and TILA claims against Cenlar and her FDCPA claim against Bayview as previously indicated by the Court." Dkt. 169.  The Court did ***not*** permit Plaintiff to

17

18

amend her CPA claim to include new facts/allegations against MERS.  Nevertheless, Plaintiff filed her TAC, again naming MERS as a defendant to her CPA claim and attempting to allege

19

20

new facts against MERS.  Plaintiff apparently concedes that her claims against MERS are subject to dismissal. *See* Dkt. 181, at p. 3 ¶ 9 & p. 4.  As demonstrated below, Plaintiff's attempt is

21

improper and the Court should again dismiss all claims against MERS, and do so with prejudice.

22

### III.    STANDARD FOR MOTIONS TO DISMISS

23

To survive a motion to dismiss brought under Rule 12(b)(6), the complaint must allege

24

facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,*

25

550 U.S. 544, 555 (2007).  A plaintiff is required to allege "enough facts to state a claim to relief

26

that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads

27

factual content that allows the court to draw the reasonable inference that the defendant is liable

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 2**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  The plausibility

2  standard does not amount to a probability requirement, however, it demands "more than a sheer

3  possibility that a defendant has acted unlawfully."  *Id.*  However, "the court [is not] required to

4  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

5  unreasonable inferences."  *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).

6      Thus, while FRCP 8(a) does not require detailed factual allegations, "it demands more

7  than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal, supra*, 556 U.S. 662

8  at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic

9  recitation of the elements of a cause of action."  *Twombly, supra*, 550 U.S. at 555.   Rather,

10  plaintiffs must allege sufficient facts to support each element of each claim that is asserted in the

11  complaint.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

12  **IV.     THE COURT SHOULD STRIKE THE NEW ALLEGATIONS AGAINST MERS**

13      Without obtaining the Court's permission, in her CPA claim Plaintiff included new

14  allegations against MERS, which are contained on paragraphs 67-68 and 73.  The Court should

15  strike Plaintiff's "new" allegations, as they exceed the scope of permitted amendment, as this

16  Court has already held.  *See* Dkt. 169, at 1:25-26 (Plaintiff "has not shown that she was diligent in

17  raising the new facts or pursuing the new causes of action contained in the proposed [TAC]").

18  **V.     THE COURT ALREADY DISMISSED ALL CLAIMS AGAINST MERS**

19      The CPA "declares unlawful '[u]nfair methods of competition and unfair or deceptive acts

20  or practices in the conduct of any trade or commerce.'"  *State v. Schwab*, 103 Wn.2d 542, 545,

21  693 P.2d 108, 110 (1985). To state a claim for CPA violation, Plaintiff must to allege (1) unfair or

22  deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury

23  to her business or property, and (5) causation. *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App.

24  294, 317, 308 P.3d 716, 726 (2013).  "The failure to establish any of the elements is fatal to a

25  CPA claim." *Holiday Resort Cmty. Ass'n v. Echo Lake Assoc., LLC*, 134 Wn. App. 210, 226, 135

26  P.3d 499, 507 (2006).  Here, as set forth below, Plaintiff did not and cannot allege that MERS

27  engaged in unfair or deceptive conduct that caused injury to Plaintiff.

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 3**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**A.      The Court Already Dismissed Plaintiff's CPA Claims Against MERS Premised on MERS's Authority to Execute the Assignment.**

2      In her TAC, Plaintiff re-states her first theory that MERS violated the CPA by executing

3  the Assignment of Deed of Trust because "MERS had no real interest in the Plaintiff's loan and

4  MERS never held the promissory note signed by Plaintiff at closing."  TAC ¶ 67.  ***This assertion***

5  ***was previously dismissed by the Court.***  Dkt. 118, at 8-9.  As a result, the Court should dismiss

6  any remaining CPA claim under this (flawed) theory.

7

**B.      Plaintiff Did Not and Cannot Allege That MERS Misrepresented Cenlar's Status as the Note Holder.**

8      Plaintiff's second CPA theory fares no better.  The Court allowed Plaintiff to proceed on

9  her second CPA theory – that certain defendants represented that Cenlar was the note holder

10 entitled to foreclose – only "***to the extent they created documents and made representations*** that

11 gave the false impression that Cenlar had actual possession of the promissory note and was

12 therefore authorized to initiate a nonjudicial foreclosure."  *Id.* at 9:15-18) (emphasis added).

13 Plaintiff's allegations against MERS are premised solely on one document—MERS's assignment

14 to Cenlar, which is attached as Exhibit F to the TAC.  Nowhere in the MERS assignment is there

15 a representation that Cenlar is in actual possession of the promissory note.  *See* TAC Ex. F.

16 Likewise, Plaintiff does not allege that MERS made ***any*** representations to her (or anyone else),

17 let alone a representation that Cenlar was in actual possession of the promissory note.  As such,

18 the sole basis for Plaintiff's remaining CPA theory has no application to MERS.

19     The Moving Defendants' prior motion did not break out the arguments for dismissal by

20 each defendant, which was probably a mistake; the Court (understandably) followed suit and

21 ruled on each claim globally.  But the Amended Order's rationale for refusing to dismiss the

22 remaining CPA theory has no application to MERS.  Because MERS has ***never*** represented to

23 anyone (let alone Plaintiff) that Cenlar was in possession of the promissory Note, the Court

24 should (again) dismiss Plaintiff's CPA claim predicated on that theory as to MERS.

25

26

27

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
(Case No. 2:13-cv-00602-RSL) - Page | 4**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

## VI.   PLAINTIFF'S NEW MERS ARGUMENTS FAIL AS A MATTER OF LAW

### A.   Plaintiff's CPA Claim as to MERS Fails on the Merits.

As this Court has already noted, the SAC offered two liability theories: (a) MERS's

assignment was somehow unfair or deceptive; and (b) "Defendants" represented that Cenlar was

note holder.  Dkt. 118, p. 8-9.  The TAC is no different, and provides the same basic theories.

TAC ¶¶ 66-81.  Neither theory states a claim.   As noted above, in the SAC Plaintiff did not allege

any facts suggesting MERS made any representations (either via document or otherwise)

indicating Cenlar possessed her note.  Plaintiff's TAC added no allegations further supporting that

theory as to MERS, and the Court should (again) dismiss this CPA theory as to MERS.

As to the "MERS assignment" theory, the Court has already ruled that MERS's actions

were "essentially irrelevant to the DTA analysis or the propriety of the attempted foreclosure."

(Docket No. 118, p. 9:2-3.)  Nevertheless, Plaintiffs seek to revive that theory by complaining that

because the assignment was unnecessary to foreclose, somehow the recordation of the MERS

assignment was improper and injured her because *other* defendants purportedly charged her for

those recordation costs.  TAC ¶¶ 67-68 & n.36.  This attempt fails for several reasons.

Most importantly, the claim fails against MERS because Plaintiff did not allege any facts

suggesting MERS recorded the assignment (indeed, she alleges the Trustee did—*see, e.g.,* TAC,

¶23), that MERS paid any recording fees, or that MERS ever charged her anything.  In fact, other

that offering a conclusory statement, she did not offer any facts plausibly suggesting any

recording fee tied to the MERS assignment was ever charged to her by any Defendant.

In addition, as shown in more detail below, Plaintiff's amendments do not revive her CPA

claim against MERS because Plaintiff did not allege any CPA violation by MERS.

### 1.   Plaintiff alleges no unfair or deceptive act by MERS.

"The CPA does not define 'unfair or deceptive act or practice.'  Whether an alleged act is

unfair or deceptive is a question of law." *Walker*, 176 Wn. App.at 318.  Thus, to allege unfair or

deceptive conduct, Plaintiff must establish that "an unfair or deceptive act or practice has the

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 5**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1 capacity to deceive a substantial portion of the public and has occurred in the conduct of trade or

2 commerce." *Holiday Resort Cmty. Ass'n,* 134 Wn. App. at 226. Plaintiff cannot do so.

3        **MERS Has an Interest to Assign.** Plaintiff's suggestion that MERS's assignment is

4 improper because it has no interest to assign is contradicted by a century of Washington law. *See*

5 TAC ¶ 67. Contrary to Plaintiff's allegations, MERS *does* have an interest to assign—it has an

6 agency interest, which Washington Courts recognize as an assignable interest. "Contract rights

7 are assignable unless forbidden by statute or otherwise violative of public policy." *Old Nat'l Bank*

8 *v. Arneson*, 54 Wn. App. 717, 723 (1989); *see also Wilson v. Bank of Am.*, 2013 WL 275018, **8-

9 9 & fn.9 (W.D. Wash. 2013) ("The *Bain* Court did not state, as the Wilsons allege here, that

10 MERS is incapable of transferring its interest in a deed of trust and the Wilsons cite no authority

11 for that proposition.") The Washington Supreme Court recognizes MERS's agency interest as ***an***

12 ***assignable interest***, even where the agent (like MERS) is not the entity holding title to the real

13 property interest. *Oriental Realty Co. v. Taylor*, 69 Wash. 115, 120 (1912) (if assignee "at that

14 time was a mere agent authorized to … acquire lands to be held in the name of Taylor, he was an

15 agent with an interest in the property"; "It made no difference therefore which held the legal title"

16 to the property; the assignee's "***interest in the property was clearly an assignable interest***")

17 (emphasis added). Just as Plaintiff's counsel are nominees for their client—and presumably they

18 recognize that they have an interest in representing their client, and that the interest is transferable

19 to another lawyer—MERS was nominee for the lender and its successors, and had an interest

20 subject to assignment at the direction of its principal. Indeed, in *Estribor v. Mtn. States Mortg.*,

21 2013 WL 6499535 (W.D. Wash. 2013), the Court held MERS may properly act as an agent for

22 the note holder, and that assigning that agency interest is neither unfair nor deceptive:

23        *[T]here is no standard set out in Bain for an action against MERS when MERS is acting as a nominee*. In the absence of a case directly on point or per se violation of a statute, [plaintiff] bears the burden of showing an unfair or deceptive
24        act. On this issue, *the Court is not convinced that MERS's assignment of the Deed of Trust was unfair, deceptive, or in violation of public interest*. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013). The Deed of Trust clearly states
25        MERS is a nominee for the lender and lender's successors and assigns. *It is unclear how actions within that capacity are unfair or deceptive*.
26

27 *Id.* at *3 (emphasis added)..

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
(Case No. 2:13-cv-00602-RSL) - Page | 6**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  **Assignments Unnecessary for Foreclosure Are Not Otherwise Wrongful.**  Plaintiff

2  cannot allege that the recording of the MERS assignment by the trustee means MERS violated the

3  CPA.  Plaintiff contends the recording of the MERS assignment violated the CPA because the

4  assignment was "unnecessary" to the foreclosure process.  TAC ¶ 67.  She is mistaken.  While

5  Plaintiff correctly alleges that the recording of the MERS assignment was not ***necessary*** to the

6  commencement of the foreclosure process by her lender, that does not mean recording the MERS

7  assignment was somehow improper and can form a basis for liability.  Just because an action is

8  unnecessary for one purpose does not make it illegal when it serves a valid second purpose.[1]

9  MERS has a right to terminate its nominee interest in the Deed of Trust via a recorded

10  assignment, and that assignment has no bearing on Plaintiff or Plaintiff's rights.  That assignments

11  are not necessary to foreclose does not mean assignments are improper or somehow unnecessary.

12  Assignments provide notice of assignees' interests to third parties, including prospective

13  purchasers.  *See, In re Allen*, 472 B.R. 559, 569 (B.A.P. 9th Cir. 2012); *McPherson v. Homeward*

14  *Residential*, 2014 WL 442378, *5 (W.D. Wash. 2014); *Corales v. Flagstar Bank, FSB*, 822

15  F.Supp.2d 1102, 1109 (W.D. Wash. 2011).

16  **Assignments Serve A Practical Purpose, Even if Unnecessary to Foreclose.**  In fact,

17  although assignments are not ***necessary*** for a note holder to foreclose, most buyers (and therefore

18  most sellers) at a foreclosure sale want title insurance, which is difficult (if not impossible) to

19  obtain unless the foreclosing party can show it holds all rights and interests.  A title insurer may

20  not feel comfortable insuring a sale if it is concerned that there remains an outstanding interest in

21  the Deed of Trust from a third party (like MERS).  *Compare Espeland v. OneWest Bank, FSB*,

22  323 P.3d 2, 11-12 (Alaska 2014) (title insurer demanded MERS assignment as condition of

23  insuring trustee's sale).  The leading real-estate treatise explains why, even though not formally

24

25

---

26  [1]  Indeed, it is ironic that Plaintiff simultaneously complains that MERS should not be on the Deed of Trust at all, but then sues MERS for its removal from the Deed of Trust via MERS assignment. *Compare Smith v. Nw. Tr. Serv., Inc.*, 2014 WL 2439791, *4 (E.D. Wash. 2014) ("The Court can discern no reason why MERS would be prohibited from

27  conveying its interest in the deed of trust back to SunTrust upon the latter's request"; "SunTrust apparently avoided this [*Bain*] issue by reacquiring its full status as a beneficiary before appointing a successor trustee").

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 7**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   necessary, recorded transfers of interest (like assignments) are proper and often expected when a

2   lien is potentially being discharged (either through pay-off or trustee's sale):

3       [A]ssignments protect[] the current mortgage-holder against the risk that some
    prior holder will fraudulently execute and record a discharge of the mortgage,
    permitting the land to be sold or remortgaged to a bona fide purchaser who will

4       take it free of the present mortgage. … *[A] mortgagor (and his or her title
    attorney or title insurance company) may feel quite uncomfortable taking a*

5       *discharge from someone who has no recorded assignment of the mortgage. It is
    true that, in theory, if the assignee has possession of the note, and the note is*

6       *negotiable, the power to enforce and discharge the mortgage must be held by
    that assignee.* But as we have already seen, negotiability is often hard to

7       determine, and in any event *possession of the note leaves no permanent record
    that future title examiners can rely upon. Hence, there is often a felt need for a*

8       *recorded document* [to act as] an assignment of the mortgage.

9   Nelson & Whitman, 1 Real Estate Finance Law § 5.28 (5th ed. 2010) (emphasis added).

10       Washington law expressly provides that a creditor may record an assignment via sworn

11   affidavit, reflecting a transfer, even though, as Professors Nelson and Whitman confirm, it is not

12   necessary for the right to enforce the Note (and thus foreclose under the Deed of Trust Act). *See,*

13   *e.g.,* RCW 62A.9A-607(b). Plaintiff's argument would mean that taking advantage of a statutory

14   right is a CPA violation, which is clearly incorrect. *See Dwyer v. J.I. Kislak Mortg. Corp.*, 103

15   Wn. App. 542, 548, 13 P.3d 240, 243 (2000). ("CPA should not be construed to prohibit practices

16   reasonably related to the development and preservation of business, or which are not injurious to

17   the public interest."); *Perry v. Island Sav. & Loan Ass'n*, 101 Wn.2d 795, 810, 684 P.2d 1281,

18   1289 (1984) ("[A]cts or practices performed in good faith under an arguable interpretation of

19   existing law do not constitute unfair conduct violative of the consumer protection law.").

20   MERS's termination of its agency interest via assignment was not wrongful.

21       **Plaintiff Lacks Standing to Challenge the MERS Assignment**. Plaintiff cannot premise

22   her CPA claim on the issuance and recordation of the MERS assignment because she lacks

23   standing to challenge the instrument. She is neither a party nor third party beneficiary of the

24   MERS assignment. *See JPMorgan Chase Bank, N.A. v. Stehrenberger*, 2014 WL 1711765, *4

25   (Wn. App. 2014) (a borrower does not have standing to challenge a Deed of Trust assignment to

26   which she was not party because she is not at risk for having to pay the debt twice); *Brodie v. Nw.*

27   *Tr. Servs.*, Inc., --- Fed. Appx. ---, 2014 WL 2750123, *1 (9th Cir. 2014) (under Washington law

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT
(Case No. 2:13-cv-00602-RSL) - Page | 8**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   a borrower lacks standing to challenge Deed of Trust assignments to which she is a nonparty);

2   *Cagle v. Abacus Mortg. Inc.*, 2014 WL 4402136, *4-*5 (W.D. Wash. 2014) (same); *Good v. Fifth*

3   *Third Bank*, 2014 WL 2863022, *3 (W.D. Wash. 2014) (same). Borrowers lack standing to

4   challenge assignments absent a genuine claim that they are at risk of paying the same debt twice if

5   the assignment stands." *Borowski v. BNC Mortg. Inc*., 2013 WL 4522253, *5 (W.D. Wash. 2013);

6   *Ukpoma v. U.S. Bank, N.A.*, 2013 WL 1934172, *4 (E.D. Wash. 2013).  Thus, because Plaintiff

7   did not allege she was in danger of paying the same debt twice, she lacks standing to challenge the

8   assignment and cannot base her CPA claim against MERS on that document.

9   **Neither MERS (nor Cenlar) Has a Duty to Plaintiff With Regard to Recordation.**

10  MERS has no CPA liability for the issuance and recordation of MERS assignment because neither

11  MERS nor Cenlar owed any duty towards Plaintiff (or anyone else) with respect to that

12  assignment.  Judge Pechman rejected a similar CPA claim last year:

13  > Robertson's claim is premised on the notion that: "Chase recorded (or authorized)
> the placement of documents in the public record which made false claims of
14  > authority or transaction, deceiving Plaintiff and the general public." But, as Chase
> correctly argues*, it had no obligation to him (as he is a third party) nor is his*
15  > *claim actionable*. *See  Centurion Props., III, LLC v. Chicago Title Ins. Co*., 2013
> WL 3350836, *4, *6–*7 (E.D. Wash. July 3, 2013) (rejecting duty to third parties
16  > to ensure accuracy of recorded documents and dismissing tort claim as disguised
> slander-of-title claim).

17  *Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wash. 2013) (emphasis

18  added).  As in Robertson, Plaintiff's CPA claim is a disguised slander of title claim, but without

19  allegations of malice, as required.  The Court should follow Judge Pechman's reasoning in

20  *Robertson* and reject (again) Plaintiff's CPA claim to the extent it is based on recordation of

21  MERS's assignment.  (And MERS did not record the assignment, in any event, Cenlar did.  *See*

22  TAC Ex. F, Dkt. 172-5.)

23  **2.      Plaintiff pleads no facts showing injury or causation.**

24  **The MERS Assignment Did not Cause Plaintiff Injury.** Plaintiff also cannot allege that

25  she suffered an injury as a result of issuance and recording of the MERS assignment.  While

26  Plaintiff contends that she was assessed fees incurred in execution and recording of the

27  instrument, she does not plead facts showing that: (a) she actually paid any fees for recording the

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 9**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    assignment, (b) that *MERS* charged her any fees, or (c) that even if fees were incurred, that fees

2    for recording assignments were in some way improper.  TAC ¶¶ 67-68, 73-74; *compare* Dkt. 175-

3    3, p. 12 ¶ 14 (borrower agrees to pay charges Lender incurs post-default to protect Lender's

4    interests).  Because Plaintiff does not (and cannot) allege MERS recorded the MERS assignment,

5    that MERS ever charged her a fee for recordation of that assignment, or that the Trustee or

6    Lender's charges for recordation were somehow improper, she fails to establish injury under the

7    CPA.  MERS had no role in Plaintiff's foreclosure or loan servicing, and a document not

8    delivered to her and which she does not allege she ever read until after contacting a lawyer to

9    prosecute this case.

10           **Plaintiff is Equitably Estopped From Alleging Injury Based on Recordation Fees.**

11   Plaintiff's allegations of injury-by-recording fee—even if they could be laid upon MERS, and

12   they cannot—are barred under the doctrine of equitable estoppel.  Equitable estoppel applies

13   where the plaintiff acts in a manner that is inconsistent with the claim she subsequently asserted,

14   the defendant acted or changed its position in reliance on such action, and such action by the

15   plaintiff results in injustice to the defendant.  *Syrovy v. Alpine Res., Inc.*, 80 Wn. App. 50, 52-53,

16   906 P.2d 377, 378 (1995).

17           Plaintiff's theory is that the 2012 recordation fee associated with recording the MERS

18   assignment was added to her loan balance.  TAC ¶ 67.  But after that fee was incurred (by some

19   other Defendant), Plaintiff accepted a permanent loan modification under which she agreed to the

20   new principal balance, which would have included any existing loan fees and charges.  Plaintiff

21   acknowledged accepting a permanent loan modification from Cenlar under the terms represented

22   in the modification agreement, TAC, ¶ 67 & Ex. P, and ***performed thereunder*** by submitting her

23   modified monthly payments to Cenlar in 2013 and 2014.  If Plaintiff thought the modified balance

24   was improper because it included improper charges, she needed to raise that issue in the

25   modification process.  By accepting the modification offer, including the amount of modified

26   principal balance, Plaintiff caused Cenlar to bring her loan current, terminate the pending

27   foreclosure process, and actually modify the loan.  Plaintiff is thus equitably estopped from

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 10**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1 claiming that she was damaged by inclusion of any recordation fees in the modified principal

2 balance (which MERS did not incur or charge, in any event). *See Syrovy*, 80 Wn. App. at 52-53;

3 *Bond v. Wiegardt*, 36 Wn.2d 41, 53, 216 P.2d 196, 202 (1950).

4          **3.      Plaintiff cannot show MERS's actions occurred in trade or commerce.**

5          The CPA defines trade or commerce as "the sale of assets or services, and any commerce

6 directly or indirectly affecting the people of the state of Washington."  RCW 19.86.010(2).

7 Plaintiff cannot show MERS's conduct involved the sale of assets or services to anyone in

8 Washington, or that it engaged in "commerce" affecting Washington residents.

9          The sole action MERS took in this case was to assign its nominee interest in the Deed of

10 Trust to Cenlar.  But that assignment occurred in ***New Jersey***, not Washington, and is not a

11 transaction that affects Plaintiff (or any Washington consumer) in any way.  *See* TAC Ex. F.

12 Rather, it is a transaction the occurred solely between MERS and Cenlar, affecting ***their*** rights,

13 not Plaintiff's.  The mere fact the assignment was later recorded in Washington does not

14 somehow transform the transaction into an act of Washington "commerce" within the meaning of

15 the CPA, because recordation has nothing to do with the validity of the assignment, which is valid

16 between the parties ***even if never recorded***.  *In re United Home Loans*, 71 B.R. 885, 891 (W.D.

17 Wash. 1987).  Indeed, Washington law expressly excludes recordation of documents from the

18 definition of "transacting business" in Washington: "The following activities, among others, ***do***

19 ***not constitute transacting business*** …. ***Creating*** or acquiring ***evidences of … mortgages***, or liens

20 on real or personal property, ***or recording same***."  RCW 23B.15.010(2)(g) (emphasis added); *see*

21 *also Keene Guar. Sav. Bank v. Lawrence*, 32 Wn.2d. 572, 577 (1903) (transfer of mortgage

22 interest not "transacting business" in Washington).

23          Moreover, Plaintiff concedes MERS did not actually record the assignment, which means

24 MERS took no action in Washington at all, and thus did not engage in trade or commerce in

25 Washington.  *See* TAC ¶ 23.  But even if MERS had recorded the assignment, publishing

26 documents to the world falls outside the definition of "trade or commerce" under the CPA.  *Fid.*

27 *Mortg. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 468 (2006) (rejecting CPA claim because

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 11**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1  defendant's publishing interest rates that plaintiff thought were inaccurate did not occur in trade

2  or commerce); *Browne v. Avvo Inc.*, 525 F.Supp.2d 1249, 1254 (W.D. Wash. 2007) ("publication

3  of information and ratings based on available data is not 'trade or commerce'"; dismissing CPA

4  claim) (Lasnik, J.)  As such, MERS did not engage in conduct that violated the CPA.

5                                **VII.    CONCLUSION**

6          The Court should again dismiss Plaintiff's Complaint as to MERS for the same reasons

7  stated in its Amended Order.  Dkt. 118.  Moreover, because Plaintiff did not and cannot allege

8  facts demonstrating that MERS engaged in an unfair or deceptive practice that caused Plaintiff an

9  injury, or that MERS engaged in trade or commerce in Washington, the Court should dismiss her

10  claims on the merits with prejudice.

11          DATED this 24th day of December, 2014.

12                                      Davis Wright Tremaine LLP
                                        Attorneys for Defendant MERS

13                                      By  *s/Fred B. Burnside*
                                            Fred B. Burnside, WSBA #32491
14                                          1201 Third Avenue, Suite 2200
                                            Seattle, Washington  98101-3045
15                                          Telephone:  206-622-3150
                                            Fax: 206-757-7700
16                                          Email:  fredburnside@dwt.com

17

18

19

20

21

22

23

24

25

26

27

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 12**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 24th day of December, 2014.

_s/Fred B. Burnside_
Fred B. Burnside, WSBA #32491

**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
**(Case No. 2:13-cv-00602-RSL) - Page | 13**
DWT 25576778v1 0096475-000033

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax