UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO,<br><br>                Plaintiff,<br><br>        v.<br><br>CENLAR FSB, *et al.*,<br><br>                Defendants. | No. C13-0602RSL<br><br>ORDER GRANTING BAYVIEW'S MOTION FOR SUMMARY JUDGMENT |

       This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment" (Dkt. # 141) and the "Motion for Summary Judgment by Defendant Bayview Loan Servicing, LLC" (Dkt. # 166). Plaintiff filed a Third Amended Complaint after most of the memoranda related to these motions were filed: the Court has considered defendants' arguments in the context of the most recent allegations and claims.

       Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-

moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.**

On October 3, 2014, the Court dismissed plaintiff's RESPA claim against Bayview on the ground that plaintiff had not alleged that Bayview was a "servicer" as that term is defined in the statute or alleged any facts giving rise to a plausible inference that Bayview was actually "servicing" her loan. Dkt. # 119 at 3. When plaintiff moved to amend her complaint, the Court specifically authorized amendments to the RESPA and TILA claims against Cenlar and the FDCPA claim against Bayview, but rejected the other proposed amendments because plaintiff did not show that she was diligent in raising the new facts or pursuing the new causes of action in a timely manner. Dkt. # 169. Plaintiff has been aware of the relevant facts

regarding Bayview's conduct and activities with regards to her loan since she filed this action over a year and a half ago.  The newly-enhanced allegations in support of the RESPA claim could have and should have been asserted earlier.  The RESPA claim against Bayview was dismissed by prior order and will not be revisited here.

### (2)  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Plaintiff alleges that Bayview repeatedly contacted or attempted to contact plaintiff directly despite knowing that she was represented by counsel.  TAC (Dkt. # 172) at ¶¶ 62-64. Section 1692c(a) of the FDCPA states:

> (a) Communication with the consumer generally
>
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> . . .
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

Bayview states that Cenlar, the loan servicer to whom payments on the mortgage were due, "engaged Bayview to review Plaintiff for a loan modification" and that this activity does not qualify as "debt collection" for purposes of the FDCPA.  Dkt. # 163 at 1.  In addition, Bayview argues that there is no admissible evidence that Bayview knew plaintiff was represented by counsel until after it received the February 7, 2013, cease and desist letter.  Dkt. #163 at 3.

In an unpublished opinion, the Ninth Circuit has held that communications related to a potential loan workout are not "in connection with the collection of any debt" for purposes of § 1692c(a).  Santoro v. CTC Foreclosure Serv. Corp., 12 Fed. App'x 476, 480 (9th Cir. 2001).  The Santoros had fallen behind on their mortgage payments and were in default when the loan servicer sent them a letter explaining a variety of payment options that might be

ORDER GRANTING BAYVIEW'S
MOTION FOR SUMMARY JUDGMENT            -3-

available to them. The Santoros asserted an FDCPA claim under § 1692c(a) because they were represented by counsel at the time. The Ninth Circuit found that the claim failed because "[a] letter suggesting loan workout options is not seeking to collect the debt." Id.

Plaintiff offers no factual or legal basis on which to diverge from the holding in Santoro. She argues that Santoro is inapposite, but addresses only the portion of the decision involving the trustee's issuance of the notice of the foreclosure sale, not the more relevant analysis regarding the servicer's attempts to modify the payment schedule or amount so that the borrower could bring the loan current. Dkt. # 170 at 9. Plaintiff also confuses her initial burden of showing that Bayview falls within the definition of "debt collector" with the additional requirement that the communication at issue be "in connection with the collection of any debt" to violation § 1692c(a). While there may be instances in which communications related to a loan modification or workout may, as a factual matter, also seek to collect the underlying debt, plaintiff has not made such a showing here. The letter that forms the basis of plaintiff's FDCPA claim notes that the mortgage loan is delinquent and that if plaintiff is unable to pay the amount due, she should contact Bayview to discuss programs that might be available. Dkt. # 170-1 at 13. (No specifics are provided regarding the nature or content of Bayview's other communications with plaintiff.) The letter appears to be of the same nature as the one at issue in Santoro, and plaintiff fails to identify any legal or factual distinction that would justify a different result.[1]

---

[1] Plaintiff's reliance on the 2011 letters sent to her ex-husband (Dkt. # 170-1 at 65-74) is misplaced. Even if plaintiff could bring an FDCPA claim based on Bayview's communications with a third party (which is doubtful), there is no indication that plaintiff was represented by counsel when these letters were sent. In addition, the letters set forth "Delinquency Payment Agreements" that had been negotiated with and signed by plaintiff before being presented to her ex-husband for signature. It is hard to imagine how such a communication could be considered an attempt to collect a debt from plaintiff.

Because the Court has found no violation of § 1692c(a), it need not determine whether plaintiff has provided any admissible evidence that Bayview knew plaintiff was represented by counsel at any

ORDER GRANTING BAYVIEW'S
MOTION FOR SUMMARY JUDGMENT        -4-

1  For all of the foregoing reasons, plaintiff's motion for summary judgment against
2  Bayview (Dkt. # 141) is DENIED and Bayview's motion for summary judgment (Dkt. # 166)
3  is GRANTED.  All claims against Bayview are hereby DISMISSED.

Dated this 9th day of February, 2015.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

26  time prior to receiving the February 7, 2013, cease and desist letter.

ORDER GRANTING BAYVIEW'S
MOTION FOR SUMMARY JUDGMENT            -5-