Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO,<br><br>Plaintiff,<br>vs.<br><br>CENLAR FSB and BAYVIEW LOAN SERVICING, LLC,<br><br>Defendants. | NO. 2:13-cv-00602-RSL<br><br>PLAINTIFF'S **AMENDED** MOTION FOR RECONSIDERATION OF COURT ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS NWTS & RCO<br>**Noting date: February 23, 2015** |

Plaintiff, by and through her undersigned attorneys, respectfully AMENDS her Motion for Reconsideration to Strike page 2, lines 4-16, as Plaintiff had overlooked NWTS' asserted defense of statute of limitations in its Answer filed more than a year ago. There are no changes other than the specific amendment. Plaintiff requests the Court to reconsider its Order ("Subject Order") of February 9, 2015 (Dkt. #194), pursuant to LCR 7(h)(1). For brevity, Plaintiff's Motion incorporates by reference all papers and attachments filed in the Summary Judgment and Cross-Summary Proceedings among all parties, as well as the Court's files and records under the above-entitled cause by docket numbers. Manifest errors had occurred because the Court appeared to have overlooked evidence and materials submitted by the Plaintiff in her own motions for summary judgment against NWTS and defendant Bayview in arriving at the Subject Order. Additionally, in the time between the filing of the motions and the issuance of the Subject Order, the Washington Supreme Court had decided *Lyons v. U.S. Bank, N.A.*, 181

| | |
|---|---|
| MOTION FOR RECONSIDERATION OF COURT ORDER OF 02/09/2015<br>C13-602RSL | BARRAZA LAW, PLLC<br>14245-F Ambaum Blvd SW<br>Burien, WA 98166<br>206-933-7861 Fax 206-933-7863 |

- 1 -

Wn.2d 775, 336 P.3d 1142 (2014), which serves as controlling authority impacting this Court's decision to dismiss Plaintiff's claims in their entirety.[1]

**(2) Washington Consumer Protection Act ("CPA").** The Supreme Court unanimous decision of *Lyons v. U.S. Bank, supra*., serves as controlling authority in this case and stands for the following principles: (1) the trustee company must, under the duty of good faith imposed by RCW 61.24.010 (4), not act as a mere agent of the lender or the lender's successors but must remain impartial and protect the interests of all of the parties; (2) to adhere to this duty of good faith, the trustee must adequately inform itself regarding a purported beneficiary's right to foreclose by, at a minimum, making a cursory investigation before initiating a foreclosure sale of the affected property at the instigation of the purported beneficiary; (3) if there is an indication that a declaration of ownership of a note or instrument secured by a deed of trust might be ineffective, the trustee should verify the veracity of the declaration before initiating a foreclosure sale of the encumbered property, and (4) without a nonjudicial foreclosure sale, a party may not bring a claim for damages under the DTA, but she can bring a claim under the CPA, based on facts the violations of the DTA. Plaintiff prays for reconsideration of the Court's

---

[1] The parties in this case filed motions and cross motions for summary judgment. When that occurs, the Rule and case law interpreting it require the Court to treat each motion on its own merit. FRCP 56; *Puerto Rico American Ins. Co. v. Rivera-Vazquez*, 603 F.3d 125 (1st Cir. 2010); *Sedona Corp. v. Open Solutions, Inc*., 646 F. Supp. 2d 262 (D. Conn. 2009) (When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other; rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration). Because Plaintiff's cross-motions (Dkts. 140 and 141) included supporting declarations and exhibits, including Plaintiff's deposition transcript, and the transcript of depositions of Jeff Steman, Vonnie McElligott and Heather Smith, corporate officers and employees of NWTS, totaling nearly 500 pages, including her Declaration detailing the injury and damages she has suffered as a result of the Notice of Default (Dkt. #171). Yet, the Court's Order denying relief contains no analysis and no reference to any material considered whatsoever (Dkt. #199). When compared to the Subject Order, it would appear that the Court did not accord the Plaintiff the same consideration and deference it gave to the defendants. Thus, Plaintiff prays the Court for reconsideration to take into account the proof she submitted.

MOTION FOR RECONSIDERATION OF COURT
ORDER OF 02/09/2015
C13-602RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 2 -

holding that Plaintiff had abandoned her claims for DTA because the facts proving violations of DTA have been pleaded and should serve as proof of Plaintiff's claims under the CPA. *Lyons, supra*.

Plaintiff did submit evidence in her own motion and opposition of summary judgment in support of her assertion that NWTS knew or should have known that Cenlar was not the holder of the promissory note at the time the Notice of Default was issued as well as damages flowing therefrom. NWTS' evidence to rebut this particular claim consists only of the two separate Beneficiary Declarations executed by Cenlar; both state the same thing, which is, "Cenlar FSB is the *holder*." The Beneficiary Declarations informed NWTS that Cenlar is a mere holder and not the *actual holder* of the promissory note. Thus, NWTS failed to satisfy §61.24.030(7)(a).[2] As loan servicers, Cenlar and Bayview perform the ministerial act of collecting payments and processing Plaintiff's application for loan modification. Neither of these loan servicers is "entitled" to the payments being made by the Plaintiff because entitlement is grounded in law or by contract.[3] It is publicly known that Freddie Mac utilizes a custodian to maintain actual

---

[2] The record before the Court does not contain proof positive that Cenlar was the *actual* note holder. Further, the Deed of Trust does not support the notion that Cenlar, a loan servicer, was entitled to receive payments. The Deed of Trust refers only to "Lender" and emphasizes that the collateral is secured for the benefit of the "Lender." Thus, the Lender is the real beneficiary of both the obligation and the collateral. By contrast, the term "loan servicer" is discussed only in one single paragraph, para. 20, which states: "The Note or a partial interest in the Note (together with this Security Instrument) can be sold once or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law." The Deed of Trust expressly confers upon defendant MERS, who "holds legal title to the Interests granted by Borrower," the rights to "exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property".

[3] Black's Law Dictionary: Entitlement is a distribution or privilege or right to an economic benefit, typically granted by contract or law.

MOTION FOR RECONSIDERATION OF COURT　　　　　　　　　　BARRAZA LAW, PLLC
ORDER OF 02/09/2015　　　　　　　　　　　　　　　　　　　　　14245-F Ambaum Blvd SW
C13-602RSL　　　　　　　　　　　　　　　　　　　　　　　　　　　Burien, WA 98166
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　206-933-7861 Fax 206-933-7863

- 3 -

possession of original loan documents, and, given the frequency in which loan servicers change, loan servicers are not in actual possession of the original Note but must obtain physical possession of it from the custodian.[4] Even though NWTS' designation of Cenlar as the "creditor to whom [Plaintiff] owes the debt" does not require any further explanation, it conflates the owner, Freddie Mac, who should be the actual holder of the Note, and if not, Freddie Mac's record custodian, someone who has actual beneficial and economic interests as delineated in the loan documents, with Cenlar, a mere collector of periodic payments. Plaintiff gave testimony that she was actually confused by the Notice of Default and incurred time loss and other out-of-pocket costs as a result of her efforts to investigate the merits of NWTS' representations.[5]

The Court erred in holding that Plaintiff must prove actual deception or unfairness. Under CPA well-established jurisprudence, Plaintiff need not prove that NWTS intended to deceive her, or that actual deception has occurred. The question is whether the conduct has "the capacity to deceive a substantial portion of the public." *Bain v. Metropolitan Mortg. Grp., Inc.,* 175 Wn.2d 83, 285 P.3d 34 (2012); *Hangman Ridge Training Stables, Inc. v. Safeco*, 105 Wn.2d 778, 789, 719 P.2d 531 (1986). Even accurate information may be deceptive if there is a representation, omission or practice that is likely to mislead. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 50, 204 P.3d 885 (2009). "The purpose of the capacity-to-deceive test is to deter deceptive conduct *before* injury occurs." *Sing v. John L. Scott, Inc.,* 134 Wn.2d 24, 30, 948 P.2d 816 (1997), *emphasis added*. Deception exists if there is a representation, omission, or

---

[4] *McDonald v. OneWest Bank*, 929 F.Supp.2d 1079 (W.D. Wash. 2012); http://www.freddiemac.com/cim/pdf/EntireManual.pdf, April 2014, Freddie Mac's Handbook, Chapters 3 and 4, Form 1036 is used to request physical or constructive possession of the note.

[5] Dkt. #171, Plaintiff's Declaration in Support of Motion for Summary Judgment against Bayview.

MOTION FOR RECONSIDERATION OF COURT  
ORDER OF 02/09/2015  
C13-602RSL

BARRAZA LAW, PLLC  
14245-F Ambaum Blvd SW  
Burien, WA 98166  
206-933-7861 Fax 206-933-7863

- 4 -

practice that is *likely to mislead a reasonable consumer*. *Panag,* 166 Wn.2d at 50. To evaluate the capacity of language to deceive, courts look to "'not to the most sophisticated [consumers] but rather to the least.'" *Id.* In addition to confusing beneficiary with owner, and note holder, and loan servicer, NWTS also admitted that it gets paid by the servicers to do what the servicers want. Thus, NWTS' characterization of its compensation for services rendered to the servicer as "trustee fee" violate its duty of impartiality and good faith.[6] *Bain, supra.*; *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 297 P.3d 677 (2013). The Court's conclusion that "labeling" or "characterization" of the fee Plaintiff was charged is "immaterial" is contradicted by Washington law. *Stephens v. Omni Ins. Co.*, 138 Wn. App. 151, 159 P.3d 10 (2007) ("Characterizing an unliquidated [tort] claim as an 'amount due' has the capacity to deceive."); *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 170 P.3d 10 (2007)(Listing a surcharge "on a portion of the invoice that included state and federal tax charges violated CPA). Plaintiff explained her injury in deposition and itemized losses caused by the Notice of Default in a separate declaration.[7] Under the CPA, the plaintiff's injury is met

---

[6] In deposition, Jeff Stenman was shown a number of notices of default issued by NWTS using the same NOD Template and containing Trustee's Fees. When asked why Plaintiff was charged a Trustee Fee while NWTS was acting as an agent of Cenlar, Stenman explained, "It's a label in the form. We don't differentiate between some third –party contractor fee and a trustee's fee. So I guess I would say that's a form, a form label."( Dkt. 41, Exhibit PP, 43-49) When asked whether Plaintiff, as the recipient of the NOD, could reconcile how the Trustee Fee was added to the total amount she needed to cure with the fact that NWTS was only acting as agent for Cenlar, Stenman respond, "I don't know what your client would assume." Id. at 50-51. Stenman confirmed that in the event that the borrower makes payment to cure and prevent the sale, the Trustee Fee would be included in the cure amount. Id. at 54. In Plaintiff's case, because she obtained a HAMP Modification, all fees and costs incurred by the servicer had been capitalized into her New Principal Balance. Stenman estimated in 2012 when Plaintiff received her NOD, NWTS sent out between 8,000 to 10,000 notices of default, maybe more. Id. at 63-64.

[7] Lucero Declaration in Support of Motion for Summary Judgment against Bayview (Dkt. #171) verifies that Plaintiff spent approximately 65.5 hours or $1,136.00 in time she could have dedicated to working as an assistant to architects, to research and determine the entity with whom she could discuss her desire to work

MOTION FOR RECONSIDERATION OF COURT
ORDER OF 02/09/2015
C13-602RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 5 -

"upon proof the plaintiff's 'property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal.'" *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 57, 204 P.3d 885 (2009). The conduct of NWTS in this case are exactly like the conduct of NWTS in *Lyons*, and the Supreme Court's mandate in *Lyons* applies squarely to the facts alleged by Plaintiff in her Third Amended Complaint.

Plaintiff prays the Court to reconsider its prior rulings contained within the Subject Order and reverse summary judgment in favor of defendants NWTS and RCO. At a minimum, the parties' evidence created a genuine issue of material fact allowing the case to be tried by the jury.

BARRAZA LAW, PLLC

*/s/ Vicente Omar Barraza*
Vicente Omar Barraza, WSBA # 43589
Attorney for Plaintiff Leticia Lucero
14245-F Ambaum Blvd SW, Burien WA 98166
206-933-7861 Fax 206-933-7863

BARRAZA LAW, PLLC

Dated: 02/24/2015         /s/ *John R. Laris*
John R. Laris, WSBA # 44406
14245-F Ambaum Blvd SW, Burien WA 98166
206-933-7861 Fax 206-933-7863
Attorney for Plaintiff Leticia Lucero

GRAND CENTRAL LAW, PLLC

Dated: 02/24/2015         /s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 21793
Attorney for Plaintiff Leticia Lucero
787 Maynard Ave S, Seattle WA 98104

---

out the mortgage loan. Additionally, Plaintiff incurred $61.00 in mileage and parking, and $15.00 in mailing the Qualified Written Requests to Bayview and Cenlar.

MOTION FOR RECONSIDERATION OF COURT           BARRAZA LAW, PLLC
ORDER OF 02/09/2015                            14245-F Ambaum Blvd SW
C13-602RSL                                      Burien, WA 98166
                                         206-933-7861 Fax 206-933-7863

- 6 -

727-269-9334/Fax 727-264-2447
youremylawyer@gmail.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 24, 2015, I filed with the Court Plaintiff's Motion for Reconsideration via CM/ECF, and served the same upon the following recipients via ECF:

Heidi Buck-Morrison
John McIntosh
RCO Legal PS
13555 SE 36th St., Ste 300
Bellevue WA 98006
425-458-2121/Fax 425-458-2131
hbuckmorriosn@rcolegal.com
jmcintosh@rcolegal.com

Renee M. Parker, WSBA#36995
Wright Finlay & Zak, LLP
4665 MacArthur Blvd., Ste 200
New Port Beach, CA 92660
rmparker@wrightlegal.net
Attorneys for defendants Cenlar, Dobron, and Morris

Fred Burnside
Davis Wright Tremaine
1201 Third Ave, Ste 2200
Seattle, WA 98101
206-757-8016/Fax 206-757-7016
fredburnside@dwt.com
Attorneys for defendant MERS

Joseph McIntosh
McCarthy Holthus
19735 10th Ave NE, Ste N200
Poulsbo, WA 98370-7478
206-319-9049/Fax
jmcintosh@mccarthyholthus.com
Attorneys for Defendant Bayview

MOTION FOR RECONSIDERATION OF COURT
ORDER OF 02/09/2015
C13-602RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 7 -

/s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 21793

MOTION FOR RECONSIDERATION OF COURT
ORDER OF 02/09/2015
C13-602RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 8 -