Hon. Robert S. Lasnik
Noting Date: August 21, 2015

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LETICIA LUCERO, | No. 2:13-cv-00602-RSL |
| Plaintiff, | RESPONSE TO MOTION IN LIMINE |
| vs. | |
| CENLAR FSB and BAYVIEW LOAN SERVICING, LLC, et al., | |
| Defendants. | |

## PROCEDURAL HISTORY

This case was filed in March of 2013. During the past twenty seven months, the parties have been involved in an intensive motion practice where Plaintiff's claims were tested by motions to dismiss, motion for judgment on the pleadings, motions to strike, motions for summary judgment and cross-motions for summary judgment. A number of dispositive motions are still pending before the Court (Dkt. # 207, 215, 221, 227). Through motion practice, all issues of law have been exhaustively briefed and all evidence have been identified, submitted and considered by the Court. Defendant Cenlar, FSB ("Cenlar") has deposed Plaintiff and her treating counselor, Penelope Bell. Cenlar have also attended all depositions of witnesses questioned by Plaintiff.  The parties attended ADR in February of 2015 which failed to result in a settlement.

The parties stipulated to dismiss MERS and the individual defendants, Jennifer Dobron and Nancy K. Morris. Plaintiff and the sole remaining defendant, Cenlar, agreed to waive jury

PLAINTIFF'S RESPONSE TO MOTION
IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 1 -

and informed the Court that they will be available for bench trial on September 23, 2015, as suggested by the Court.

Due to a calendaring oversight and the multiplicity of impending motions for summary judgment, Plaintiff had mistaken the date of the Agreed Pretrial Order as appearing on the Sixth Amended Order, for the date that she must serve her Pretrial Disclosures. Therefore, she did not serve the disclosures upon Cenlar until Monday, August 10, 2015, after Cenlar served its disclosures on the previous Friday. This service however is more than 30 days before the trial date to September 23, 2015, as being contemplated by the Court.

## THIS COURT'S PRIOR HOLDINGS CONSTITUTE LAW OF THE CASE

Pursuant to this Court's Amended Order of October 3, 2014 (Dkt. #118), and Order of February 9, 2015 (Dkt. #195), Plaintiff's claims of FDCPA, RESPA, TILA, Breach of Contract and Breach of Implied Duty of Good Faith and Fair Dealing, and the Tort of Outrage, remain intact.

Earlier in the case, this Court denied Cenlar's motion to dismiss via its Order dated October 3, 2014 (Dkt. #118). The Court's holdings are pertinent and binding upon Cenlar on the remaining claims: 1) Cenlar is a debt collector and is subject to §1692 f(6) as well as the FDCPA' prohibition against false credit reporting and direct communication with a represented person; 2) Cenlar is subject to Regulation X including its obligation to respond to Plaintiff's December 29, 2013 inquiry concerning fees and costs levied in November of 2013, as well the March 25, 2014 inquiries involving fees and costs levied subsequently; 3) Plaintiff plausibly pleaded (and can prove) that Cenlar breached the loan contract and the duty of good faith and

PLAINTIFF'S RESPONSE TO MOTION
IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 2 -

fair dealing by charging unreasonable attorney fees not incurred "in" an action or proceeding, and 5) Plaintiff's claim of outrage passed the test to be submitted as a jury question.

Subsequently, the Court issued Order upon Cenlar's motion to strike on February 9, 2015 (Dkt. #195) whereupon it held further "To the extent Plaintiff has alleged additional facts in support of her existing claims, such supplementation is unnecessary: the claims have survived a motion to dismiss, and plaintiff will be permitted to marshal her facts in support thereof, regardless of whether the facts were specifically alleged in the pleading or not."

The Court's prior rulings constitute law of the case in determining Cenlar's motion in limine since Cenlar did not move for reconsideration of such rulings. The "law of the case" doctrine states that **the decision on a legal issue by the same or a superior court must be followed in all subsequent proceedings in the same case**. *Planned Parenthood of Cent. & N. Ariz. v. Arizona*, 718 F.2d 938, 949 (9th Cir. 1983). The rule is discretionary, yet, "in order to maintain consistency during the course of a single case, reconsideration of questions previously decided should be avoided." *United States v. Mills*, 810 F.2d 907, 909 (9th Cir. 1987). The doctrine applies when "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (internal quotation marks omitted). This rule promotes finality, and thus, the discretion of a court to revisit issues previously decided should be exercised sparingly. *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 833-34 (9th Cir. 1982).

### ANALYSIS

A federal court of appeal has expressed that a motion *in limine* is inappropriate in a bench trial: "First, this is a bench trial, making any motion *in limine* asinine on its face.

PLAINTIFF'S RESPONSE TO MOTION
IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 3 -

Motions *in limine* are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk." *Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727 (2001). It is against the backdrop that the Court considers Cenlar's motion.

**Plaintiff's belated pretrial disclosures.**  Rule 26(a)(3)(B) and Local Rule 16 both provide that pretrial disclosures must be made at least thirty days before trial unless otherwise ordered by the court. It is not uncommon for parties to request that the pretrial disclosure deadline be held in abeyance until the court has ruled on any pending dispositive motions because such rulings also help determine the evidence to be presented at trial. *Rowley v. City of Myrtle Beach*, 2009 U.S.Dist. LEXIS 131683 (S.C.Dist. 2009). Federal Rule of Civil Procedure 37 provides for a party's failure to make a disclosure by the required date. Fed. R. Civ. P. 37. "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness or information not disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). *See Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006) ("It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). A court

PLAINTIFF'S RESPONSE TO MOTION  
IN LIMINE  
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC  
14245-F Ambaum Blvd SW  
Burien, WA 98166  
206-933-7861 Fax 206-933-7863

- 4 -

need not find bad faith before imposing sanctions for violations of Rule 37. *Yeti by Molly*, 259 F.3d at 1106.

In this case, due to a calendaring error, Plaintiff served her Disclosures 13 days late. This is the type of human error that happens despite the best intentions. Cenlar does not contend that the belated disclosures contain any fact or cause of action that Cenlar has not been made aware and defended rigorously during the past twenty seven months of this litigation. Cenlar has not identified any particular harm that was caused or would cause by the belated disclosures. Finally, because the Court would be moving the trial date to September 23, 2015, or even beyond, Cenlar received Plaintiff's disclosures more than 30 days before the actual trial date and the late production is harmless. *Southern States Rack & Fixture, Inc., v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir.2003) ("In exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non disclosing party's explanation for its failure to disclose the evidence."); FCRP 16(f).

**Plaintiff's witness, Bernard Jay Patterson.**  Mr. Bernard Jay Patterson, whose testimony concerning mortgage accounting and analysis have been accepted by various federal courts, bankruptcy courts and states courts around the country, simply reviewed the loan history and other documents provided by Cenlar and other defendants in this case, to determine the amounts of fees and costs Cenlar has assessed. Plaintiff submits that Mr. Patterson's testimony will be

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 5 -

factual, and not of an expertise nature. Mr. Patterson's role is limited to his review of the account information provided by Cenlar and he can explain to the Court whether the math used by Cenlar was correct. Mr. Patterson cannot and will not render any opinion, expert or otherwise, because the math either adds up, or it doesn't.  Where an expert witness is a fact witness, the requirements of Rule 701 are met. *Asplundh Div. V. Benton Harbor Eng.,* 57 F.3d 1190 (3d Cir. 1995) (lay and expert witness on design of product). Moreover, in a trial before the bench, "where the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006); *see also United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *SmithKlineBeecham Corp. v. Apotex, Corp.,* 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003) (Posner, J.) ("In a bench trial it is an acceptable alternative to admit evidence of borderline admissibility and give it the (slight) weight to which it is entitled"), aff'd on other grounds, 403 F.3d 1331 (Fed Cir. 2005); *Barna v. United States*, 183 F.R.D. 235, 239 (N.D. Ill. 1998) ("motions in limine to strike party experts are of less importance in bench trials").

Cenlar seeks to exclude Mr. Patterson's testimony as a lay witness solely on the grounds that his name was not disclosed at the inception of the litigation. Yet, Plaintiff could not have disclosed Mr. Patterson at the inception of the litigation because Cenlar's assessment of attorney fees against Plaintiff's account did not occur at the inception of the lawsuit but only after Cenlar had incurred attorney fees in defending against it. Cenlar's shifting of its attorney fees onto Plaintiff's mortgage account occurred over the course of many months and the assessment only

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 6 -

ceased because Cenlar sold or transfer the servicing of the loan in May of 2015 to Nationstar. It was only after Cenlar had failed to provide explanations for the ever increasing attorney fees despite Plaintiff's repeated requests that Plaintiff finally sought help from Mr. Patterson. His testimony is therefore relevant and admissible.

**Testimony from Penelope Bell regarding Plaintiff's Treatment.** Plaintiff has been seeing a counselor for her emotional distress caused by Cenlar's conduct. Instead of securing from Plaintiff a release for medical/therapy records first, Cenlar simply deposed Penelope Bell and attempted to delve into the "communication" between Plaintiff and Ms. Bell during said deposition. Without a release from Plaintiff, Ms. Bell could not and therefore did not reveal details of treatment at her deposition. For purposes of trial, Plaintiff would stipulate to Ms. Bell's testimony of treatment and Cenlar would have the opportunity to call Ms. Bell in its own case, or cross-examine her in Plaintiff's case. There is no apparent or actual prejudice to Cenlar for its inability to question Ms. Bell at her deposition to warrant exclusion,

**Cenlar's inaccurate or erroneous (default and foreclosure) reporting of the Loan to the credit bureau is admissible as contextual and historical evidence.** Plaintiff alleges and will present testimony that she did not learn of any irregularities in her modified loan until she was denied credit for a car loan. The denial of credit served as the impetus for Plaintiff to investigate the status of her Loan further. This evidence qualifies as same transaction contextual evidence or background contextual evidence. Following the false reporting, Cenlar continued to inform Plaintiff that her Loan was "delinquent." Thus, where this Court has been briefed, and considered the fact that Plaintiff learned of the issues affecting her modified mortgage loan through a denial of credit when she applied for a car loan during the pendency of the case, the

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

prejudicial impact of this information is minimal, if any. Contextual evidence is admissible under FRE 404(b) because it explains the context as well as is necessary to complete the story of the case or controversy. *U.S. v. Curtin*, 489 F.3d 935, 952 (9th Cir.2007) (contextual and circumstantial evidence becomes acutely relevant to a defendant's material state of mind and such evidence is not only admissible, but may be critical); *U.S. v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005) (holding testimony was relevant "because it provided background and contextual information that would have been useful in assessing the relative credibility" of witnesses and parties). Cenlar's argument that said evidence should be barred because it attempted to raise or resurrect FCRA claims is completely misdirected and unsupported.

**<u>The independent duty doctrine does not apply to exclude evidence.</u>** It is improper for Cenlar to use the motion *in limine* as the vehicle to strike Plaintiff's outrage claim after the deadline for all dispositive motions had passed. Cenlar had already argued the independent duty doctrine either in its pending motion for summary judgment (<u>Dkt. #215</u>). Regardless, Washington Supreme Court has held that the independent duty doctrine does not work to bar tort remedies "unless and until this Court has, based upon considerations of common sense, justice, policy and precedent, decided otherwise." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 241 P.3d 1256 (2010). According to the more recent decisions since *Eastwood*, the trial court cannot automatically dismiss Plaintiff's tort claims against Cenlar based solely on the existence of a contract between them; instead, it must determine whether Cenlar's alleged breaches of claimed tort duties arose independently of the contract terms and it must do so on summary judgment taking the facts in the light most favorable to Plaintiff, regardless of the likelihood that Plaintiff would ultimately prevail on those claims at trial. *Eastwood*, 170 Wn.2d 380;

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 8 -

*Affiliated FM Ins. Co., v. LTK Consulting Servs, Inc.*, 170 Wn.2d 442, 243 P.3d 521 (2010); *Jackowski v.Borchelt*, 174 Wn.2d 720, 278 P.3d 1100 (2012) ("The independent duty doctrine is not a rule at all; rather it is an analytical tool used by courts to decide whether there is an independent duty cognizable in tort in the first instance."). Here, this Court has held that Plaintiff can introduce evidence to support her claim for breach of contract and breach of good faith, as well as the claim of outrage. There has been no decision on summary judgment that Plaintiff can't prevail on these claims as a matter of law. Additionally, Cenlar failed to identify which evidence should be excluded if the independent duty doctrine applies. Therefore, Cenlar's request for exclusion must be denied.

**Evidence concerning Requests for Information and Notice of Error.** In addition to the Court's prior rulings that Plaintiff could present evidence concerning Cenlar's failure to respond to Plaintiff's three separate inquiries under Regulation X, Cenlar's request for exclusion of the same is absurd. For more than two years, although Cenlar could have, Cenlar never objected to Plaintiff's inquiries on the ground that they were not made in the discovery context. Instead, Cenlar's counsel engaged in a dialogue with Plaintiff's counsel about its investigation into the errors asserted and how it endeavored to provide Plaintiff with the information requested via Reg. X. At the end, Cenlar provided no response whatsoever to Plaintiff's inquiries and its failure constituted violations of RESPA. Therefore, Cenlar produced nothing pursuant to Plaintiff's statutory inquiries. Even assuming that the Reg. X inquiries should have been incorporated into the discovery process, Cenlar's failure to timely object constitutes a waiver of all objections relating thereto. A party who fails to file timely objections waives all objections, including those based on privilege or work product. *Richmark Corp. v. Timber Falling*

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 9 -

*Consultants,* 959 F.2d 1468, 1473 (9th Cir.), *cert. dismissed*, 506 U.S. 948, 113 S.Ct. 454, 121 L. Ed. 2d 325 (1992) ("[F]ailure to object to discovery requests within the time required constitutes a waiver of any objection.").

Cenlar's claim that Plaintiff baited Cenlar into violating the law is comical given the size of the institution, its expertise in loan servicing, and its vast resources including the number of lawyers representing its interest in this litigation. These same lawyers also want the Court to erase all positions taken, and evidence provided and relied upon by Cenlar in this litigation because these materials are "prejudicial" to them. In order to accept this premise, the Court has to abandon all notions of fair play and justice. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *American Title Ins. Co., v. Lacelaw Corp*. 861 F.2d 224 (9th Cir.1988), citing to *In re Fordson Engineering Corp*., 25 Bankr. 506, 509 (Bankr. E.D. Mich. 1982). Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions and are conclusively binding on the party who made them. *See White v. Arco/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *Fordson*, 25 Bankr. at 509; *United States v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir. 1980) (for purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2723, pp. 64-66 (1983) (admissions in opponent's brief can be used to determine there is no genuine issue of fact, since they are functionally equivalent to "admissions on file"). Cenlar has not identified any specific admissions or arguments made by its counsel that fall outside the general rule and its request must be denied.

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 10 -

**Plaintiff's claims of breach of contract and breach of duty of good faith.** Cenlar urges the Court to bar Plaintiff from presenting evidence in support of her claims for breach of contract and breach of good faith and fair dealing on the ground that these claims were not authorized by the Court. Again, Cenlar has no compunction in its constant effort to mislead the Court in the facts and the law. Here, Plaintiff's Second Amended Complaint, permitted by the Court, provided Cenlar with notice of these claims and the Court never struck these claims in allowing the filing of Third Amended Complaint as an operative pleading. Cenlar's motion for summary judgment (Dkt. #215, p. 20) spent considerable time addressing these claims on the merit: "The relationship between Cenlar and Plaintiff is governed by the Loan contract-the note, the DOT, and the Modification." Cenlar argued that §9 of the DOT authorizes for Cenlar to assess attorney fees against Plaintiff and further argued that even though Cenlar is not the investor (Freddie Mac is), and submitted further that "if Cenlar elects to appear in a lawsuit, it is mandated to add its attorney fees to the Loan."  The existence of the loan documents and the legal force of their terms have been judicially admitted and are binding upon Cenlar. The terms of the loan are essential to Plaintiff's breach of contract and breach of good faith and fair dealing claims. *See, e.g., Smith v. Chapman*, 436 F. Supp. 58, 62 (W.D. Tex. 1977), aff'd, 614 F.2d 968 (5th Cir. 1980) (A statement in a complaint, answer or pretrial order is a judicial admission, as is a failure in an answer to deny an allegation). Cenlar does not identify specific testimony or evidence, but offers only conclusory arguments that Plaintiff can't advance the claims. Therefore, exclusion is not warranted.

**Proof of violations of CPA.** Cenlar's final *in limine* request is for the Court to preclude Plaintiff "from basing her CPA claim on Cenlar's assessment of Attorney Fees on the grounds

PLAINTIFF'S RESPONSE TO MOTION
IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 11 -

that Plaintiff "has not been diligent in raising new facts." Cenlar made this request despite the Court's prior and unambiguous holding that "To the extent Plaintiff has alleged additional facts in support of her existing claims, such supplementation is unnecessary: the claims have survived a motion to dismiss, and plaintiff will be permitted to marshal her facts in support thereof, regardless of whether the facts were specifically alleged in the pleading or not." (Dkt. #195) Exclusion is not warranted based on this Court's prior ruling concerning facts supporting Plaintiff's claims under the CPA.

Cenlar's counsel is charged with knowledge of FCRP 15(b), which provides in relevant part that "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues." *Frito Co., Western Div. v. NLRB*, 330 F.2d 458 (9th Cir.1964); *Free-Flow Packaging Corp. v. NLRB*, 566 F.2d 1124 (9th Cir.1978); *Hendricks v. Hendricks*, 35 Wn.2d 139, 150-51 (1949) (Trial courts are usually more willing to conform the pleadings to the proof than to receive formal amended pleadings at the outset or during the progress of the trial). Since the Court has yet to hear the proof, and Plaintiff is entitled to move for amendment of her pleadings to conform to such proof, Cenlar's motion *in limine* is nothing more than a lame effort to distract this Court as the ultimate arbiter of truth from doing its job.

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 12 -

## CONCLUSION

This Court has previously admonished Cenlar's counsel for their lack of candor toward the tribunal and reminded counsel that "Candor toward the tribunal, including acknowledging and addressing contrary authority on the merits, is required and expected." (Dkt. #1187, p. 5, n.5). Yet, counsel has continued to disregard the Court's mandate and submitted a blustery of contentions urging nearly **all** of the evidence supporting **all** of Plaintiff's claims should be excluded in their entirety. Counsel's tactic of throwing in the whole kitchen sink is improper and should be discouraged and the motion in limine should be denied.

DATED: August 19, 2015.

BARRAZA LAW, PLLC

　　　*/s/ Vicente Omar Barraza*
Vicente Omar Barraza, WSBA # 43589
Attorney for Plaintiff Leticia Lucero
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863


BARRAZA LAW, PLLC
　　　/s/ *John R. Laris*
John R. Laris, WSBA # 44406
Attorney for Plaintiff Leticia Lucero
1818 Westlake Avenue North, Suite 308
Seattle, WA 98109
206-933-7861 Fax 206-933-7863

GRAND CENTRAL LAW, PLLC

　　　/s/ *Ha Thu Dao*
Ha Thu Dao, WSBA # 21793
Attorney for Plaintiff Leticia Lucero
787 Maynard Ave S, Seattle WA 98104
727-269-9334/Fax 727-264-2447
youremylawyer@gmail.com

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 13 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on the below date I caused to be filed with the court and served upon the following parties, via ECF, a copy of the foregoing document to:

Defendants Cenlar, Jennifer Dobron, Nancy K. Morris, and their attorneys, Wright, Finlay & Zak, LLP., 4665 MacArthur Court, Ste 200, Newport Beach, CA 92660, at rmparker@wrightlegal.net, lwozniak@wrightlegal.net.

Defendant MERS, Davis Wright Tremaine LLP, 1201 Third Ave, Ste 2200, Seattle WA 98101, fredburnside@dwt.com, davidabadir@dwt.com, zanabugaighis@dwt.com

DATED August 19, 2015.

*/s/ Ha Thu Dao*
_____
Ha Thu Dao

PLAINTIFF'S RESPONSE TO MOTION IN LIMINE
No. 2:13-cv-00602-RSL

BARRAZA LAW, PLLC
14245-F Ambaum Blvd SW
Burien, WA 98166
206-933-7861 Fax 206-933-7863

- 14 -