UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE COURTHOUSE

| | |
|---|---|
| LETICIA LUCERO,<br><br>                              Plaintiff,<br><br>vs.<br><br>CENLAR FSB and BAYVIEW LOAN<br>SERVICING, LLC, et al.<br><br>                              Defendants. | CASE NO.: 2:13-cv-00602-RSL<br>Assigned to: Hon. Robert S. Lasnik<br><br>**OPPOSITION TO PLAINTIFF'S MOTION<br>FOR ATTORNEYS' FEES AND COSTS**<br><br>NOTED FOR CONSIDERATION:<br>FRIDAY, MARCH 4, 2016 |

COME NOW Defendant CENLAR, FSB ("Defendant"), and opposes Plaintiffs' Motion for Attorneys' Fees (hereinafter "Fee Motion"). Defendant respectfully requests this Court to reduce Plaintiff's Fee Motion by $77,325.00 in accordance with **Exhibit "A"** attached hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

Plaintiff has filed a motion to recover her attorneys' fees and costs in this action that is egregiously excessive and improper, including a bad faith attempt to recover fees on issues on which Plaintiff lost (encompassing several failed complaints, suing employees of Defendant in their individual capacities, and filing documents in defiance of this Court's orders) and numerous duplicative and/or unnecessary charges.

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 1

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

Plaintiff initially brought this action to challenge Defendant's right to enforce the loan at issue— despite having just applied for and obtained a modification of that loan *from Defendant.* Over the course of four versions of her complaint, Plaintiff unsuccessfully asserted numerous causes of action in a frivolous attempt to pursue that challenge.

It was only after this action was already eighteen (18) months old that Plaintiff amended her complaint to assert the claims based on the inclusion on her monthly statements of the fees Defendant had incurred in successfully defeating those challenges. Plaintiff's Third Amended Complaint raised sixteen (16) claims for relief but, ultimately, Defendant defeated all but three of those claims [Breach of Contract, Outrage, and RESPA]. Nonetheless, Plaintiff's fee motion does not limit her demand for recovery to just what she incurred in connection with those three claims, but improperly demands recovery of fees even as to those claims and issues on which she indisputably lost.

Additionally, Plaintiff claims fees that are unnecessary or duplicative. Even Plaintiff's own Fee Motion illustrates this point: Plaintiff seeks recovery for an argument regarding application of multipliers to her attorneys' fees, yet the Fee Motion does not appear to be anything more than a straight lodestar calculation. Plaintiff's request for a positive multiplier is unwarranted – in fact, a negative multiplier is called for. The motion itself notes that the purported lodestar fee without enhancement already is designed to compensate counsel for their risks in taking this matter and in fact exceeds the fee that would have been charged in the legal community for the services provided in a case of this nature, and the unnecessary and duplicate work at excessive hourly rates must be discounted to the extent that this Court finds them to be recoverable at all.

Based on the egregious actions of Plaintiff and her counsel in filing utterly frivolous and bad faith claims, in disregarding this Court's orders, and in needlessly increasing the time and expense of the defense of this action, and for the reasons below, Plaintiff should not be awarded her claimed fees and costs at all, let alone in the excessive amount demanded in her motion.

## II.    STATEMENT OF FACTS

On or about August 16, 2006, Plaintiff and non-party Richard A. Glidden ("Glidden"), Plaintiff's former husband, executed a Note and Deed of Trust for the principal amount of $391,000.00; the Deed of Trust secured the Note as to the real property commonly known as 1003 159th Place SE, Bellevue,

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 2

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

Washington 98008.  Ultimately Plaintiff and Glidden defaulted on their obligations under the Note and Deed of Trust, and both entered into a written loan modification agreement with Defendant as assignee and beneficiary of the original Deed of Trust and also as holder of the Note.  Plaintiff and Glidden executed the permanent loan modification agreement on January 25, 2013 ("Loan Modification"), and Cenlar executed the document on April 2, 2013.

Immediately after execution of the loan modification, on April 3, 2013 Plaintiff alone initiated an utterly frivolous and bad faith lawsuit against Defendant and other parties, raising claims for violation of the Washington Deeds of Trust Act ("DTA"), the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Washington Consumer Protection Act ("CPA"),[1] and also for "Negligent Training and Supervision, Negligence and Bad Faith." After Defendant moved for dismissal, even Plaintiff acknowledged that many of her claims were defective, and <u>as a matter of law</u> Defendant prevailed on its dismissal motion (see Dkt. No. 30 at Pg. 1).

Plaintiff then improperly filed her First Amended Complaint[2] alleging the following violations by Defendant and certain employees of Defendant acting within the course of their employment and scope of their duties for Defendant: FDCPA, DTA, Real Estate Settlement Procedure Act ("RESPA"), and the CPA. Plaintiff also made allegations of "Fraud" against Defendant's notary ("Morris") and against another employee of Defendant authorized to execute documents as Assistant Secretary of MERS ("Dobron"). Defendant, Morris and Dobron all filed answers to the First Amended Complaint.

Shortly thereafter, Plaintiff filed a Second Amended Complaint again alleging violation of the DTA, RESPA, FDCPA, CPA, "Truth in Lending Act ("TILA"), and for Breach of Contract, Outrage, and Fraud" by Morris and Dobron.  Defendant, Morris and Dobron, filed a motion to dismiss the Second Amended Complaint, which was granted.  Plaintiff's RESPA and TILA claims, and the FDCPA claims against Morris and Dobron were dismissed in entirety. The motion to dismiss as to the CPA claim was granted in part and denied in part (the partial denial was based on Plaintiff's wholly fabricated—and

---

[1] Based on *Bain v. Metropolitan*, 175 Wn.2d 83 (2012) arguments pertaining to MERS that the Court repeatedly acknowledged as being meritless.
[2] See Dkt. No. 30 at fn 1. Plaintiff filed her Amended Complaint without requesting leave to amend after Defendant filed its dismissal motion.

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 3

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

1  ultimately disproved--allegation that Defendant did not possess the Note). Plaintiff was only granted

2  leave to amend her RESPA and TILA claims (see Dkt. Nos. 107, 109, 118).

3        Plaintiff then requested permission to file a Third Amended Complaint to again plead causes of

4  action the Court specifically did not allow per its ruling on Defendant's dismissal motions for the

5  Second Amended Complaint.  Accordingly, Defendant opposed Plaintiff's motion.  The Court *denied*

6  Plaintiff's motion (see Dkt. No. 169), but Plaintiff was still allowed leave to file an amended complaint

7  along the lines permitted by the Court in its prior ruling on Defendant's dismissal motion (see Dkt. Nos.

8  107, 109, 118). In flagrant defiance of this Court's express order, Plaintiff nonetheless included in her

9  Third Amended Complaint claims alleging negligent misrepresentation against Morris and Dobron,

10 "fraud" by Morris and Dobron, violation of Regulation X by Defendant, and Breach of the Loan

11 Modification Agreement, FDCPA, TILA, Regulation Z, and Outrage. Defendant, Morris and Dobron

12 were therefore forced to move to strike portions of the Third Amended Complaint.  In fact, in granting

13 Defendant's motion, the Court found Plaintiff's Third Amended Complaint "far exceeded the

14 permissible scope of amendment" (see Dkt. No. 195).

15       Morris and Dobron then moved for summary judgment on the remaining claims against them and

16 that motion was granted (see Dkt. No. 249).[3] Defendant, as their employer, was obligated to defend

17 them and paid for all the costs and fees incurred in their successful defense.

18       Afterwards, Defendant moved for summary judgment.  This Court granted Defendant's motion

19 as to Plaintiff's RESPA, FDCPA, CPA, TILA, and Regulation Z claims (see Dkt. No. 255).  This left for

20 trial only Plaintiff's claims for Breach of Contract, the Tort of Outrage, and RESPA—and under RESPA

21 only as to the March 25, 2014 correspondence despite Plaintiff's attempts to claim three RESPA claims.

22       Prior to trial, Defendant filed a motion in limine which was granted in part and denied in part

23 (see Dkt. No. 275); Defendant was successful in barring attempts by Plaintiff to: 1) assert a new and

24 unpled CPA claim at trial; 2) her attempt to seek damages related to dismissed credit reporting claims;

25 3) Plaintiff's attempt to introduce recorded documents unrelated to the property at issue; 4) Plaintiff's

26

27 ─────────────────────────

[3] Solely in an attempt to avoid an award of fees, Plaintiff moved to dismiss Morris and Dobron *after* entry of the order by this
28 Court that granted Morris' and Dobron's summary judgment motion. Plaintiff's motion was filed 8/18/2015 as Dkt. No. 251.

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 4

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

attempt to introduce an undisclosed expert witness, and 5) Plaintiff's certified counselor's testimony was limited because Plaintiff and her counselor refused to reveal a substantial amount of information during discovery despite ability for Plaintiff's attorneys to obtain necessary waivers. Accordingly, the only remaining claims from Plaintiff's numerous complaints were Plaintiff's claims of violation of RESPA as to the March 25, 2014 response (only), Breach of Contract and the tort of Outrage.

### III.  LEGAL AUTHORITY AND ARGUMENT

#### A.  <u>Legal Standard</u>

Washington law governs the method by which a Court calculates an award of attorney's fees and costs. *Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1478 (9th Cir. 1995)* (". . . Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees.").

Washington courts apply the "lodestar" method to calculate an award of attorney's fees. See e.g. *Crest. Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 764,115 P.3d 349 (2005)* ("In determining the amount of attorney fees to be awarded to the prevailing party, the proper method for calculating a reasonable award of attorney fees is the lodestar method."). To calculate the lodestar, the Court must multiply "the total number of hours reasonably expended in the litigation by the reasonable hourly rate." *Clausen v. Icicle Seafoods, Inc., 174 Wash. 2d 70, 81, 272 P.3d 827 (2012).* To reach the lodestar amount, the court will look at the reasonableness of the hours expended, determine if the hourly fees charged were reasonable, and then multiply the number of hours by the hourly fee. *Scott Fetzer Co. v. Weeks*, 114 Wn.2d 109, 150 (Wash. 1990).

The attorney's fee is *not* conclusively a reasonable rate. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597 (Wash. 1983). When computing the lodestar amount, "prevailing market rates in the relevant community" set the reasonable hourly rate. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir.2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). "Once the lodestar has been calculated, the court may adjust the fee to reflect factors not considered yet." *Id.* "[T]wo categories of adjustment are based on whether the fee was contingent on the outcome and the

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 5

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

1  quality of the work performed." *Id.*, see also *Clausen,* 174 Wn.2d at 81. "The party requesting an
2  adjustment has the burden to show the deviation is justified." *Id.*

3      A "court may adjust [a lodestar] upward or downward by an appropriate positive or negative
4  multiplier reflecting a host of 'reasonableness' factors, including the quality of representation, the
5  benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of
6  nonpayment." *Stanger v. China Elec. Motor, Inc.*, No. 13-56903, 2016 U.S. App. LEXIS 679, at *7
7  (9th Cir. Jan. 15, 2016) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th
8  Cir. 2011)).   Here, there was no class sought and the issues raised by Plaintiff, while disputed, were
9  neither novel nor complex.

10  **B.  Plaintiff Cannot Recover for Excessive, Duplicative and Non-Compensable Billing Entries**

11      The Declaration of Toby J. Marshall, filed with this Court as Dkt. No. 305, clearly concedes in
12  Paragraph 8 that the $350.00 hourly rate charged by Omar Barraza is excessive ("it is my opinion that
13  an hourly rate of $350.00 per hour is higher than the rates charged by comparable associates at my
14  firm…").  Marshall apparently uses Barraza's excess as a means to show that Ha Dao's rate is
15  "eminently reasonable."

16      In reviewing the billings, the charges are also clearly excessive, redundant or unnecessary.  For
17  example, Barraza charged 6.0 hours, or a cost of $2,100.00 to "Prepare time and costs (2/6, 2/7, 2/8 and
18  29/)."  Not only does this appear to be excessive and devoid of merit, but also appears to duplicate
19  Dao's preparation of the fee motion for which she charged approximately 10 hours. Barraza is also
20  charging Cenlar 2.0 hours, and Dao is charging 4.0 hours, having a combined total of $2,100.00, to
21  "Purge[] from timesheet all time expended on unsuccessful claims and against other defendants."
22  Clearly the "purge" was not complete, despite the charge for doing so. This is only the tip of the
23  proverbial iceberg of items that Defendant cannot be expected to compensate Plaintiff; a chart of
24  objectionable time is included herewith as **Exhibit "A"** and incorporated herein by reference.

25      "[E]xcessive, redundant or otherwise unnecessary" hours should be excluded from the amount
26  claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).  In other words, the Supreme Court requires
27  fee applicants to exercise "billing judgment." *Id.* at 437. This means that the hours that should be
28  excluded are those that would be unreasonable to bill to a client, and therefore to one's adversary.

CENLAR FSB'S MOTION FOR                          WRIGHT FINLAY & ZAK, LLP
ATTORNEYS' FEES AND COSTS                        4665 MacArthur Blvd., Ste. 200
Page | 6                                         Newport Beach, CA 92626
                                                 Tel. (949) 477-5050; Fax (949) 608-9142

Washington law holds that evidence of defense counsel's billing is highly probative and should be considered when a defendant claims a successful plaintiff has requested excessive attorney fees. *Fiore v. PPG Industries, Inc.*, 169 Wn. App. 325, 354-55 (2012). If defense counsel bills similar or greater amounts than plaintiff's counsel, then that is powerful evidence that refutes any claim that the plaintiff incurred excessive fees. *Id.* "In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative." *Id.* at 354-55.

Here, Plaintiff's counsel should exercise 'billing judgment' and should exclude "those hours that would be unreasonable to bill a client . . . ." *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988); *see also Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 552 (7th Cir. 1999) (the time an attorney spent updating her case and holding conferences with her paralegal are not "the type of services an attorney would normally bill to a paying client").

First, when viewed as a whole, the hours billed by Plaintiff's counsel are unreasonable. Despite Plaintiff's repeated claims as to the success of her final judgment, Plaintiff's attorneys had to make four attempts to file complaints that could withstand dismissal, and even then only three claims actually survived dismissal out of the multitude that were pled. Even Plaintiff's own attorneys admitted their initial complaint was devoid of merit (e.g. see Dkt. No. 30 at Pg. 1). As stated in the Introduction, *supra*, out of a multitude of attempts by Plaintiff to pursue claims based on *Bain v. Metropolitan* arguments plus gratuitous attacks on Defendant's employees, not to mention an unsuccessful attempt to depose Defendant's attorney, only three of Plaintiff's sixteen claims she stated in her Third Amended Complaint (out of a total of 29 claims pled overall) actually survived and made it to trial.

Second, since Plaintiff's own submissions state Barraza's rate is excessive, he should either adjust the rate he is charging or this Court should reduce his fees accordingly.

Third, there are several duplicative charges by Barraza and Dao at a combined rate of $700.00 per hour. For example, combined billing entries to advise Plaintiff of the Court's decision have a total charge of $455.00 for work that supposedly took Dao only .4 hours to complete.

Fourth, inconsistencies exist where Dao and Barraza supposedly collaborated on projects. For example, on November 16, 2015 a conference between Dao and Barraza ("but not the client to spare

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 7

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

her further upset & stress …") apparently took Dao 1.5 hours but for some reason only took Barraza 1.0 hours to conduct the same meeting.

In fact, their combined billings are permeated and replete with excessive and unnecessary 'conferences' and 'meetings' with each other to review orders and discuss other issues (*see* Exhibit "A" attached hereto). "…[J]ust as there can be too many cooks in a kitchen, there can be too many lawyers on a case." *Donahue v. Donahue*, 182 Cal.App. 4th 259, 272 (2000). Cenlar should not be forced to bear the cost of these unsubstantiated, inconsistent and duplicative meetings.

Fifth, although Plaintiff refused to allow a majority of testimony from Penelope Bell during her deposition, both Dao and Barraza included fees related to this deposition (see Dkt. No. 298-1 at Pgs. 4-7, see also Dkt. No. 299-1 at Pgs. 6, 10, and 299-2 at Pg. 1).  They are also attempting to bill Defendant for their work with other witnesses that they were not allowed to introduce at trial, such as Jay Patterson. The total combined cost was 8.0 hours or $2,800.00 plus $15.80 in costs. Since Plaintiff did not prevail over Defendant's objection to the testimony of Patterson (and the majority of Bell's ability to testify as a witness), she should not be able to charge those fees to Defendant. See, *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wash.2d 481, 200 P.3d 683 (2009).

Sixth, Plaintiff is attempting to charge Defendant for the costs of mediation and/or potential settlement. See Dkt. No. 298-1 at Pgs. 4-7 and 299-1 at Pgs. 7, 10-11, 28 (in fact, both charged for the same e-mails to the mediator and communications with Plaintiff, although it appears only one attorney actually performed these tasks).  *See* Exhibit "A" attached hereto and incorporated by reference.

Lastly, on February 3, 2016, both Dao and Barraza charged Defendant $175.00 to review Nationstar invoices to arrive at a shared 'conclusion' that Nationstar removed certain charges.  Not only was the use of these invoices was specifically disallowed at the trial (Plaintiff was only allowed, over Cenlar's objection, to introduce bills from Nationstar for their "emotional effect" but not for the content contained within Nationstar's bills), but what Nationstar did or did not on their invoice has no bearing on Defendant since Cenlar specifically testified at trial that they transferred the legal fees to Nationstar as a "non recoverable" balance that should not have been reflected on their monthly statements.

In fact, not only did both attorneys charge for a cost not attributable to Defendant, but Barraza even charged an additional $350.00 to review "paralegal notes about client and paralegal's

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 8

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

communications with Nationstar re: $27k on statement. Discuss with paralegal and client." This cannot be allowed; see *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988); *see also Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 552 (7th Cir. 1999) (the time an attorney spent updating her case and holding conferences with her paralegal are not "the type of services an attorney would normally bill to a paying client").

In fact, Plaintiff is basically charging Defendant for communications with Nationstar that were specifically disallowed or unrelated to this trial (see Dkt. 298-1 at 1-3, see also Dkt. 299-1 at Pgs. 1- 4, 10-11). *See also,* Exhibit "A" attached hereto and incorporated by reference.

There are several more billing issues in Plaintiff's motion to create doubt as to the veracity of these billings. Due to the permeation of excessive, redundant or unnecessary time entries throughout Plaintiff's Motion for Attorneys' Fees and Costs, the entire motion should be denied or reduced.

## C. Plaintiff's Attorneys Worked Under a Contingent Fee Agreement, which Plaintiff Did Not File With The Court

One factor to be used in determining a fee award is "whether the fee is fixed or contingent." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "We adopt these guidelines as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees. The failure to consider such factors constitutes an abuse of discretion." *Id.*

Plaintiff states payment to her attorneys was on a contingent basis. See Dkt. No. 297 at Pgs. 5-6. However no declaration or documentation in support of the contingency fee agreement, that supports Plaintiff's lodestar multiplier[4] she appears to be requesting, was included with her Fee Motion. Although Fed. R. Civ. P. 54(d)(2)(B)(iv) makes the filing of the documentation discretionary to this Court, if Plaintiff is claiming a multiplier, which she appears to be doing, she should be required to file the fee agreement with her Fee Motion to allow for proper review by Defendant and this Court.

///

///

---

[4] A multiplier should be used only when the loadstar amount is unreasonable low or unreasonably high.  The affidavits Plaintiff attached to the Fee Motion attach show that the hourly rate for her attorneys is reasonable for the area, and both attorneys assert their time spent was reasonable, therefore there should be no need to adjust the fees with a multiplier.

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

## IV.   CONCLUSION

As shown herein, the attorneys' fees requested by Plaintiff in her Fee Motion are unreasonable. The time billed by counsel for Plaintiff was excessive, redundant or unnecessary considering the nature and procedural history of the case and a reasonable review of each time entry. In addition, Plaintiff inappropriately seeks an abundance of fees and costs that are duplicative in nature, are not related to this litigation, were disallowed at trial, or have nothing to do with Defendant. In light of the above, Defendant respectfully prays that the Court deny Plaintiff's Motion for Attorneys' Fees and Costs, or alternatively, reduce Plaintiff's Fee Motion in the amount of $77,325.00, or for such further relief as the Court deems just and proper.

DATED this 26th day of February, 2016

WRIGHT FINLAY & ZAK, LLP

Renee M. Parker, Esq., WSBA # 36995
Lukasz I. Wozniak, Esq., WSBA # 47290
Attorneys for Defendants, CENLAR, FSB, NANCY MORRIS AND JENNIFER DOBRON

CENLAR FSB'S MOTION FOR
ATTORNEYS' FEES AND COSTS
Page | 10

WRIGHT FINLAY & ZAK, LLP
4665 MacArthur Blvd., Ste. 200
Newport Beach, CA 92626
Tel. (949) 477-5050; Fax (949) 608-9142

# EXHIBIT A

|  | Date of Entry | Attorney | Description | Time Entry | Issue |
|---|---|---|---|---|---|
| 1. | 2/11/16 | Ha Dao | Finalized motion for fees and costs | 4.5 | When taken as a whole, the total charge of 20 hours to prepare a simple fee motion is excessive. |
| 2. | 2/9/16 | Ha Dao | Received email from R. Parker concerning settlement. Discussed with Barraza | 0.2 | Duplicative and related to inadmissible settlement negotiations, and the e-mail was not so lengthy to require such extensive review. |
|  | 2/9/16 | Barraza | Received email from R. Parker re: Settlement. Discuss with Ha Dao. | 0.2 | Duplicative and related to inadmissible settlement negotiations, and the e-mail was not so lengthy to require such extensive review. |
| 3. | 2/9/16 | Ha Dao | Reviewed WA RCW 4.84.330 & case law interpreting & applying statutes | 2.3 | Excessive and vague |
| 4. | 2/8/16 | Ha Dao | Comb through Memorandum of Decision issued by Court on 1/28 for specific findings of fact and conclusions of law in support of fee award | 2.5 | Excessive |
| 5. | 2/8/16 | Barraza | Prepare time and costs (2/6, 2/7, 2/8 and 2/9) | 6.0 | Excessive, vague and unnecessary, and the time entry does not make sense. |
| 6. | 2/7/16 | Barraza | Teleconference with co-counsel | 0.1 | Vague and unnecessary – the entry is incomplete. |
| 7. | 2/7/16 | Ha Dao | Started to draft motion for fees and costs by reviewing historical fee award in district & core cases on fees awarded in consumer cases in various federal jurisdictions. Contacted peer attorneys by phone to confirm prevailing hourly rates for Seattle/King County area | 2.5 | Excessive & unnecessary; when taken as a whole, the total charge of 20 hours to prepare a simple fee motion is excessive. |
| 8. | 2/6/16 | Ha Dao | Purged from timesheet all time expended on unsuccessful claims and against other defendants | 4.0 | Excessive & unnecessary; when taken as a whole, the total charge of 20 hours to prepare a simple fee motion is excessive. |
| 9. | 2/5/16 | Barraza | Endeavored to delete all time spent on unsuccessful claims/defendants | 2.0 | Excessive & unnecessary; when taken as a whole, the total charge of 20 hours to prepare a simple fee motion is excessive. |
| 10. | 2/3/16 | Ha Dao | T/C from Client concerning the impact of court's decision on corporate advances appearing on mortgage statements issued by Nationstar. It appeared that Nationstar had removed the $27,000 amount from the January statement without any determination | 0.4 | Duplicative of Barraza's 2/3/16 entry, unnecessary – Nationstar was not a party to the litigation and their statements were barred from use at trial; cannot recover fees for work related to unsuccessful claims. |

|  | 2/3/16 | Barraza | Email exchange with client re: Nationstar removing $27K from bill | 0.10 | Duplicative of Dao's 2/3/16 entry & unnecessary – Nationstar was not involved in the litigation and their statements were barred from use at trial; cannot recover fees for work related to unsuccessful claims/defendants. |
|---|---|---|---|---|---|
| 11. | 1/29/16 | Barraza | Receive and review judgment from court Dkt 296; email to client | 0.10 | Duplicative & unnecessary |
|  | 1/29/16 | Barraza | Teleconference with client re: judgment | 0.10 | Duplicative & unnecessary |
|  | 1/28/16 | Barraza | Client Teleconference re: Order/Judgment | 0.20 | Duplicative & unnecessary |
| 12. | 1/28/16 | Ha Dao | Reviewed Orders & Judgment (Dkt. 294-295) | 0.10 | Duplicative of Barraza's 1/28/16 entry |
|  | 1/28/16 | Barraza | Receive and review order denying motion to redact Dkt 295 | 0.20 | Duplicative of Ha Dao's 1/28/16 entry |
|  | 1/28/16 | Barraza | Teleconference with co-counsel re: order | 0.20 | Unnecessary and duplicative |
| 13. | 1/28/16 | Ha Dao | Reviewed Memorandum of Decision with Client for each prevailing cause of action | 0.50 | Duplicative of Barraza's 1/28/16 entry – "Client teleconference re: Order/Judgment" |
| 14. | 1/28/16 | Barraza | Receive and review memorandum of decision Dkt 294 | 0.30 | Duplicative of Ha Dao's 1/28/16 entry & unnecessary |
| 15. | 1/20/16 | Barraza | Email to/from chambers re: timeline for decision | 0.10 | Unnecessary – this is work for a paralegal or Admin person |
| 16. | 1/13/16 | Barraza | Client Teleconference re: status of decision | 0.10 | Unnecessary – this is work for paralegal or Admin person. |
|  | 1/12/16 | Barraza | Client Teleconference re: status of decision | 0.30 | Duplicative of Barraza's 1/13/16 entry; excessive amount of time; unnecessary – this is work for paralegal or Admin person. |
|  | 1/7/16 | Barraza | Client teleconference re: status of decision | 0.10 | Duplicative of Barraza's 1/13 and 1/12 entries; excessive amount of time; unnecessary – this is work for paralegal or Admin person. |
| 17. | 11/30/15 | Barraza | Client teleconference re status of decision | 0.10 | Duplicative of Barraza's 1/13, 1/12 and 1/7 entries; excessive amount of time; unnecessary – this is work for paralegal or Admin person. |

|    | 11/19/15 | Barraza | Client teleconference re status | 0.10 | Duplicative; unnecessary – this is work for paralegal or Admin person. |
|----|----------|---------|----------------------------------|------|---------------------------|
| 18. | 11/17/15 | Ha Dao | Received and reviewed Cenlar's motion to redact transcript (Dkt. 286). Decided it was not necessary to file objection. | 0.20 | Duplicative of Barraza's 11/17/16 entries |
|    | 11/17/15 | Barraza | Receive and review motion to redact. Dkt 286 | 0.30 | Unnecessary and duplicative of Ha Dao's 11/17/15 entry; cannot have two attorneys performing work that one attorney can do alone. |
| 19. | 11/16/15 | Ha Dao | Received and reviewed Cenlar's written closing argument (Dkt. 289). (Discussed with Barraza but not with Client to spare her further upset & stress over Cenlar's refusal to compensate plaintiff for a "meritless lawsuit" and how plaintiff has attempted to "abuse the judicial system" by filing such a lawsuit. | 1.5 | Excessive, unnecessary – duplicative of Barraza's 11/16/16 entries. |
|    | 11/16/15 | Barraza | Teleconference with Ha Dao re: closing statement prep | 0.20 | Unnecessary and duplicative of Ha Dao's 11/16/15 entry; cannot have two attorneys performing work that one attorney can do alone |
|    | 11/16/15 | Barraza | Client teleconference confirming closing submitted | 0.60 | Excessive time; appears to charge an inordinate amount to simply confirm a document was filed. |
|    | 11/16/15 | Barraza | Review opposing counsel closing statement. Discuss with Dao but not client due to inflammatory language | 1.0 | Excessive; duplicative of Dao's 11/16/16 entry of 1.5 hours |
| 20. | 11/16/15 | Ha Dao | Finalized Plaintiff's Written Summation. Discussed same with Barraza regarding input & revisions. Barraza filed Complaint (Dkt. 288). | 2.1 | Excessive time; Duplicative of Barraza's 11/16/16 entry for "Review, edit, finalize and file Plf closing statement; email to client. Dkt 288" |
|    | 11/16/15 | Barraza | Review, edit, finalize and file Plt closing statement; email to client. Dkt 288 | 1.25 | Excessive time; duplicative of Dao's 11/16/15 entry. |
| 21. | 11/15/15 | Ha Dao | Continued to work on Plaintiff's Written Summation. Itemized damages based on all documentary evidence and testimony. | 2.9 | Excessive time |
| 22. | 11/14/15 | Ha Dao | Worked on Written Summation. Combed through entire trial transcript for specific testimony rendered by each witness to reference facts to assist the court in its decision | 5.2 | Excessive time & unnecessary – cannot properly charge for analyzing testimony regarding dismissed COA/defendants. |

| 23. | 11/13/15 | Ha Dao | Worked on draft of Plaintiff's Written Summation. Made outline, reviewed pertinent case law and shepardized the same. Collaborated with Barraza over numerous trial exhibits and formulation of arguments including argument to counter Cenlar's position that CFPB's regulations demanded them to issue mortgage statements to Lucero in such manner. | 2.5 | Excessive time; Duplicative of Barraza's 11/13 entry regarding same; contains unnecessary charges. |
|---|---|---|---|---|---|
| | 11/13/15 | Ha Dao | Compared trial notes with Barraza for purpose of drafting Written Summation. Discussed general framework for closing statement. Barraza to were to review & outline transcript of trial | 1.0 | Duplicative of above entry & of Barraza's 11/13 entry below. Excessive time; contains unnecessary charges. |
| | 11/13/15 | Barraza | Teleconference with Ha Dao re: closing statement prep | 0.30 | Duplicative of Ha Dao's 11/13 entries; contains unnecessary charges. |
| | 11/13/15 | Barraza | Review CFPB regulations and case law; compare to transcript | 1.00 | Unnecessary; duplicative of Dao's 11/13/15 entries |
| | 11/13/15 | Barraza | Finalize transcript analysis; prepare transcript selections for closing | 4.00 | Excessive; duplicative of Dao's 11/13/15 entries |
| 24. | 11/12/15 | Paralegal | Reviewed and highlighted transcripts | 2.0 ($200) | Excessive time; duplicative of Barraza's 11/13 entry related to transcript & 11/12 entry for reviewing transcript. |
| | 11/12/15 | Barraza | Review transcript in preparation of closing statement | 2.0 | Excessive; Duplicative of Paralegal's 11/12/15 entry and of Barraza's 11/13/15 entries related to transcript review |
| 25. | 11/11/15 | Ha Dao | T/C from client concerning deadline to submit Written Summation; Client shared relief & anxiety over completion of trial but expressed thanks for work done. | 0.3 | Unnecessary and improper – cannot recover fees for anxiety counseling of Plaintiff. |
| | 11/11/15 | Paralegal | Reviewed and highlighted transcripts | 5.50 ($550) | Extremely excessive time; Duplicative of Paralegal's 11/12/15 entry (2.0 hours); Duplicative of Barraza's 11/12 entry (2.0 hours) |
| 26. | 11/9/15 | Ha Dao | Received & reviewed Cenlar's Notice of Intent to Request Redactions (Dkt. 287). | 0.10 | Duplicative of Barraza's 11/9 entry; Unnecessary – cannot recover fees for updating case |
| | 11/9/15 | Barraza | Receive and review Parker's notice re: redaction. Dkt 287 | 0.10 | Duplicative of Ha Dao's 11/9 entry – work could have been done by one attorney rather than two |
| | 11/9/15 | Barraza | Email exchange with client and co-counsel re damages brief | 0.10 | Unnecessary and duplicative |
| 27. | 11/5/15 | Barraza | Client teleconference re: receipt of transcript and credit report concern | 0.20 | Unnecessary – cannot recover fees for work related to dismissed COA |

|  | 11/4/15 | Ha Dao | Email from client. Addressed Client's question on impact of Cenlar's transfer of "corporate advances" to Nationstar. Client had concerns over credit report she received. | 0.5 | Excessive time; Duplicative of Barraza's 11/5 entry; Unnecessary-cannot recover fees for work related to dismissed COA and Nationstar. |
|---|---|---|---|---|---|
|  | 11/3/15 | Barraza | Receive notice of official transcript – 2 emails | 0.10 | Unnecessary and administrative. |
|  | 11/1/15 | Barraza | Client teleconference re: Nationstar default correspondence | 0.10 | Unnecessary – cannot recover fees for work related to Nationstar; Duplicative of Ha Dao's 11/4 entry |
|  | 10/30/15 | Barraza | Client teleconference re: Nationstar default correspondence | 0.30 | Unnecessary – cannot recover fees for work related to Nationstar; duplicative of Dao's 11/4/15 and 11/1/15 entries |
| 28. | 10/29/15 | Barraza | Email exchanges with Vernon Court Reporters re: transcript of trial | 0.20 | Excessive time; Unnecessary – This is work for paralegal or Admin person. |
| 29. | 10/27/15 | Ha Dao | Reviewed Court's Exhibit List (Dkt. 284) & Minute Entry of Proceedings (Dkt. 283) for accuracy | 0.6 | Excessive time charged. |
|  | 10/27/15 | Barraza | Receive and review notices from court re: exhibit list and bench trial completion | 0.10 | Duplicative of Ha Dao's 10/27/15 entry. |
| 30. | 10/27/15 | Ha Dao | Joint meeting with Barraza & Client to de-brief day of trial | 1.0 | Duplicative of Barraza's 10/27/15 entry; charging client double (2 hours) for only 1 hour of work. |
|  | 10/27/15 | Barraza | De-brief trial with client | 1.0 | Duplicative of Ha Dao's 10/27/15 entry; charging client double (2 hours) for only 1 hour of work. |
| 31. | 10/26/15 | Ha Dao | Reviewed trial notes and Plaintiff's exhibits. Formulated potential issues and arguments that would come up during Cenlar's case. Revised and modified cross exam of Cenlar's witness to focus on inconsistencies presented by Cenlar's numerous correspondences to client. Tried to anticipate witness' possession and depth of personal knowledge. | 5.1 | Excessive time; duplicative of Barraza's 10/26/15 entry |
|  | 10/26/15 | Barraza | Review transcripts from first days of trial; review exhibits; review notes | 2.0 | Excessive time; duplicative of Ha Dao's 10/26/15 entry. |
| 32. | 10/25/15 | Ha Dao | Drafted cross-examination questions for Cenlar's witness. Reviewed Cenlar's trial exhibits. | 3.4 | Excessive time; "Review Cenlar's trial exhibits" is duplicative of Barraza's 10/26/15 entry & Dao's 10/26/15 entry |
| 33. | 10/24/15 | Ha Dao | Reviewed case history & concluded that given court's past refusal to consider same day | 1.1 | Excessive time charged and unnecessary. |

| | | | motion/response and the fact that the second part of the trial will take place in a couple of days, it did not seem prudent to file a lengthy objection and burden the court with more reading. Requested Barraza to research the particular provisions of Reg X cited by Cenlar so that we can address Cenlar's brief in court | | |
|---|---|---|---|---|---|
| | 10/24/15 | Barraza | Research CFPB rules re: billing. Review staff commentary | 1.0 | Excessive time; unnecessary and also billed by Barraza and Dao again on 11/13/2015. |
| 34. | 10/23/15 | Ha Dao | Started to draft Plaintiff's Motion to Strike Cenlar's Brief. Delved into the procedural deficiencies of said motion and how to get it stricken. Motion has to be noted for same day or shortened time basis, which is not allowed in Western Dist. Of WA | 1.5 | Excessive time; unnecessary – Plaintiff never filed Motion to Strike or Opp to Cenlar's brief. Cannot charge for unnecessary or unperformed work. |
| | 10/23/15 | Barraza | Teleconference with Ha Dao re: Cenlar's damages brief re: USC 2605(e). Dkt 282. Lack of authority? | 0.10 | Unnecessary, improper and duplicative. |
| | 10/23/15 | Barraza | Receive and review Cenlar's brief re: damages | 0.40 | Excessive time; Duplicative of Dao's 10/23/15 entry (for 1.5 hours) |
| | 10/23/15 | Ha Dao | Reviewed and discussed with Barraza Cenlar's Brief regarding Damages available to plaintiff under 12 USC 2605(e) (Dkt. 282) including fact that Brief was filed without any express or implied authority | 0.10 | Duplicative of Barraza's 10/23/15 entries (0.4 + 0.1) to review and discuss Cenlar's brief. |
| 35. | 10/22/15 | Ha Dao | Based on court's order, started to formulate strategies & draft questions for Cenlar's witnesses | 3.5 | Excessive time; duplicative of Barraza's 10/22/15 entry related to reviewing court's order |
| | 10/22/15 | Ha Dao | Reviewed order re trial witness of Cenlar (Dkt. 281) and Order Granting in Part Plaintiff's Motion to Strike Affirmative Defenses (Dkt. 280) with Barraza and Client. Judge refused to allow depo but limited the areas that Cenlar's witness can testify. Emailed Barraza a follow up to restructure strategies and how to address damages in a concrete fashion. | 1.9 | Excessive time; Duplicative of Barraza's 10/22 entry related to reviewing Court's order. Unnecessary – cannot charge for updating case (emailing Barraza to follow up) or for strategy due to limitation on witness' testimony. |
| | 10/22/15 | Barraza | Email with co-counsel and client re: orders on motion to compel; defenses; sanctions | 0.20 | Unnecessary – cannot charge for updating case; duplicative of time spent by Dao regarding same work |
| | 10/22/15 | Barraza | Receive, download and review order denying motion to compel. Discuss how we address damages with Ha Dao | 0.40 | Duplicative of Dao's review of same Order on 10/22/15. Unnecessary. |
| | 10/22/15 | Barraza | Receive, download and review order on motion re: striking affirmative defenses and sanctions | 0.50 | Excessive; duplicative of Dao's review of same on |

| | | | | | | 10/22/15. |
|---|---|---|---|---|---|---|
| 36. | 10/20/15 | Ha Dao | Discussed with Client re current effort to ascertain how Cenlar's corporate advances in the amount of $27K plus were going to be treated by Nationstar. Client needs to have certainty in order to either restore account to current or deal with looming default. | 0.9 | | Unnecessary - cannot charge for work related to Nationstar since it was not a defendant in the case and their statements were barred from use for trial. Duplicative of work done by Barraza on 10/20 regarding Nationstar. |
| | 10/20/15 | Barraza | Review extensive paralegal notes about client and paralegal's communications with Nationstar re: $27K on statement. Discuss with paralegal and client. | 1.00 | | Excessive time; duplicative of Dao's 10/20/15 entry regarding discussion with client. Unnecessary – cannot charge for work related to Nationstar.  Unnecessary, cannot recover for a conference with paralegal or review of paralegal's work. |
| 37. | 10/19/15 | Barraza | Receive and review email responses from client re costs | 0.10 | | Unnecessary, charging for administrative work. |
| 38. | 10/14/15 | Ha Dao | Shared with client the substance of Parker's emails concerning settlement potential. Discussed with Barraza how the prospect of settlement is getting dimmer by the day | 1.5 | | Excessive time; duplicative of Barraza's 10/14/15 entry for same work. Also improperly charging for inadmissible settlement negotiations. |
| | 10/14/15 | Ha Dao | Lengthy email exchange with OC Parker concerning Settlement Proposal which took all day. Cenlar did nothing but posturing and insulting us on our position. Parker claimed we cast aspersions on her and requested civility. Late in the day Cenlar came back with an extremely small counteroffer. | 1.5 | | Excessive time; Duplicative of Barraza's 10/14/15 entry; e-mail exchange was not "lengthy". Also improperly charging for inadmissible settlement negotiations. |
| | 10/14/15 | Barraza | Receive and review ten emails to/from co counsel and Renee Parker re: settlement. Discuss apparent futility of settlement with Ha Dao. | 0.80 | | Duplicative of Dao's 10/14/15 entries regarding review of same emails and discussions of settlement. Unnecessary – 2 attorneys shall not charge for the same work. Also improperly charging for inadmissible settlement negotiations |
| 39. | 10/12/15 | Ha Dao | Prepared and transmitted a Settlement Proposal to OC per their request to renew settlement discussion on eve of trial (1.6). Reviewed timesheets of Barraza and mine to determine attorneys fees (1.0) | 2.6 | | Excessive time; Unnecessary – cannot charge for review of timesheets. Duplicative of Barraza's 10/12/15 entry re: review of time history (time sheets) |

| | 10/12/15 | Barraza | Email to/from opposing counsel re settlement. Review time history per Ha Dao request. Teleconference with HA Dao re same. She will prepare ER 408 communication. | 1.0 | Excessive time; Duplicative of Dao's 10/12/15 entry above re: review of timesheets. Cannot charge Plaintiff for inadmissible settlement communications |
|---|---|---|---|---|---|
| 40. | 10/12/15 | Ha Dao | Finalized and filed Plaintiff's Supplement to Reply to Cenlar's Response upon Motion to compel Defendant to Designate Witness (Dkt. 279) | 0.3 | Duplicative of Barraza's 10/12 entry regarding review reply to motion to compel |
| | 10/12/15 | Barraza | Review reply to motion to compel filed by co-counsel. Dkt. 279 | 0.2 | Duplicative of Ha Dao's 10/12 entry; two attorneys are charging for work one attorney could have performed. |
| 41. | 10/12/15 | Ha Dao | Multiple emails with Parker. She is incensed believing that C. King was directed by us and threatened to file contempt motion. Despite my personal assurances, Parker went on and on accusing us to be the driving force behind C. King's activities. | 1.1 | Duplicative of Barraza's 10/12/15 entry regarding same emails. |
| | 10/12/15 | Barraza | Receive and review emails from Renee Parker RE: King blaming us for his weird communications. | 0.50 | Duplicative of Dao's 10/12/15 entry; two attorneys are charging for work one attorney could have performed. |
| 42. | 10/12/15 | Ha Dao | Called C. King to determine what he had done. King indicated that he deliberating did not want us to know because he knew we would object to his conduct. | 0.1 | Duplicative of Ha Dao's entry below for (0.3); Unnecessary – cannot charge for work related to non-parties. |
| | 10/12/15 | Ha Dao | Attempted to work out issue of Cenlar's unidentified witness and whether quick deposition can be had with OC Parker unsuccessfully. Parker informed about Chris King's activities. | 0.3 | Duplicative of Ha Dao's entry above for (0.1); Unnecessary – cannot charge for work related to non-parties. Plaintiff already lost on prior attempt to depose Parker and had no grounds to depose her again for matters related to King's request. |
| | 10/12/15 | Barraza | Teleconference with client re: Chris King issue | 0.10 | Unnecessary – cannot charge for work related to non-parties. |
| 43. | 10/8/15 | Ha Dao | Reviewed with Barraza Plaintiff's Reply to Motion to Compel & to Depose and for Fees and Costs (.5). Discussed law of the case doctrine & illuminated for court a pattern and practice by servicers (.9). Barraza is to finalize & file (Dkt. 278) | 1.4 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive and; unnecessary –cannot charge for updating or |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | managing case; duplicative of Barraza's 10/8/15 entries for (0.5) and (0.6). |
| | 10/8/15 | Barraza | Meet with co-counsel. Review finalize and file reply to response to motion to compel. Discuss strategy. | 0.50 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Duplicative of Dao's 10/8/15 entry. Charging double for same work. |
| | 10/8/15 | Barraza | Discuss Def response to our motion to compel with Ha Dao. Review edit finalize and file reply to response to our motion to compel. Dkt 278 | 0.60 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Duplicative of Ha Dao's 10/8 entry. Charging client double for same work. |
| 44. | 10/7/15 | Barraza | Ha and I reviewed and responded to client email re: Nationstar refusal to send statement due to litigation | 0.20 | Unnecessary – cannot charge for work related to Nationstar since they were not a party to this litigation and their statements were barred for use at trial. |
| 45. | 10/6/15 | Barraza | Receive and review six emails to/from co counsel and Renee Parker redeposing Cenlar witness | 0.20 | Unnecessary and duplicative – cannot charge of review of emails when Barraza did not respond. |
| 46. | 10/5/15 | Barraza | Client teleconference re: next trial date | 0.10 | Unnecessary – cannot charge for administrative work that could have been performed by a non-attorney. |
| 47. | 9/29/15 | Ha Dao | Informed the Court via email of OC's positon on his formal Response to Motion to compel | 0.1 | Duplicative of Barraza's 9/29/15 entry. |
| | 9/29/15 | Barraza | Email from Ha Dao to court re: def position on motion to compel | 0.1 | Duplicative of Dao's 9/29/15 entry; cannot charge for work that brings no value to client's case. |
| 48. | 9/29/15 | Ha Dao | Reviewed Cenlar's response to Motion to compel | 0.5 | Duplicative of Barraza's 9/29/15 entry; excessive time when it took Barraza 0.3 only. |
| | 9/29/15 | Barraza | Review Cenlar's response to motion to compel, incl Wozniak's declaration | 0.3 | Duplicative of Dao's 9/29/15 entry; also is unnecessary – two attorneys cannot charge for same work. |
| 49. | 9/28/15 | Ha Dao | Discussed with Barraza re Motion to Compel | 0.1 | Duplicative of Barraza's 9/28/15 entry. |

| | 9/28/15 | Barraza | Teleconference with Ha Dao re motion to compel | 0.1 | Duplicative of Dao's 9/28/15 entry. |
|---|---|---|---|---|---|
| 50. | 9/28/15 | Ha Dao | Finalized and filed Plaintiff's motion to compel with same day noting date (reviewed court rule 0.5) reviewed pretrial material and email correspondence (1.1) Addressed Cenlar's new defense (1.0) case law interpreting civil disco rules (1.0) | 3.1 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive time; duplicative of Barraza's 9/28/15 entry re: review of motion to compel; unnecessary – Paralegal can review court rules. |
| | 9/28/15 | Barraza | Review draft motion to compel. Discuss with Ha Dao prior. Download final version filed at Dkt 270 | 0.20 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Duplicative of Dao's 9/28/15 entry review of motion to compel; unnecessary – paralegal or Admin person can download documents filed. |
| 51. | 9/28/15 | Barraza | Client Teleconference re escrow discrepancy and change in payment | 0.5 | Excessive time. |
| 52. | 9/25/15 | Ha Dao | Reviewed order granting in part Defendant's Motion in Limine (Dkt. 269). Reviewed Minute Entry for Proceedings & verified Admission of Exhibits. | 0.1 | Duplicative of Barraza's 9/25/15 entry regarding same review of same orders. |
| | 9/25/15 | Barraza | Receive and review order on def motion to continue trial date | 0.1 | Duplicative of Dao's 9/25/15 entry; unnecessary – review of order brings no value to case or client, especially when already reviewed by another attorney. |
| | 9/25/15 | Barraza | Reviewed order granting in part Defendant's Motion in Limine. Discuss with Ha Dao. | 0.3 | Excessive, duplicative of Ha Dao's entry regarding same review of same order; unnecessary- two attorneys billing for same work (review of order) |
| 53. | 9/25/15 | Ha Dao | Emailed OC concerning disclosure of their witness, if other than Francine Bryant or Raymond Crawford | 0.1 | Unnecessary – cannot charge for work related to nonparties/dismissed defendants. Duplicative of Barraza's 9/25/15 entry regarding same email; cannot charge twice for one email. |
| | 9/25/15 | Barraza | Email to OC re: designation of witness | 0.1 | Duplicative of Dao's 9/25/15entry; unnecessary, cannot charge twice for same email; Barraza only reviewed Dao's email. |

| 54. | 9/23/15 | Ha Dao | Comprehensive review of own trial notes (2.0), case file (1.0), exhibits and transcript of depo (3) | 6.5 | Excessive time; unnecessary and duplicative of Barraza's same review of exhibits. |
|---|---|---|---|---|---|
| | 9/23/15 | Barraza | Review and revise opening statement. Prepare binder. Review exhibits. Teleconference with co-counsel re flow. | 4.0 | Excessive time; unnecessary and duplicative of Dao's same review of exhibits. |
| 55. | 9/23/15 | Ha Dao | Met with client in preparation of trial. Extremely nervous. Suffered from insomnia and nausea. | 3.5 | Excessive time; unnecessary – cannot recover fees for anxiety counseling of Plaintiff. |
| 56. | 9/23/15 | Ha Dao | Reviewed Barraza's opening remarks & made recommendations | 0.5 | Duplicative of Dao's 9/22/15 entry regarding same review of Barraza's opening remarks & Dao's input (1.1). |
| | 9/22/15 | Ha Dao | Finalized direct exam questions for client (3.0) and P. Bell (1.2) | 4.2 | Excessive time; unnecessary – cannot properly charge for time related to Bell's deposition as majority of testimony was disallowed. |
| | 9/22/15 | Barraza | Prepare opening statement. Discuss with Ha Dao | 4.0 | Excessive time; unnecessary. |
| | 9/22/15 | Ha Dao | Reviewed Barraza's opening remarks & discuss with him my input | 1.1 | Excessive time; unnecessary and duplicative of Dao's 9/23/15 entry regarding same review of Barraza's opening remarks and Ha Dao's feedback (0.5) |
| 57. | 9/21/15 | Ha Dao | Received call from court that trial will start on Thursday due to Chinese President's visit. Relayed same message to Barraza and client | 0.1 | Unnecessary; paralegal or Admin work; duplicative of Barraza's 9/21/15 entry re same phone call. |
| | 9/21/15 | Barraza | Teleconference with Chambers – teri Roberts – re: schedule change due to Chinese president visit and motion to continue | 0.10 | Unnecessary; paralegal or Admin work; duplicative of Ha Dao's 9/21/15 entry re same phone call. |
| 58. | 9/21/15 | Ha Dao | Reviewed cross exam material with Barraza | 0.5 | Duplicative of Barraza's 9/21/15 entry below |
| | 9/21/15 | Barraza | Receive and review co-counsel's cross exam draft | 0.5 | Duplicative of Ha Dao's 9/21/15 entry above; unnecessary. |
| 59. | 9/20/15 | Ha Dao | Drafted direct exam for client (3). Organized exhibits to be in support of anticipated testimony (2.5) | 5.5 | Excessive time |
| 60. | 9/19/15 | Ha Dao | Reviewed transcript of Client's depos (3). Reviewed all declarations submitted by client (1.9) | 4.9 | Excessive time |
| 61. | 9/19/15 | Ha Dao | Met with client in person to discuss trial order, anticipated testimony & other trial issues. went | 4.0 | Excessive and unnecessary. |

| | | | over client's recollection of events and anticipated testimony | | |
|---|---|---|---|---|---|
| 62. | 9/17/15 | Ha Dao | Conference with Barraza and Client re number of counseling session and timeline of events. | 1.0 | Duplicative of Barraza's 9/17/15 entry. |
| | 9/17/15 | Barraza | Receive and review timeline notes prepared by Ha Dao. Discuss with Dao and client. | 1.0 | Duplicative of Dao's 9/17/15 entry. |
| 63. | 9/16/15 | Ha Dao | Finalized and filed Plaintiff's Motion to Strike Affirm. Defenses & for Sanctions. Auth to stroke insuff. Defenses (1.0) addressed language of DOT (1.5) | 2.5 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. |
| 64. | 9/16/15 | Ha Dao | Email exchange with OC Wozniak re trial brief and exchange of exhibits. Wozniak put up fight over how many copies of exhibits he needed to provide us | 0.3 | Duplicative of Barraza's 9/16/15 entry regarding same Wozniak email. |
| | 9/16/15 | Barraza | Dispute with Wozniak re: # of copies of binders. Finalize trial binders | 1.0 | Excessive time; duplicative of Ha Dao's 9/16 entry re: same email with Wozniak. Also, Dao spent only 0.3 but Barraza spent 1.0 on the same matter. |
| 65. | 9/15/15 | Ha Dao | Worked on Plaintiff's motion to strike & for sanctions. Balted defense (2.5) state law on waiver (1.4) | 3.9 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. |
| 66. | 9/15/15 | Paralegal | Prepare trial exhibits | 4.0 | Excessive time; duplicative of Barraza's 9/15/15 entry |
| | 9/15/15 | Barraza | Prepare binders for clerk judge opposing counsel | 3.0 | Excessive time; duplicative of paralegal's 9/15/15 entry; work is of a nature that it should be done by admin personnel. |
| 67. | 9/11/15 | Ha Dao | Finalized and filed Plaintiff's trial brief | 5.0 | Excessive time; Duplicative of Barraza's 9/11/15 entries regarding inside communication re: trial brief, and preparing trial binders should be done by admin personnel |
| | 9/11/15 | Barraza | Teleconference with co-counsel re: trial brief | 0.3 | Excessive time; unnecessary; Duplicative of Dao's 9/11/15 entry. |
| | 9/11/15 | Barraza | Review draft trial brief. Make comments and email back to Ha Dao | 0.5 | Excessive time; unnecessary; duplicative of Dao's 9/11/15 entry. |
| 68. | 9/11/15 | Ha Dao | Received call from OC Wozniak. He conveyed low counteroffer but asked whether we would be willing to mediate again in next few days | 0.2 | Duplicative of Barraza's 9/11/15 entry, and settlement discussions are inadmissible. |
| | 9/11/15 | Ha Dao | Discussed the counteroffer and mediation option with Barraza and Client but stressed that a successful settlement did not seem realistic. Client concurred with assessment | 0.5 | Duplicative of Barraza's 9/11/15 entry, settlement discussions are inadmissible. |

| | 9/11/15 | Barraza | Email with co-counsel and client re: Cenlar request for mediation. Discuss with co-counsel and client. Client rejects low counter-offer | 0.5 | Duplicative of Ha Dao's 9/11 entry above and settlement discussions are inadmissible. Also, Dao spent 0.7 and Barraza spent 0.5 for same task. |
|---|---|---|---|---|---|
| 69. | 9/10/15 | Ha Dao | t/c from OC Wozniak regarding settlement terms. Followed up via email which laid out our terms including removal of Cenlar's Legal Fees in amount of $26,763. Wozniak promises to have some answer tomorrow. | 0.5 | Duplicative of Barraza's 9/10/15 entry, and settlement negotiations are inadmissible. |
| | 9/10/15 | Barraza | Discussion with Ha Dao re: mediation and settlement. She will coordinate with Wozniak and client. | 0.2 | Duplicative of Dao's 9/10/15 entry; and settlement negotiations are inadmissible. |
| | 9/10/15 | Ha Dao | t/c with client re mediation of which client reluctantly agreed | 0.3 | Duplicative of Barraza's 9/10/15 entry and settlement negotiations are inadmissible. |
| 70. | 9/9/15 | Ha Dao | Met with Barraza & Client re trial preparation. Went over all exhibits. | 3.0 | Duplicative of Barraza's 9/9/15 entry regarding same client meeting. |
| | 9/9/15 | Barraza | Client meeting to prepare for trial | 3.0 | Duplicative of Dao's 9/9/15 entry regarding same meeting. |
| 71. | 9/8/15 | Ha Dao | Conference with Barraza re certain proposed trial exhibits. | 0.2 | Duplicative and unnecessary. |
| | 9/8/15 | Barraza | Discussion re: trial prep with Ha Dao. Discuss exhibits. Discussion with opposing counsel re same. | 0.5 | Duplicative of Dao's 9/8/15 entry above. |
| 72. | 9/7/15 | Ha Dao | Began drafting plaintiff's trial brief. Created outline and assembled supporting material | 2.0 | Excessive, unnecessary. |
| 73. | 9/2/15 | Ha Dao | Met with client re trial prep. Discussed anxiety and how to deal with it | 2.7 | Excessive time, and appears Barraza and Dao are charging for a task only one of them completed; cannot recover fees for anxiety counseling of Plaintiff. |
| | 9/2/15 | Barraza | Debrief Ha Dao meeting with client | 0.2 | Duplicative of Ha Dao's 9/2 entry; unnecessary – internal correspondence, and appears Barraza and Dao are charging for a task that only one of them completed. |
| 74. | 9/2/15 | Ha Dao | Finalized pretrial Order & transmitted to OC for approval & filing | 0.5 | Duplicative of Barraza's 9/2/15 entry. |
| | 9/1/15 | Ha Dao | Discussed pretrial order with Barraza | 0.3 | Duplicative of Barraza's 9/1/15 entry. |
| | 9/2/15 | Barraza | Receive and review draft pretrial order filed by cenlar | 0.3 | Duplicative of Ha Dao's 9/1/15 and 9/2/15 entries above; unnecessary. |

| | 9/1/15 | Barraza | Email exchange with co-counsel re: draft pre-trial order. | 0.10 | Duplicative and unnecessary. |
|---|---|---|---|---|---|
| | 9/1/15 | Barraza | Discussion with Ha Dao re draft pretrial order | 0.3 | Duplicative and unnecessary. |
| 75. | 8/26/15 | Ha Dao | Met separately with Barraza to go over evidence, trial strategy and order on cross-motion for SJ | 1.0 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive and unnecessary. |
| | 8/26/15 | Barraza | Meet with co-counsel to review evidence trial strategy and order on cross-motions for SJ | 1.1 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive, unnecessary and duplicative of Dao's 8/26/15 entry. |
| 76. | 8/26/15 | Ha Dao | Met with Barraza and Client to discuss cross-motion for SJ and anticipation of trial | 3.0 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive; duplicative of Barraza's 8/26/15 entry. |
| | 8/26/15 | Barraza | Meet with client and co-counsel to review cross-motions for SJ and prepare for trial | 3.0 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive & duplicative of Dao's 8/26/15 entry. |
| 77. | 8/25/15 | Ha Dao | Reviewed court order granting in part cross-motions for SJ & discussed same with Barraza | 2.0 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Excessive and unnecessary internal correspondence. |
| | 8/25/15 | Barraza | Review and discuss Order on cross motions for SJ with co-counsel | 0.5 | Plaintiff did not prevail on this matter and cannot charge for unsuccessful work. Duplicative of Dao's 8/25/15 entry. |
| 78. | 8/19/15 | Ha Dao | Finalized and filed Plaintiff's response to Cenlar's amended motion in limine | 2.5 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work Excessive & duplicative of Barraza's 8/21/15 and 8/19/15 entries. |
| | 8/21/15 | Barraza | Receive and reply Cenlar's reply on motion in limine | 0.4 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work Excessive; duplicative to Dao's 8/19/15 entry. |

|  | 8/19/15 | Barraza | Telephone conference with Ha Dao re: motion in limine response | 0.10 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work Excessive; duplicative to Dao's 8/19/15 entry. |
|---|---|---|---|---|---|
|  | 8/19/15 | Barraza | Review draft response to Cenlar's amended motion in limine | 0.2 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work Excessive; duplicative to Dao's 8/19/15 entry. |
| 79. | 8/18/15 | Ha Dao | Reviewed trial exhibits as compiled by Barraza | 3.5 | Excessive; duplicative as Dao spent more time reviewing the exhibits than Barraza spent reviewing and compiling them. |
| 80. | 8/17/15 | Ha Dao | Discussed with Barraza via email re analysis of remaining claims against Cenlar and our next steps as well as STATUS of trial exhibits | 0.2 | Duplicative and unnecessary |
|  | 8/17/15 | Barraza | Receive and review email from co-counsel re: analysis of surviving claims; send response | 0.2 | Duplicative and unnecessary |
|  | 8/17/15 | Barraza | Emails with co-counsel re: exhibits | 0.2 | Duplicative and unnecessary |
| 81. | 8/16/15 | Barraza | Review all motions and orders and prepare draft analysis of remaining COA | 3.30 | Excessive |
|  | 8/16/15 | Barraza | Review all discovery and select exhibits | 5.0 | Excessive |
| 82. | 8/12/15 | Ha Dao | Commenced drafting of Plaintiff's Response to Cenlar's Amended Motion in Limine. Researched and shepardized cases concerning the "Independent Duty Doctrine" raised by Cenlar for first time | 4.2 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work. Excessive. |
| 83. | 8/11/15 | Ha Dao | Reviewed Cenlar's Amended Motion in Limine seeking to bar Penelope Bell and Jay Patterson from testifying at trial | 1.5 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work; Bells' and Patterson's testimony not permitted at trial. |
|  | 8/11/15 | Barraza | Receive and review cenlar amended motion in limine. Discuss with Ha Dao, she will take lead on drafting response | 0.3 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work Duplicative; unnecessary-Barraza did not perform any actual work. |
| 84. | 8/11/15 | Ha Dao | Received news from court that trial date of 9/8 is no longer available. Discussed with client and Barraza | 0.5 | Duplicative and administrative in nature. |

| | 8/11/15 | Barraza | Discussion with co-counsel and client re: trial dates in response to email from court | 0.3 | Duplicative; unnecessary and administrative. |
|---|---|---|---|---|---|
| 85. | 8/6/15 | Ha Dao | Reviewed motion in limine filed by cenlar | 1.9 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work. Excessive & duplicative of Barraza's same review. |
| | 8/6/15 | Barraza | Receive and review cenlar motion in limine | 0.5 | Plaintiff did not prevail on all defenses to Motion in Limine and cannot charge for work related to unsuccessful work. Duplicative of Dao's same review on 8/6/15. |
| 86. | 7/10/15 | Barraza | Receive and review Cenlar reply to our response to motion for SJ | 0.6 | Plaintiff did not prevail on the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. |
| 87. | 7/6/15 | Ha Dao | Finalized and filed Plaintiff's Response Motion for SJ or in the alternative, for partial SJ with exhibits and declarations. Ferreted out Cenlar's claim that fees were related to enforcement of DOT | 6.5 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. Charging for administrative actions that could be performed by a non-attorney. |
| | 7/6/15 | Barraza | Review Plf response to Cenlar motion for SJ. Discuss with co-counsel | 0.5 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. |
| 88. | 7/5/15 | Ha Dao | Went over client's declaration in support of Plaintiff's response | 1.2 | Excessive; duplicate of 7/4/15 entry. |
| 89. | 7/4/16 | Ha Dao | Assembled & determined exhibits to be attached to Plaintiff's Response to SJ | 3.0 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. |
| 90. | 6/11/15 | Ha Dao | Reviewed Wozniak's Declaration, Francine Bryant Declaration re Motion for SJ & accompanying exhibits. Dissecting Bryant's Decl. for inconsistencies with other representations made by Cenlar's counsel in moving papers (2.6). were fees related to any aspects of default or foreclosure or were they simply defense costs? Cenlar did not assess all | 4.0 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. |

| | | | of its fees (1.4) | | |
|---|---|---|---|---|---|
| 91. | 6/10/15 | Ha Dao | Finalized and caused to be filed Plaintiff MSJ against Cenlar with all Declarations and Exhibits. Went over Patterson's analysis and compared fees on period statements to actual invoices (3). Reviewed provisions of DOT for support of position that only fees incurred "in" an action are recoverable. Discussed breached of implied duty of good faith and fair dealing (2.5). reviewed record for the make up of the new principal balance (1.5) | 7.0 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work. Excessive; unnecessary – Cannot charge for work related to Patterson's testimony (3 hours). Duplicative of Barraza's 6/10/15 entry. |
| | 6/10/15 | Barraza | Review and edit out MSJ | 1.5 | Plaintiff did not prevail on all defenses to the Motion for Summary Judgment and cannot charge for work related to unsuccessful work Excessive and duplicative of Dao's 6/10/15 entry. |
| 92. | 6/7/15 | Ha Dao | Conferred with B. Jay Patterson re finalizing of his Declaration in support of Plaintiff's MSJ | 0.9 | Unnecessary – cannot charge for work related to Patterson's testimony |
| 93. | 5/30/15 | Ha Dao | Reviewed Penelope Bell's Depo Transcript. OC never requested release of info. | 0.5 | Unnecessary- cannot charge for work related to Bells' depo; Duplicative of Barraza 5/30/15 entry |
| | 5/30/15 | Barraza | Review download and email Penelope Bell deposition transcripts and exhibits to co-counsel and client | 0.5 | Unnecessary- cannot charge for work related to Bells' depo; Duplicative of Dao's 5/30/15 entry. Administrative in nature and could be performed by non-attorney. |
| 94. | 5/5/15 | Ha Dao | Received and reviewed outstanding discovery from Cenlar (1.0). compared to previous production for completeness & discrepancy (1.0). Checked against our theories of law (1.2) | 3.2 | Excessive; duplicative of Barraza's 5/5/15 entry. |
| | 5/5/15 | Barraza | Received and reviewed outstanding discovery received from Cenlar | 0.6 | Duplicative of Dao's 5/5/15 entry. |
| 95. | 2/21/15 | Ha Dao | Discussed Cenlar's servicing transfer with Barraza and client | 0.2 | Unnecessary – cannot charge for work related to Nationstar; duplicative of Barraza's 2/21/15 entry. |
| | 2/21/15 | Barraza | Discuss servicing transfer with Ha Dao and client | 0.2 | Unnecessary - cannot charge for work related to Nationstar; duplicative of Dao's 2/21/15 entry. |
| 96. | 2/19/15 | Ha Dao | Responded to Judge Scott's email & provided him with a number of out-of-state opinions that pertain to the issues discussed in mediation. Mediator is not convinced that we could prove damages. | 2.0 | Excessive; Duplicative of Barraza's 2/19/15 entry, also charging for inadmissible settlement negotiations. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 2/19/15 | Barraza | Review email exchanges with co-counsel and mediator | 0.2 | | Duplicative of Dao's 2/19/15 entry; unnecessary – only review of emails, also charging for inadmissible settlement negotiations. |
| 97. | 2/13/15 | Ha Dao | Attended mediation with judge steven scott as mediator | 6.0 | | Excessive; duplicative of Barraza's 2/13/15 entry. |
| | 2/13/15 | Barraza | Attend mediation with client and co-counsel; includes travel time | 6.0 | | Excessive; duplicative of Dao's 2/13/15 entry, also charging for inadmissible settlement negotiations. |
| 98. | 2/12/15 | Ha Dao | Prepared for mediation by reviewing memo & exhibits again (1.0). talked to client to ease her mind and anxiety (1.5). read up on mediator's profile (0.4) | 2.9 | | Excessive; duplicate of Barraza's entry below, also charging for inadmissible settlement negotiations and cannot recover fees for anxiety counseling of Plaintiff. |
| | 2/12/15 | Barraza | Prepare for mediation. Discussion with co-counsel and client to coordinate. | 1.0 | | Excessive; duplicative of Dao's2/12/15 entry. |
| 99. | 2/11/15 | Ha Dao | Prepared settlement Memo & exhibits & delivered same to mediator. Reviewed timesheets (2.5) and damages items (1.5) legal theories (.3) | 4.3 | | Excessive; duplicative of Barraza's 2/11/15 entry; unnecessary – review of timesheets is not recoverable (2.5) |
| | 2/11/15 | Barraza | Discuss mediation exhibits with Ha Dao | 0.3 | | Duplicative of Dao's 2/11/15 entry. |
| 100. | 2/8/15 | Barraza | Client meeting re: mediation process; expectations; challenges and strengths of case | 2.0 | | Excessive; unnecessary – cannot charge for updating case/client |
| 101. | 2/3/15 | Ha Dao | Researched HAMP loan modification case law (2). Distinguishing from breach of DOT and breach of HAMP. Loan mod agreement refers back to DOT (2.5) | 4.5 | | Excessive; unnecessary and was research that Plaintiff did not use in litigation. |
| 102. | 1/21/15 | Ha Dao | Reviewed Plaintiff's Responses to Discovery propounded by Cenlar before service | 1.5 | | Excessive; duplicative of Barraza's 1/21/15 entry |
| | 1/21/15 | Barraza | Finalize discovery request to Cenlar and email to opposing counsel | 1.0 | | Excessive; duplicative of Dao's 1/21/15 entry. |
| 103. | 1/18/15 | Ha Dao | Worked with Barraza to finalize responses to Cenlar's Interrogatories and Requests for Production | 4.0 | | Excessive; duplicative of Barraza's 1/18/15 entry. |
| | 1/18/15 | Barraza | Prepare final draft of ROGS and send to co-counsel an client for review | 0.9 | | Excessive; duplicative of Dao's 1/18/15 entry. |
| 104. | 1/4/15 | Ha Dao | Discussed with client & Barraza re responses to Cenlar's discovery, including potential witnesses to her emotional distress damages. Did not want client to compromise her privacy or safety. | 1.5 | | Excessive; duplicative of Barraza's 1/4/15 entry, cannot recover fees for anxiety counseling of Plaintiff. |
| | 1/4/15 | Barraza | Discussion with co-counsel and client re: responses to Cenlar discovery and emotional distress | 1.5 | | Excessive; duplicative of Dao's 1/4/15 entry, cannot recover fees for anxiety counseling of Plaintiff |

| 105. | 12/24/14 | Ha Dao | Reviewed Cenlar's collective Motion to Strike TAC | 1.5 | Unnecessary – cannot charge for majority of work related to TAC to the extent it related to claims on which Plaintiff did not prevail. |
|------|----------|--------|---------------------------------------------------|-----|-----------|
| 106. | 12/8/14 | Ha Dao | Finalized and cause TAC to be filed with declaration and exhibits. | 4.5 | Excessive time; unnecessary - cannot charge for majority of work related to TAC to the extent it related to claims on which Plaintiff did not prevail; duplicative of Barraza's 12/8/14 entry. Filing documents is work that is administrative and can be performed by a non-attorney. |
| | 12/8/14 | Barraza | Multiple emails exchanged with client re: TAC and declaration | 0.2 | Unnecessary – cannot charge for majority of work related to TAC to the extent it related to claims on which Plaintiff did not prevail. |
| | 12/8/14 | Barraza | Finalize and file TAC and Exhibits | 2.0 | Plaintiff cannot charge for work related to TAC to the extent it related to claims on which Plaintiff did not prevail; duplicative of Dao's 12/8/14 entry. Cannot charge to file documents which is administrative. |
| 107. | 12/7/14 | Ha Dao | Organized & assembled exhibits to be attached to TAC | 4.5 | Plaintiff cannot charge for work related to TAC to the extent it related to claims on which Plaintiff did not prevail. Excessive & unnecessary - cannot charge for work that is administrative and could have been performed by non-attorney, 4.5 hours is excessive. |
| 108. | 12/6/14 | Ha Dao | Continued to work on drafts of TAC. Emphasis on claims under Reg X and tort of outrage. Fact section (2.9) causes of action (5.0) | 7.9 | Plaintiff cannot charge for work related to TAC to the extent it related to claims on which Plaintiff did not prevail. |
| 109. | 11/14/14 | Barraza | Finalize and file reply to response on motion to amend 2nd complaint | 1.0 | Plaintiff cannot charge for work related to TAC to the extent it related to |

| | | | | | claims on which Plaintiff did not prevail. The filing of documents is administrative and should be performed by a non-attorney. |
|---|---|---|---|---|---|
| **110.** | 11/3/14 | Ha Dao | Finalized Plaintiff's response to Cenlar's Motion to Quash | 2.0 | Excessive & unnecessary, because Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. |
| **111.** | 11/2/14 | Ha Dao | Worked on Plaintiff's response to Cenlar's motion to quash | 2.5 | Excessive time & unnecessary because Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. |
| **112.** | 10/29/14 | Barraza | Prepare order on amended complaint and email order on amended complaint and to extend deadline to chambers | 0.2 | This was a function that is administrative in nature and could have been performed by a paralegal or admin person. |
| **113.** | 10/16/14 | Barraza | Finalize edits to third amended complaint and prepare 1+ page comments | 2.0 | Plaintiff cannot charge for work related to TAC to the extent it related to claims on which Plaintiff did not prevail. |
| **114.** | 10/15/14 | Barraza | Review and edit draft third amended complaint | 1.00 | Plaintiff cannot charge for work related to TAC to the extent it related to claims on which Plaintiff did not prevail. |
| **115.** | 10/14/14 | Ha Dao | Received discovery from Cenlar & reviewed same | 4.0 | Excessive; duplicative of Barraza's 10/14/14 entry, did not appear to perform work as Barraza's billing entries states he performed this same work |
| | 10/14/14 | Barraza | Receive and review Cenlar's discovery response | 1.60 | Excessive; duplicative of Dao's 10/14/14 entry. |
| **116.** | 10/2/14 | Ha Dao | Reviewed Cenlar's Motion to Quash subpoena & formulated outline of response | 2.8 | Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. Duplicative of Barraza's 10/2/14 entry |
| | 10/2/14 | Barraza | Receive and review Cenlar's Motion to Quash. Brief discussion with HA Dao | 0.70 | Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. Duplicative |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | of Dao's 10/2/14 entry. |
| 117. | 9/30/14 | Barraza | Review Order on Motion to Dismiss | | 0.40 | Plaintiff cannot charge for work related to amended complaint to the extent it related to claims on which Plaintiff did not prevail. |
| 118. | 9/9/14 | Barraza | Client teleconference re Protective Order | | 0.10 | Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. |
| 119. | 9/9/14 | Barraza | Send emails to client re: motion for protective order. Receive response from client. Prepare declaration for review by co-counsel. Receive edited draft and email to client. | | 0.80 | Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. Duplicative of Dao's 9/9/14 entry. |
| | 9/9/14 | Ha Dao | Discussed with Barraza concerning motion for protective order & his declaration | | 0.50 | Plaintiff did not prevail on her attempt to depose Cenlar's attorney and cannot properly charge for this time. Duplicative of Barraza's 9/9/14 entry. |
| 120. | 8/21/14 | Ha Dao | Reviewed Cenlar's Reply to Plaintiif's Response to Cenlar's Motion to Dismiss Plaintiff's Second Amended Complaint | | 1.6 | Plaintiff cannot charge for work related to amended complaint to the extent it related to claims on which Plaintiff did not prevail; duplicative of Barraza's 8/21/14 entry. |
| | 8/21/14 | Barraza | Receive and review reply to our motion to dismiss | | 0.30 | Plaintiff cannot charge for work related to amended complaint to the extent it related to claims on which Plaintiff did not prevail; duplicative of Dao's 8/21/14 entry. |
| 121. | 8/17/14 | Ha Dao | Finalized and filed Plaintiff's Response to Cenlar's Motion to Dismiss Plaintiff's Second Amended Complaint Standard of Review (1.0). Cenlar's Omission of all recent case law (3.1) | | 4.1 | Plaintiff cannot charge for work related to amended complaint to the extent it related to claims on which Plaintiff did not prevail; duplicative of Barraza's 8/17/14 entry. |
| | 8/17/14 | Barraza | Review and edit second draft of response to Cenlar's motion to dismiss. | | 1.10 | Plaintiff cannot charge for work to the extent it related to claims on which Plaintiff did not prevail; duplicative of Dao's 8/17/14 entry. |
| 122. | 8/16/14 | Ha Dao | Continued to work on Plaintiff's Response to Cenlar's Motion to dismiss Plaintiff's Second Amended Complaint. Discussed WA most | | 2.8 | Plaintiff cannot charge for work related to amended complaint to the |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | recent case law. | | | extent it related to claims on which Plaintiff did not prevail; duplicative of Barraza's 8/16/14 entry. |
| | 8/16/14 | Barraza | Review and edit draft response to Cenlar's motion to dismiss | 1.30 | | Plaintiff cannot charge for work related to amended complaint to the extent it related to claims on which Plaintiff did not prevail; duplicative of Dao's 8/16/14 entry. |
| 123. | 8/13/14 | Ha Dao | Attended Client's continuing deposition | 4.7 | | Excessive; Duplicative of Barraza's 8/13/14 entry. |
| | 8/13/14 | Barraza | Continued deposition of client | 4.7 | | Excessive; Duplicative of Dao's 8/13/14 entry. |
| 124. | 7/31/14 | Barraza | Review cases re: Lucero motion | 1.50 | | Excessive and vague; does not reference a specific motion. Plaintiff cannot recover for an unsuccessful motion. |
| 125. | 7/30/14 | Ha Dao | Reviewed Cenlar's Objection to Plaintiff's Suppoena to Product and/or to Permit Inspection | 1.5 | | Excessive; duplicative |
| | 7/30/14 | Barraza | Review objections to discovery | 0.60 | | Excessive; duplicative, same task looks to have actually been performed by Ha Dao, not Barraza |
| 126. | 7/11/14 | Ha Dao | Prepared and served Cenlar with subpoena duces tecum | 1.6 | | Excessive, administrative in nature not requiring an attorney to perform, does not reference which party was served since Plaintiff also served dismissed parties (MERS, Morris, Dobron) with subpoenas. |
| 127. | 7/02/14 | Ha Dao | Review of case status with Barraza | 0.10 | | Unnecessary – cannot charge for updating case |
| 128. | 6/25/14 | Paralegal | Sorted copied scanned and saved documentation to server | 3.0 | | Excessive, vague and unnecessary – cannot charge at Paralegal rate for work that was administrative in nature. |
| 129. | 6/19/14 | Ha Dao | Reviewed Third Amended Order Setting Trial & Related Dates & Calendared same | 1.0 | | Administrative; taking an hour to review a case schedule is excessive; appears to charge twice the amount of time for same work done by Barraza for the same task; duplicative of Barraza 6/19/14 entry. |
| | 6/19/14 | Barraza | Receive new case schedule and calendar dates | 0.40 | | Excessive; duplicative - calendaring is administrative and time to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | review case schedule is excessive. |
| **130.** | 6/17/14 | Ha Dao | Finalized and caused to be filed Plaintiff's Second Amended Complaint. Assembled exhibits to be attached to Amended Complaint | 4.9 | Plaintiff cannot properly charge for majority of claims on which she did not prevail; assembly of exhibits is administrative in nature and could be done by non-attorney. |
| **131.** | 6/8/14 | Ha Dao | Finalized and caused to be filed Plaintiff's reply upon Motion to Amend | 1.5 | Plaintiff cannot properly charge for majority of claims on which she did not prevail; duplicative of Barraza's 6/8/14 entry, and filing documents is administrative in nature. |
| | 6/8/14 | Barraza | Review our reply to Cenlar's response on our motion to amend | 0.20 | Plaintiff cannot properly charge for majority of claims on which she did not prevail; duplicative of Dao's 6/8/14 entry. |
| | 6/4/14 | Barraza | Prepare response to Cenlar's opposition to plaintiff's motion to amend first amended complaint | 3.0 | Plaintiff cannot properly charge for majority of claims on which she did not prevail; duplicative of Dao's 6/8/14 entry. |
| **132.** | 5/30/14 | Barraza | Receive review and forward copy of Cenlar large response packet containing statement and account history to client and co-counsel | 1.0 | Unnecessary – cannot charge for work that is administrative in nature and could be performed by an admin person or paralegal. |
| **133.** | 5/27/14 | Ha Dao | Reviewed Cenlar's Repsonse to Plaintiff's Motion to Amend | 1.5 | Excessive; duplicative of Dao's 5/17/14 entry, appears to charge twice the amount of time for same work done by other attorney for same task. |
| | 2/27/14 | Barraza | Receive and review Cenlar's response to our motion to amend | 0.40 | Duplicative of Dao's 5/27/14 entry. |
| **134.** | 5/19/14 | Barraza | Discussion with counsel re: conference with Renee Parker | 0.20 | Unnecessary, duplicative. |
| **135.** | 5/12/14 | Ha Dao | Commenced drafting of Amended Complaint. Facts (1.5). Causes of Action (2.0) | 3.5 | Plaintiff cannot properly charge for majority of claims on which she did not prevail. Appears to perform same work Barraza performed on 5/12/14 ("draft" amended complaint (1.5 hours)"). |
| **136.** | 5/12/14 | Barraza | Prepare draft motion for leave to amend and forward to co-counsel | 1.5 | Plaintiff cannot properly charge for majority of claims on which she did |

| | | | | | not prevail; duplicative of Dao's 5/12/14 entry. |
|---|---|---|---|---|---|
| 137. | 5/9/14 | Barraza | Met with Ha Dao and Leticia to discuss QWR/Reg X issues | 1.5 | Plaintiff cannot properly charge for majority of claims on which she did not prevail. |
| 138. | 1/27/14 | Ha Dao | Drafted Cenlar discovery & provided to Barraza to finalize | 1.5 | Excessive – Duplicative of Barraza's 1/27/14 entry |
| | 1/27/14 | Barraza | Receive and review draft discovery from Ha Dao | 0.10 | Duplicative of Ha Dao's 1/27 entry; unnecessary – cannot properly charge to "receive and review" work performed by another (lead) attorney. |
| 139. | 1/21/14 | Barraza | Client teleconference re: 1/16/14 statement >4312 total amount due | 0.10 | Unnecessary – Admin/billing work, cannot properly charge for updating case or for a discussion with Plaintiff regarding fees charged by her attorneys. |
| 140. | 1/21/14 | Barraza | Meet with co-counsel Ha Dao to prepare notes regarding discovery issues and questions. | 1.00 | Excessive; unnecessary – cannot charge for updating case |
| 141. | 1/6/14 | Barraza | Client teleconference re revised case schedule | 0.20 | Unnecessary – cannot charge for updating case |
| 142. | 12/13/13 | Barraza | Emails exchanged between client, Barraza and Dao re: "per Washington Law" letter. Teleconference with client and co-counsel re: same. | 1.00 | Excessive; Unnecessary – cannot charge for updating case |
| 143. | 11/1/13 | Barraza | Client teleconference confirming filing of amended complaint | 0.20 | Unnecessary – cannot charge for administrative task of "confirming" filing amended complaint (which was dismissed). |
| 144. | 10/30/13 | Barraza | Multiple emails texts with co-counsel. Teleconference with co-counsel and separate teleconference with assistant of co-counsel. Prepare comparison. Finalize summonses. File amended complaint exhibits comparison strike-through. Email to client and co-counsel | 2.0 | Excessive; unnecessary – cannot properly charge for tasks that are administrative in nature and can be performed by a non-attorney. |
| 145. | 10/29/13 | Barraza | Prepare amended complaint and exhibits | 3.0 | Excessive; unnecessary – Plaintiff cannot properly charge for claims on which she did not prevail. |
| 146. | 10/21/13 | Barraza | Review and edit draft first amended complaint | 2.0 | Excessive; unnecessary – Plaintiff cannot properly charge for claims on which she did not prevail. |
| 147. | 8/6/13 | Barraza | Review case status and strategy. Receive notice of withdrawal and substitution of counsel. Email to and from client re same. | 1.0 | Excessive; unnecessary – excessive amount of time spent reviewing a simple |

| | | | | | | substitution document. |
|---|---|---|---|---|---|---|
| **148.** | 5/22/13 | Barraza | Edit amended complaint | 1.0 | Plaintiff cannot properly charge for claims on which she did not prevail. |
| **149.** | 5/21/13 | Barraza | Edit, finalize and file Response to Motion to Dismiss | 2.0 | Plaintiff cannot properly charge for claims on which she did not prevail, cannot charge for administrative work that could be performed by an admin person |
| **150.** | 5/19/13 | Barraza | Prepare amended complaint response to motion to dismiss motion for leave to amend and thirteen exhibits. | 6.0 | Plaintiff cannot properly charge for claims on which she did not prevail. |
| **151.** | 5/15/13 | Barraza | Prepare timeline and organize file. | 2.0 | Plaintiff cannot properly charge for claims on which she did not prevail; cannot charge for work that could be performed by a paralegal (timeline) or admin (organize file). |

| Time to be reduced or disallowed (Dao): | 103.3 hours @ $350.00/hour = $36,155.00 |
|---|---|
| Time to be reduced or disallowed (Barraza): | 116.2 hours @ 350.00/hour = 40,670.00 |
| Time to be reduced or disallowed (Paralegal): | 5.0 hours @ $100.00/hour = $500.00 |
| Total amount of attorneys' fees to be reduced or disallowed: | $77,325.00 |
| Total amount of attorneys' fees to be allowed: | $124,205.00 |

**PROOF OF SERVICE**

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On February 29, 2016, I served the within **OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated.  To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (BY NORCO OVERNITE - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnite with the delivery fees provided for.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 29, 2016, at Newport Beach, California.

_____
Steven E. Bennett

1

**PROOF OF SERVICE**

1

<u>**SERVICE LIST**</u>

2

**BY ELECTRONIC SERVICE**

3

**Vicente Omar Barraza**
omar@barrazalaw.com,vobarraza@gmail.com

4

5

**John Richard Laris**
jlaris@gmail.com

6

7

**Fred B Burnside**
fredburnside@dwt.com,seadocket@dwt.com,lynnnydam@dwt.com,lisabass@dwt.com

8

9

**Ha Thu Dao**
hadaojd@gmail.com,youremylawyer@gmail.com,haandlinda@gmail.com

10

11

**John Anthony McIntosh**
jmcintosh@rcolegal.com,ecflit@rcolegal.com,kstephan@rcolegal.com

12

**Joseph W. McIntosh**
jmcintosh@mccarthyholthus.com,wbabst@mccarthyholthus.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PROOF OF SERVICE**